UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60800-CIV-DAMIAN/VALLE

**GBB DRINK LAB, INC.**,

    Plaintiff,

v.

**FSB BIOSCIENCES, INC.**, *and*
**FSD PHARMA, INC.**,

    Defendants.
_____/

**FSD PHARMA, INC.**,

    Third-Party Plaintiff,

v.

**JOSEPH ROMANO**,

    Third-Party Defendant,
_____/

### ORDER DENYING THIRD PARTY DEFENDANT'S MOTION TO DISMISS THIRD PARTY COMPLAINT [ECF NO. 63]

**THIS CAUSE** is before the Court on Third-Party Defendant, Joseph Romano's ("Romano"), Motion to Dismiss the Third-Party Complaint, filed May 16, 2024 [ECF No. 63 (the "Motion")].

THE COURT has reviewed the Motion, the Response and Reply thereto [ECF Nos. 68 and 73], and the pertinent portions of the record and is otherwise fully advised in the premises. For the following reasons, this Court denies the Motion to Dismiss.

## I. BACKGROUND

Plaintiff, GBB Drink Lab ("GBB"), filed this lawsuit on May 1, 2023, alleging Defendants, FSB Biosciences, Inc. and FSD Pharma, Inc., violated non-disclosure agreements and misappropriated trade secrets regarding a specialized beverage product formulated by GBB. *See generally* Complaint [ECF No. 1]. GBB filed an Amended Complaint, now asserting three causes of action, on June 9, 2023. [ECF No. 19]. In the Amended Complaint, GBB references information that purportedly came from a third party. *Id.* at ¶¶ 44-47.

The Defendants served GBB with interrogatories, including an interrogatory (No. 6) requesting the identification of who the third party was who is referenced in the Amended Complaint. *See* Mot. at 2. The interrogatory response indicated that the person was Joseph Romano, a former attorney and director of Defendant FSD Pharma. *See id.* After receiving the interrogatory response, on January 22, 2024, Defendants filed their Answer and Affirmative Defenses to the Amended Complaint and included a counterclaim against GBB, as well as a Third-Party Complaint by Defendant FSD Pharma. [ECF No. 52 (the "Third-Party Complaint" or "TPC")]. The Third-Party Complaint includes one count of breach of fiduciary duty against Romano. *Id*. at 23-24.

In the Third-Party Complaint, FSD Pharma alleges that "[i]n discovery, GBB has admitted that '[t]he source of the information [in paragraphs 44-47 of the FAC] was Joseph Romano, which serves as the basis for the allegations and assertions.'" *Id.* at ¶ 46. After it was served with the Third-Party Complaint, GBB amended its interrogatory responses, specifically amending the response to number 6, and indicated that it was not Romano who had provided the information at issue but was, instead, an altogether different person. FSD

Pharma, however, did not amend its Third-Party Complaint after receiving the amended interrogatory response.

## II. THE MOTION TO DISMISS

Romano filed the Motion to Dismiss seeking dismissal of the sole count in the Third-Party Complaint against him. [ECF No. 63]. In the Motion to Dismiss, Romano argues that the sole basis for the allegations in the claim against him was the interrogatory response that erroneously identified him as the person responsible for providing information to GBB. He avers that since GBB informed Defendants that the interrogatory was mistaken and provided amended interrogatory responses, FSD Pharma no longer has a good faith basis for the allegations against Romano in the Third-Party Complaint.

In response, FSD Pharma states that the interrogatory response was not the sole basis for its allegations as to Romano and that it has other bases that support the allegations. FSD Pharma also argues that Romano's Motion is based on information outside the four corners of the pleadings that was not attached to or incorporated into the pleading, and, therefore, the arguments are not appropriate at the motion to dismiss stage.

## III. LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading withstands a motion to dismiss if it alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This pleading standard "does not require 'detailed factual allegations,' but it demands more than

3

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

Federal Rule of Civil Procedure 8(a)(2) also requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).

"In reviewing a ruling on a motion to dismiss, [courts] typically consider only the face of the complaint and documents attached thereto." *Kuchenmeister v. HealthPort Techs., LLC*, 753 F. App'x 794, 796 (11th Cir. 2018) (internal citations omitted). This rule is the same for motions to dismiss filed pursuant to third-party complaints. *See Caldwell v. McRight*, 2:17-CV-00851-JHE, 2018 WL 747851, at *3 (N.D. Ala. Feb. 7, 2018) ("As a preliminary matter, Rule 12(b)(6) generally limits the Court's review to 'the four corners of the complaint,' (or, in this case, the third-party complaint).") (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)).

## IV. DISCUSSION

At the outset, the Court notes that the Motion to Dismiss addresses more than the sufficiency of the pleadings and the viability of the Third-Party Plaintiffs' legal theories. To a great extent, Romano's Motion to Dismiss contends that Plaintiffs' allegations are not *factually* plausible. The parties' dispute lies in the information available to the FSD Entities that serves as the basis for their claims against Romano. These issues are more properly

raised in a motion for summary judgment. *See Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir. 1986) (explaining that it is at the summary judgment stage that "the district court shall consider all evidence in the record when reviewing a motion for summary judgment-pleadings, depositions, interrogatories, affidavits, etc. . . ."). At this stage of the litigation, then, the Court will address the Motion to Dismiss only on the basis of the four corners of the Complaint.

To maintain a claim for breach of fiduciary duty under Florida law, a plaintiff must plausibly allege: (1) the existence of a fiduciary duty, (2) breach of a fiduciary duty, and (3) that the breach proximately caused the plaintiff's damages. *Silver Crown Investments, LLC v. Team Real Estate Mgmt., LLC*, 349 F. Supp. 3d 1316, 1331 (S.D. Fla. 2018) (Martinez, J.) (citing *Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002); *Doshi v. Cagle Road Land, LLC*, Case No. 3:17-cv-308-J-34JRK, 2018 WL 1796224, at *8 (M.D. Fla. Jan. 23, 2018)).

Based on the facts set forth in the Third-Party Complaint, the FSD Entities have plausibly alleged that Romano, as its former attorney and member of its Board of Directors, owed a fiduciary duty to the FSD Entities—including a duty of loyalty, a duty of care, a duty to act in good faith, a duty to avoid conflicts of interest, a duty to maintain confidentiality, and a duty to act in the best interests of FSD Pharma. TPC at ¶¶ 47-48. The Third-Party Complaint also plausibly pleads Romano breached his fiduciary duties by disclosing FSD Pharma's confidential and proprietary information to GBB and engaging in conduct that created a conflict of interest. *Id.* at ¶¶ 49-51, 56-57. And the Third-Party Complaint plausibly pleads proximately-caused damages, based on the allegations that "FSD has suffered, and will continue to suffer, irreparable harm and damages including, but not limited to, damage to FSD's reputation, harm to FSD as it attempts to enter the market

with a product that will compete with GBB, and the costs incurred by FSD to litigate this case based on alleged facts provided to GBB from Romano." *Id.* at ¶ 58.

This Court is satisfied, based on a review of the pleading and accepting the allegations therein as true, that FSD Pharma has plausibly alleged a claim of breach of fiduciary duty against Romano.[1] If Romano intends to demonstrate that the allegations are not supportable or are false, he will need to do that by way of a motion for summary judgment or through proof to the trier of fact.

## V.     CONCLUSION

For the reasons set forth above, this Court finds that Romano fails to demonstrate a basis for dismissal of the Third-Party Complaint at this stage of the litigation and, instead, that FSD Pharma has sufficiently alleged facts to state a claim for breach of fiduciary duty.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss the Third-Party Complaint **[ECF No. 63]** is **DENIED**. Third-Party Defendant, Anthony Romano, shall file an Answer to the Third-Party Complaint within fourteen (14) days of the entry of the instant Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 8th day of October 2024.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] For these reasons, this Court declines to address the Rule 11 sanctions argument mentioned in passing in the Motion. (Mot. at 2 n.1). "In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law . . ." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). This Court does not today find that FSD Pharma's claims are objectively frivolous.