**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

GBB DRINK LAB, INC.,　　　　　　　　　　　　CASE NO.: 23-CV-60800-AHS

　　　　Plaintiff,

v.

FSD BIOSCIENCES, INC. and
FSD PHARMA, INC.,

　　　　Defendants.

　　　　and

FSD PHARMA, INC.,

　　　　Third-Party Plaintiff/Counterclaim Plaintiff

v.

GBB DRINK LAB, INC., and JOSEPH ROMANO
　　　　Third-Party Defendants/Counter Defendants

_____/

**GBB'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND MEMORANDUM OF LAW[1]**

　　　　Plaintiff, GBB Drink Lab, Inc. ("GBB"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56, hereby moves this Court for entry of partial summary judgment against Defendants, FSD Biosciences, Inc. and FSD Pharma, Inc. (collectively, "FSD"), on Count I (breach of contract) of GBB's Amended Complaint and in support thereof states as follows:

---

[1] GBB is filing contemporaneously with this Motion for Partial Summary Judgment and Memorandum of Law its Motion to File Under Seal portions of its Motion for Partial Summary Judgment and Memorandum of Law under seal, portions of its Statement of Material Facts under seal, portions of the Declaration of John Miklos Gulyas under seal, and confidential exhibits and supporting documents in their entirety under seal.

1

## SUMMARY OF ARGUMENT

The crux of this dispute involves the breach of a Mutual Nondisclosure Agreement ("NDA") entered between GBB and FSD (collectively, the "Parties"), and FSD's breach of the duties, obligations, and terms thereof. The purpose of the NDA was to permit FSD to explore the purchase of GBB and its intellectual property assets, namely, GBB's proprietary drink and the formulation, methods, and processes of creating said drink, which was eventually named Sure Shot (the "Confidential Asset"), which is the world's first rapid blood alcohol content reducing beverage, while maintaining protections over the Confidential Asset and other confidential materials disclosed by GBB to FSD in furtherance thereof. GBB shared its Confidential Asset with FSD pursuant to the protections provided by, and set forth within, the NDA, but FSD did not purchase GBB and its Confidential Asset. Instead, FSD, after receiving the Confidential Asset and the critical, confidential, and proprietary information associated therewith from GBB pursuant to the terms of the NDA, embarked on its purported "independent" effort to develop and promote a competing product in contravention of its contractual obligations under the NDA.

In doing so, FSD materially breached the NDA in at least two ways. First, by sending GBB's Confidential Asset, or at least a portion thereof, to unauthorized third parties without the permission or consent of GBB, and second, by keeping samples of GBB's beverage after termination of the NDA. FSD did so, in part, to develop a competing drink, named Unbuzzd (for consumer use) and REKVRY (for medical use), thereby damaging GBB. As there are no genuine issues of material fact as to GBB's breach of contract claim against FSD (Count I), the Court can and should grant partial summary judgment on Count I in favor of GBB and against FSD.

## STATEMENT OF MATERIALS SUPPORTING FACTUAL POSITIONS

GBB relies upon the following materials in support of its Motion for Partial Summary

Judgment:

A. Declaration of John Miklos Gulyas ("Gulyas Decl.")[2]

B. Deposition Testimony[3]

   i. Pertinent testimony from the May 20, 2025 Deposition of Lakshimi Kotra ("Kotra Dep.")

   ii. Pertinent testimony from the May 27, 2025 Deposition of Donal Carroll ("Carroll Dep.")

   iii. Pertinent testimony from the May 28, 2025 Deposition of Zeeshan Saeed ("Saeed Dep.")

   iv. Pertinent testimony from the May 29, 2025 Deposition of Anthony Durkacz ("Durkacz Dep.")

   v. Pertinent testimony from the June 9, 2025 Deposition of Jarrett Boon ("Boon Dep.")

   vi. Pertinent testimony from the June 10, 2025 Deposition of John Miklos Gulyas ("Gulyas Dep.")

   vii. Pertinent testimony from the June 12, 2025 Deposition of David Sandler ("Sandler Dep.")

   viii. Pertinent testimony from the May 2, 2025 Deposition of Joseph Firestone ("Firestone Dep.")

   ix. Pertinent testimony from the April 29, 2025 Deposition of John Taylor ("Talor Dep.")

C. FSD Discovery Production Documents Designated as Confidential[4]

   i. FSD_000133-FSD_000135

   ii. FSD_000144

---

[2] A copy of the Gulyas Declaration will be filed concurrently with this Motion in a separate Notice of Filing.

[3] A copy of all referenced deposition testimony will be filed concurrently with this Motion in a separate Notice of Filing.

[4] A copy of all referenced FSD discovery production documents will be filed concurrently with this Motion in a separate Notice of Filing.

    iii.    FSD_000157

    iv.    FSD_002582-FSD_002583

    v.    FSD_004646 - FSD_004647

    vi.    FSD_007792

    vii.    FSD_012816 - 012817

    viii.    FSD_017907

    ix.    FSD_017910

    x.    FSD_018142

    xi.    FSD_019543

    xii.    FSD_019555

    xiii.    FSD_019556

    xiv.    FSD_021631 - FSD_021633

    xv.    FSD_023797-FSD_023799

    xvi.    FSD_024806 - FSD_024807

    xvii.    FSD_026958

    xviii.    FSD_028726 - FSD_028736

    xix.    FSD_028865 - FSD_028867

    xx.    FSD_029301 - FSD_029302

    xxi.    FSD_029312 - FSD_029320

    xxii.    FSD_029321 - FSD_029335

    xxiii.    FSD_029388 - FSD_029396

    xxiv.    FSD_029417 - FSD_029425

    xxv.    FSD_029442

    xxvi.    FSD_030201 - FSD_030204

    xxvii.    FSD_034228-FSD_034265

## STANDARD OF REVIEW

"Summary judgment is appropriate when 'the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Point Blank Solutions, Inc. v. Toyobo America, Inc.*, 2011 WL 1833366, at *3 (S.D. Fla. 2011) (alteration omitted) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L.E.2d 202 (1986)). "Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must 'come forward with specific facts showing that there is a genuine issue for trial.'" *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.E.2d 538 (1986)). "The Court must view the record and all factual inferences therefrom in a light most favorable to the non-moving party and decide whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* (citing *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)).

To show that a fact cannot be or is genuinely disputed, a party may cite "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A); *see also* Fed. R. Civ. P. 56(c). "[I]f the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper." *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1299 (S.D. Fla. 2018) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986)).

## ARGUMENT

I. **All Elements of a Breach of Contract Claim are Satisfied**

    A. *The Record Reflects GBB is Entitled to Summary Judgment on the Liability Elements of a Breach of Contract, Elements One and Two*

A breach of contract claim consists of (1) a valid contract, (2) a material breach, and (3) damages. *Miracle Life Farm LLC v. Hialeah Tomatoes & Fresh Produce, Inc.*, 2022 WL 18705314, at *3 (S.D. Fla. Dec. 14, 2022) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)).

As to liability in Count I (Breach of Contract) of GBB's Amended Complaint, GBB is entitled to an entry of partial summary judgment. ███████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████

As to element two, the material facts demonstrate that ███████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

6

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████
      ████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██
      ████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████  ████████████████  ████████████████
████████████████  ████  ████████████████  ████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████

The record also demonstrates that ████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

Further, it is also notable that, ████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████

████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████ GBB is entitled to summary judgment as a matter of law that liability for GBB's Count I breach of contract action has been established.

### B. *The Record Reflects GBB is Entitled to Summary Judgment on the Damage Element of a Breach of Contract*

Finally, GBB has suffered damages. ████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████ Each day FSD is in the marketplace advertising and selling its competing product, GBB suffers irreparable harm because of the improper utilization of GBB's Confidential Asset, which FSD has used for its own pecuniary gain.

9

In addition to injunctive relief, GBB's damages expert, Mark Gauthier of CBIZ, Inc., has opined on t All elements of a breach of contract have been met, and GBB is entitled to summary judgment on Count I of its Amended Complaint as to liability

The record sufficiently reflects that GBB suffered damages as a result of FSD's breach, and GBB is entitled to summary judgment on all elements of a breach of contract. Notwithstanding, the above, this Court may defer on ruling on the amount of damages, reserving such issue for trial. *See* *N. Ave. Grp. Holdings, LLC v. Lasalle Cap. Grp. II-A, L.P.*, No. 1:18-CV-03659-AT, 2020 WL 9813474, at *11 (N.D. Ga. 2020) (entering in part summary judgment in favor of plaintiff, determining NDA was breached, reserving damages issue for trial).

## CONCLUSION

**WHEREFORE**, GBB Drink Lab, Inc. requests this Court enter its Motion for Partial Summary Judgment, entering summary judgment on Count I of GBB's Amended Complaint.

Dated: July 21, 2025.        Respectfully submitted,

By: */s/ Meagan C. Nicholson*
LAWREN A. ZANN
Fla. Bar No. 42997
Email: lawren.zann@gmlaw.com
Email: gabby.mangar@gmlaw.com
MEAGAN C. NICHOLSON
Fla. Bar No. 1018351
Email: meagan.nicholson@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027
Nathan M. Gallinat (*Pro Hac Vice*)
Email: nathan.gallinat@gmlaw.com
Email: marlee.grayson@gmlaw.com
8585 East Hartford Dr., Suite 700
Scottsdale, Arizona 85255
Tel.: (480) 779-1401

*Attorneys for GBB Drink Lab, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **21st** day of July, 2025, a copy of the foregoing GBB Motion for Partial Summary Judgment and Memorandum of Supporting Law was served via email to all attorneys of record.

By: */s/ Meagan C. Nicholson*
Meagan C. Nicholson