UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

GBB DRINK LAB, INC.,                          )
                                              )
    Plaintiff/Counterclaim-Defendant,     )
                                              )
v.                                            )
                                              )
FSD PHARMA INC. and FSD                       )
BIOSCIENCES INC.,                             )
                                              )
    Defendants/Counterclaimants.          )
_____        )     Case No.: 23-cv-60800-MD
                                              )
FSD PHARMA INC.,                              )
                                              )
    Third-Party Plaintiff,               )
                                              )
v.                                            )
                                              )
JOSEPH ROMANO,                               )
                                              )
    Third-Party Defendant.               )

## JOSEPH ROMANO'S MOTION FOR FINAL SUMMARY JUDGMENT ON THIRD-PARTY COMPLAINT AND INCORPORATED MEMORANDUM OF LAW[1]

---

[1] Mr. Romano is filing contemporaneously with this document his Unopposed Motion to File Under Seal the unredacted versions of his Motion for Final Summary Judgment on Third-Party Complaint and Incorporated Memorandum of Law under seal, his Statement of Material Facts under seal, and confidential exhibits and supporting documents in their entirety under seal.

Third-Party Defendant Joseph Romano, pursuant to Federal Rule of Civil Procedure 56, submits this Motion for Final Summary Judgment on the Third-Party Complaint ("TPC") and Incorporated Memorandum of Law, and in support thereof states as follows:

## **INTRODUCTION**

### Introductory Excerpt of Deposition of FSD's Executive Co-Chairman and Former Interim CEO Anthony Durkacz

Q:    Do you know whether Mr. Romano provided to GBB, any confidential and proprietary information from FSD?

**A:    I don't know.**

[May 29, 2025 Deposition of Anthony Durkacz at page 239, lines 12-14, 16].

In one simple, succinct question and answer from less than two months ago, Mr. Durkacz perfectly summarized the lack of validity to Third-Party Plaintiff FSD Pharma Inc.'s ("FSD") entire case against Third-Party Defendant Joseph Romano.  As of today, more than two years after this lawsuit was initiated and more than a year and a half after FSD filed the TPC against Mr. Romano, FSD still has no knowledge or evidence that Mr. Romano breached any fiduciary duty.

Instead, FSD filed the frivolous TPC against Mr. Romano for a single count of breach of fiduciary duty based solely upon incorrect written discovery responses to interrogatories and requests for admission by Plaintiff GBB Drink Lab, Inc. ("GBB") that GBB has since amended or sought to amend (which FSD opposed) because those initial responses were untrue.  According to those initial discovery responses, Mr. Romano, who is a former director of FSD, was identified as the source of information alleged in Paragraphs 44-47 of GBB's FAC.  As a result of this misidentification, FSD filed the TPC against Mr. Romano for breach of fiduciary duty.  Yet, **just three weeks** after GBB served its initial discovery responses in January 2024, it amended its interrogatory responses in February 2024 to identify FSD employee Dr. Lakshmi Kotra as the

source of the information.[2]  In the ensuing year and a half, FSD has refused to accept this amendment and has instead decided to play a game of "gotcha" with Mr. Romano based upon GBB's request for admission responses that GBB was not permitted leave to amend.  Yet, after conducting discovery for a year and a half, FSD still has no knowledge or admissible evidence that Mr. Romano disclosed any confidential information of FSD's to GBB.  Sadly, it has become apparent that FSD is so focused on winning that it appears to not be concerned with the truth, which is the only explanation as to why FSD proceeds with its unsubstantiated claim against Mr. Romano.

As discussed herein, GBB's initial written discovery responses are not binding upon Mr. Romano and are inadmissible hearsay.  Other than these initial responses, there is absolutely zero evidence that Mr. Romano disclosed to GBB the information contained in Paragraphs 44-47 of the FAC.  Not a single FSD witness has any personal knowledge of these events.  All of GBB's witnesses who have testified on the matter have testified that it was Dr. Kotra – not Mr. Romano – who provided the information.  And, of course, Mr. Romano denies that he was the source of the information.  Simply put, the evidence is indisputable that Mr. Romano was **not** the source of the information, did not disclose any confidential information, and therefore did not breach any fiduciary duty as alleged in the TPC.

Moreover, as discussed herein, even if Mr. Romano was the source of the information – which he unequivocally was not – the purportedly disclosed information was (1) not confidential and (2) already disclosed to GBB by Dr. Kotra in November 2022, prior to when the statements were purportedly made by Mr. Romano (which they were not) in April 2023.

---

[2] GBB did not immediately seek to amend its request for admission responses.  Instead, it sought to do so one year later, which Magistrate Judge Valle denied due to the passage of time.  [D.E. 96; D.E. 97].

Accordingly, because there is no evidence that Mr. Romano disclosed any confidential information of FSD's to GBB, final summary judgment in Mr. Romano's favor is appropriate.

## <u>MEMORANDUM OF LAW</u>[3]

### I.    Legal Standard

The Honorable Judge Jose Martinez recently summarized the motion for summary judgment standard that applies in general as well as to situations where the nonmoving party relies upon speculation and conjecture:

> Under Federal Rule of Civil Procedure 56, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant may show that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , or other materials . . ." Fed. R. Civ. P. 56(c)(1)(A). Rule 56 requires granting summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant is entitled to a judgment as a matter of law when the "nonmoving party has failed to make a sufficient showing on an essential element of [their] case." *Id.*

> "The moving party bears the initial burden to show, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *accord Kol B'Seder, Inc. v. Certain Underwriters at Lloyd's of London Subscribing to Certificate No. 154766 Under Cont. No. B0621MASRSWV15BND*, 766 F. App'x 795, 798 (11th Cir. 2019). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608.

> When the moving party has carried its burden, the party opposing summary judgment must do more than show that there is "metaphysical doubt" as to any material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, Rule 56 "requires the nonmoving party to go beyond the pleadings and, by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (emphasis added) (cleaned

---

[3] All Exhibits referenced herein are attached to Mr. Romano's contemporaneously-filed Statement of Material Facts in Support of Motion for Summary Judgment.

up).  "[C]onclusory allegations without specific supporting facts have no probative value."  *Myers v. Bowman*, 713 F.3d 1319, 1327 (11th Cir. 2013) (citing *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)).

At summary judgment, this Court must view the evidence and draw inferences in the light most favorable to the nonmoving party.  *See Matsushita Elec. Indus.*, 475 U.S. at 586; *Chapman*, 861 F.2d at 1518.  "All reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant."  *Chapman*, 861 F.2d at 1518.  "However, an inference based on speculation and conjecture is not reasonable."  *Id.* (citing *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985)).  "Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment."  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus.*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 270 (1968)).

*Fitzgerald v. McNae*, 769 F. Supp. 3d 1291, 1296-97 (S.D. Fla. Mar. 5, 2025).  "Thus, 'an inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation.'"  *Beasley v. Wells Fargo Bank N.A.*, 2022 U.S. App. LEXIS 35145, at *6 (11th Cir. Dec. 20, 2022) (quoting *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982)).  Moreover, "mere conclusions and unsupported factual allegations, as well as affidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment."  *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005) (citation omitted).  Furthermore, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990); *see also Anderson*, 477 U.S. at 249-50 ("If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal citations omitted).

## II.    GBB's Initial Written Discovery Responses are Not Binding on Mr. Romano and are Inadmissible Hearsay

The entire premise of FSD's breach of fiduciary duty claim against Mr. Romano rests squarely upon GBB's initial misidentification of Mr. Romano in GBB's responses to FSD's requests for admission (that GBB tried to amend but was denied from so doing) and interrogatories (that GBB did amend three weeks later).[4]  *See* **Exhibits D and E**.  GBB's discovery responses are not binding on Mr. Romano, however, and cannot be considered as admissible evidence on a motion for summary judgment.

Nearly forty years ago, the Eleventh Circuit Court of Appeals in *Riberglass, Inc. v. Techni-Glass Indus., Inc.* held that the deemed admissions of some codefendants could not bind a different defendant.  811 F.2d 565, 566 (11th Cir. 1987).  In so doing, the Eleventh Circuit explained that "[t]he district court erred in saddling [one defendant] with the deemed admissions of his codefendants[,]" and cited both to cases where (1) a defendant failed to timely respond to requests for admission and they were therefore deemed admitted by default as well as (2) a defendant affirmatively responded to requests for admission.  *Id.* at 566-67 ("*See United States v. Wheeler*, 161 F. Supp. 193, 197 (W.D. Ark. 1958) (facts deemed admitted as to one defendant because of his failure to respond to plaintiff's request for admissions not binding on co-defendant); *see also Community State Bank v. Midwest Steel Erection, Inc.*, 24 Fed. R. Serv. 2d (Callaghan) 428, 429 (D.S.D. 1977) (same; citing *Wheeler; cf. In re Leonetti*, 28 Bankr. 1003, 1009 (E.D. Pa. 1983) (affirmative admission of one party not binding on co-defendant)").

Since *Riberglass*, courts across the country have cited it for the proposition that one defendant's request for admission responses cannot bind a co-defendant.  *See*, *e.g.*, *First Acceptance Ins. Co. v. Ramirez*, 2010 U.S. Dist. LEXIS 17265, *13 (M.D. Fla. Feb. 26, 2010) ("a

---

[4] It is worth noting that GBB's initial discovery responses were served before the TPC was filed and before Mr. Romano became a party to this action.  Since the filing of the TPC and Mr. Romano becoming a party, every act by GBB has been to deny that Mr. Romano was the source of the alleged information at issue.

fact deemed admitted by one party does not necessarily bind a codefendant to such admission");
*Ruckelshaus v. Cowan*, 2018 U.S. Dist. LEXIS 78690, *3 (S.D. Ind. May 10, 2018) ("the Court
notes that answers to requests for admission are only binding on the party who makes the answers;
*Askenaizer v. Wyatt (In re BeaconVision Inc.)*, 2009 Bankr. LEXIS 133, at *7 (Bankr. D.N.H. Jan.
20, 2009) ("an admission is binding upon the party against whom it is sought and not binding on
other parties"); *Broad. Music v. Hub at Cobb's Mill, LLC*, 2015 U.S. Dist. LEXIS 43315, at *20
n.6 (D. Conn. Apr. 2, 2015) ("Of course, Friedman's admissions of infringement and vicarious
liability are binding only on him."); *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997)
("Deemed admissions by a party opponent cannot be used against a co-party."); *Kittrick v. GAF
Corp., 125 F.R.D. 103*, 106 (M.D. Pa. 1989) ("*See* C. Wright and A. Miller, *Federal Practice and
Procedure: Civil* § 2264, at p. 741 (1970) ('Admissions obtained under Rule 36 may be offered in
evidence at the trial of the action, but they are subject to all pertinent objections to admissibility
that may be interposed at trial . . . . . It is only when the admission is offered against the party who
made it that it comes within the exception to the hearsay rule for admissions of a party opponent');
*id.* at pp. 746-747 ('The admission does not bind the party who requested it . . . .. Nor do the
admissions of a party bind a coparty')").

Moreover, as it pertains to its interrogatory responses, GBB amended its interrogatory
responses approximately three weeks after it initially and erroneously identified Mr. Romano as
the "third party" who had disclosed the information to GBB alleged in Paragraphs 44-47 of the
FAC.  On February 8, 2024, and then again that year on February 18, March 5, and December 20,
GBB stated that Dr. Kotra – not Mr. Romano – was the source of the information alleged in the
FAC.  Based on this amendment and GBB's subsequent, repeated confirmation in its additional

interrogatory responses, it is clear that it was not Mr. Romano who disclosed the information alleged in Paragraphs 44-47 of the FAC to GBB.

Nonetheless, GBB's interrogatory and request for production responses (like its request for admission responses) are not admissible as to Mr. Romano. *See Daniels v. Howe Law Firm, P.C.*, 2016 U.S. Dist. LEXIS 196699, *6 n.5 (N.D. Ga. May 16, 2016) ("Howe objects that certain statements of undisputed material facts set forth by Daniels are not admissible because they are supported by '[i]nterrogatory [r]esponses of a co-[d]efendant' and '[r]equests for [p]roduction [r]esponses of a co-[d]efendant' and thus do not bind Howe. . . . 'The [C]ourt generally cannot consider evidence that would not be admissible at trial.' *Dolphin, LLC v. WCI Cmtys., Inc.*, 2008 U.S. Dist. LEXIS 107472, *6 (S.D. Fla. Feb. 20, 2008), *aff'd*, 715 F.3d 1243 (11th Cir. 2013) (per curiam) (citations omitted). 'Although an answer to an interrogatory is admissible against the party answering the interrogatory, it ordinarily is not admissible in evidence against anyone else, including a codefendant.' *EarthCam, Inc. v. OxBlue Corp.*, 49 F. Supp. 3d 1210, 1220 n.7 (N.D. Ga. 2014) (citations and internal marks omitted)").

Accordingly, GBB's RFA Responses 45 and 46, as well as its since amended response to Interrogatory 6, therefore are not binding on Mr. Romano, both in accordance with the aforementioned as well as consistent with the Rules of Evidence as it pertains to hearsay evidence.

### III. There Is Zero Evidence That Mr. Romano Disclosed Any Confidential Information of FSD to GBB or Fabricated Any Such Information

Other than GBB's initial written discovery responses that are not binding on Mr. Romano and are inadmissible hearsay, there is not a single shred of actual, admissible evidence to support FSD's claim that Mr. Romano disclosed to GBB the information alleged in Paragraphs 44-47 of the FAC or that Mr. Romano otherwise breached any fiduciary duty owed to FSD. As discussed in more detail below, GBB has repeatedly disavowed its initial discovery responses as incorrect

and has repeatedly reaffirmed that Dr. Kotra – not Mr. Romano – was the source of the information. As for FSD, it solely relied upon GBB's FAC and initial written discovery responses in formulating its speculation that Mr. Romano was the source of the information alleged in Paragraphs 44-47 of the FAC. In the year and a half since, FSD has not obtained any evidence or personal knowledge that Mr. Romano disclosed any confidential information of FSD's to GBB.

When FSD was asked by Mr. Romano via interrogatories the basis for FSD's belief that Mr. Romano disclosed confidential information to GBB, FSD simply cited to the allegations in GBB's FAC and to GBB's initial written discovery responses.[5] *See* FSD Interrogatory Responses 2-6, 9-14, attached as **Exhibit J**. In its answers to Mr. Romano's requests for admission, FSD likewise answered every related request "upon information and belief," and it identified that "information and belief" as coming from GBB's initial discovery responses. *See* FSD RFA Responses 4, 6-11, attached as **Exhibit K**. This is nothing more than circular logic run amok.[6]

---

[5] In response to Interrogatory 11, FSD claimed that "FSD Pharma is aware that Romano transferred and sold stock immediately prior to this lawsuit being filed, which FSD Pharma believes is evidence of Romano's knowledge that GBB's lawsuit was forthcoming." [FSD Interrogatory Responses, Response 11, attached as **Exhibit J**]. This salacious and false accusation not only turned out to be unsubstantiated, but it does not change the fact that summary judgment is still appropriate. First, there are no allegations in the TPC relating to the sale of any stock by Mr. Romano or that Mr. Romano breached any fiduciary duty by selling stock. Accordingly, this conduct is not even at issue. Second, Mr. Romano did not sell any stock. [Romano Dep. 177:2-6; Romano RFA Response, Response 15, attached as **Exhibits C and A**, respectively].

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████  Based on the foregoing, to the extent that the sale of stock is part of FSD's breach of fiduciary duty to claim, there is no evidence to support this claim, and summary judgment as to this issue in favor of Mr. Romano is appropriate.

[6] Even more problematic is that it requires the Court to believe that the allegations in the TPC are true, even though FSD has denied the veracity of those allegations. Thus, FSD has brought an action that, based on its actual knowledge, it knows is not true, yet somehow simultaneously alleges the information to be confidential.

During their depositions, Zeeshan Saeed, FSD's current CEO, testified in general that he had no knowledge of the veracity of Paragraphs 44-47 of the FAC, whether the statements made therein were ever made, and if Mr. Romano ever communicated the information therein to GBB. [Saeed Dep. 90:9-95:14, attached as **Exhibit L**].  Likewise, Anthony Durkacz, FSD's current Executive Co-Chairman, former CEO, and FSD's other designated corporate representative, testified that he did not know if Mr. Romano provided any confidential and proprietary information of FSD's to GBB.  [Durkacz Dep. 239:12-16, attached as **Exhibit M**].  Donal Carroll, FSD's current Chief Financial Officer, prior Chief Operating Officer, and designated corporate representative testified that he "believed" information was passed by Mr. Romano to GBB but conceded, "I don't have evidence that it was passed[]" and "I wasn't in the presence of Mr. Romano when he passed it on.  So I would not be able to say I factually saw it or heard it." [Carroll Dep. 173:15-23; 174:22-25, attached as **Exhibit N**].[7]  Mr. Carroll further confirmed that nobody else at FSD factually saw or heard Mr. Romano disclose confidential information either.  [Carroll Dep. 175:1-3].  Finally, when Mr. Carroll was again asked whether FSD had any firsthand knowledge that Mr. Romano disclosed confidential and proprietary information of FSD to GBB, Mr. Carroll conceded that it did not and merely referenced GBB's discovery responses, "the assumption that [Mr. Romano] was getting paid for something," and "things that make sense[.]" [Carroll Dep. 204:22-206:1].  FSD's mere speculation based upon "information and belief," and assumptions, and "things that make sense," without any personal knowledge, is not sufficient as a matter of law to maintain a claim against Mr. Romano.  *Ellis v. England*, 432 F.3d at 1327 ("mere conclusions and unsupported factual allegations, as well as affidavits based, in part, upon

---

[7] To this point, the "information" that Mr. Carroll "believes" Mr. Romano "passed" to GBB were the words "looks, tastes, smells" and a "reference in look to ingredients" that was provided by an FSD lawyer to Mr. Carroll.  [Carroll Dep. 173:2-174:25].  Mr. Carroll was not aware of any other information that Mr. Romano improperly passed to GBB that was improper.  [Carroll Dep. 175:4-16].

information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment."); *Beasley v. Wells Fargo Bank N.A.*, 2022 U.S. App. LEXIS 35145, at *6 ("Thus, 'an inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation.'"); *Fitzgerald v. McNae*, 769 F. Supp. 3d 1291, 1296-97 (S.D. Fla. Mar. 5, 2025).

On the other hand, to the extent any evidence exists that is not mere speculation, all of it conclusively establishes that Mr. Romano was **<u>not</u>** the source of the information alleged in Paragraphs 44-47 of the FAC to GBB and Mr. Romano did **<u>not</u>** breach any fiduciary duty owed to FSD. More specifically, the following events and evidence conclusively establish that Mr. Romano was not the source of the information alleged in Paragraphs 44-47 of the FAC:

- February 8, 2024; February 18, 2024; March 5, 2024; and December 20, 2024: GBB served its First, Second, Third, and Fourth Amended Responses to FSD's Interrogatories, respectively, in which GBB stated in response to Interrogatory 6 that it was Dr. Kotra who had disclosed the information alleged in Paragraphs 44-47 of the FAC to GBB in November of 2022. *See* **Exhibits F, G, H, and I**, respectively.

- January 29, 2025: GBB sought to withdraw and amend RFA Responses 45 and 46 to FSD's First Requests for Admission to conform to its amended and then-thrice reaffirmed response to Interrogatory 6 to "deny" that Mr. Romano was the source of the information alleged in the FAC. [D.E. 87].

- March 15, 2025: Mr. Romano served his Response to FSD's First Requests for Interrogatories and denied that he was not told the statements in those paragraphs, denied that he was aware of the information in those paragraphs, and denied discussing this lawsuit with GBB. *See* Romano Interrogatory Response, Responses 6-9, attached as **Exhibit B**.

- March 15, 2025: Mr. Romano served his Response to FSD's First Requests for Admission and denied that he disclosed information about FSD's drink-related program to GBB, Jonathan Thau, or a third party other than his attorneys at some point after December 12, 2022; denied that he was informed about a "parallel program" being developed at FSD in April 2023; denied that he disclosed information to GBB about FSD's research and development efforts relating to FSD's drink-related program; admitted that he did <u>not</u> disclose any confidential information that he learned from FSD to any third-party at any point in time from January 1, 2022 to the present; and admitted that he has completely and unequivocally upheld all fiduciary duties that he owed to FSD Pharma, Inc. as a director. *See* Romano RFA Response, Responses 7-12,14, attached as **Exhibit A**.

- May 5, 2025: GBB served its Responses to Mr. Romano's First Set of Admissions ("GBB RFA Responses") in which GBB admitted that (1) Joseph Romano is <u>not</u> the "third party" referenced in Paragraphs 44 and 46 of the First Amended Complaint and (2) the allegations set forth in Paragraph 45 of the First Amended Complaint are <u>not</u> based on information told to GBB by Joseph Romano. *See* **Exhibit P**.

- June 9, 2025: GBB's designated corporate representative, Jarrett Boon, testified at his deposition ███████. [Boon Dep. 411:11-412:4, attached as **Exhibit Q**].

- June 9, 2025 and June 10, 2025: When FSD's counsel attempted to question GBB's witnesses on this topic at their respective depositions, both Mr. Boon and John Gulyas, GBB's other corporate representative, testified ████████████ [Boon Dep. 279:10-281:1; Gulyas Dep. 251:15-253:20, attached as **Exhibit R**]. Mr. Boon even testified ███████████████. [Boon Dep. 63:18-20; 273:11].

- June 17, 2025: Mr. Romano testified at his deposition that he was not the third-party referenced in Paragraphs 44 and 46 of the FAC. [Romano Dep. 169:4-170:23, attached as **Exhibit C**].

Accordingly, as to Mr. Romano, there is no admissible evidence in this case that Mr. Romano was the source of the information alleged in Paragraphs 44-47 of the FAC. FSD has no actual knowledge as to who the source of the information was, and GBB has affirmatively claimed that it was Dr. Kotra. Thus, *even if* FSD wants to create an issue as to whether it was, in fact, Dr. Kotra, it is still undisputed that it was **not** Mr. Romano. Accordingly, final summary judgment in Mr. Romano's favor on the TPC is appropriate.

IV.    **The Information In Paragraphs 44-47 of the FAC Either (1) Is Not Confidential Because It Is Not True, (2) Was Not Said, or (3) Was Already Disclosed to GBB in November 2022 By Dr. Kotra, Making It Impossible for the Disclosure of That Information in April 2023 (if it Actually Even Happened, Which It Did Not) to Be a Breach of Fiduciary Duty by Mr. Romano**

*A. It is undisputed that Mr. Romano did not disclose FSD's confidential information*

First and foremost, Mr. Romano denies that he was the source of the information alleged in Paragraphs 44-47 of the FAC. [Romano Dep. 169:4-170:23; Romano Interrogatory Responses,

Responses 6-9, attached as **Exhibit B**; Romano RFA Responses, Responses 7-12, 14, attached as **Exhibit A**]. Corroborating Mr. Romano's position on this is FSD itself, which denied all of these paragraphs in its Answer.[8] [D.E. 52 (FSD's Answer to FAC), ¶¶44-47]. Thus, based on FSD's pleadings, it is undisputed between FSD and Mr. Romano for purposes of this summary judgment motion that the allegations contained in Paragraphs 44-47 of the FAC are not true. If the information is not true, then it is axiomatic that it cannot be confidential. To this point, even FSD admits that Mr. Romano only "owed a duty to maintain the confidentiality of <u>confidential</u> information . . . ." *See* FSD RFA Response 2, attached as **Exhibit K**. Accordingly, it is an impossibility for Mr. Romano to have breached a fiduciary duty to FSD by disclosing its confidential information because none of the statements and allegations in Paragraphs 44-47 of the FAC are true and, therefore, are not confidential.

<u>Paragraph 44</u>

Moreover, not only does FSD contend that the allegations in Paragraphs 44-47 of the FAC are not true, but the admissible evidence is indisputable that the statements alleged to have been made in those paragraphs were never made. In its Answer, in response to Paragraph 44, FSD specifically stated, "It is expressly denied that Mr. Durkacz 'advised' anyone that 'a drink Defendants had been working on creating in a parallel program was almost identical to what GBB had been developing and shared with Defendants under the terms of the Mutual NDA.'" [D.E. 52

---

[8] FSD did admit in part Paragraph 45 as to that "Defendants admit only that they independently developed their own beverage." [D.E. 52 (FSD's Answer to FAC), ¶45]. This admission does not change anything for purposes of this summary judgment motion for three reasons. First, this admission does not correspond to a specific allegation in Paragraph 45 of the FAC, and it is the allegations in this paragraph that purportedly constitute the breach of fiduciary duty claim brought by FSD against Mr. Romano. Second, GBB knew about FSD's beverage in February 2023 due to FSD's own press release, which is long before and had nothing to do with any purported discussion that may or may not have occurred in April 2023. [D.E. 19, ¶¶31, 34]. Third, the fact that FSD alleges to have "independently developed their own beverage" is not a statement that would be antagonistic to FSD's own interests or somehow constitute a breach of fiduciary duty. Indeed, this statement is precisely FSD's defense to GBB's lawsuit. Thus, even if the statement was made by Mr. Romano in April 2023 – which it was not – such a statement would both be (1) not confidential and (2) true according to FSD.

(FSD's Answer to FAC), ¶¶44].  During his deposition, Mr. Dukacz also denied the veracity of this statement in Paragraph 44 and claimed that he never made such a statement.  [Durkacz Dep. 216:12-22; 218:10-219:19; 223:9-24].  Mr. Carroll likewise stood by FSD's denial of Paragraph 44 and confirmed that Mr. Durkacz did not make the alleged statements.  [Carroll Dep. 155:4-9; 156:8-11; 157:6-10].

As to the second sentence of Paragraph 44 (that Mr. Durkacz "further stated that the drink Defendants were developing looks, tastes, and smells the same as GBB[)]" Mr. Durkacz denied ever having made this statement.  Instead, Mr. Durkacz testified ███████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████ This is important for three reasons.  First, it demonstrates that the statement contained in the second sentence of Paragraph 44, per FSD's Answer to the FAC, Mr. Durkacz's testimony, and Mr. Carroll's testimony cited above, was not made.  Accordingly, even if the second sentence was communicated by Mr. Romano to GBB – which it was not – it was not confidential.  Second, there is nothing confidential about someone's opinion as to how something looks, tastes, and smells.  Finally, and perhaps most importantly, FSD has not alleged that the "look, taste, or smell" of its product – which is publicly available on the open market and subject to each person's own personal opinion – is a trade secret or somehow otherwise confidential, nor that the mere asking of such a question is confidential.  FSD admits that Mr. Romano only "owed a duty to maintain the confidentiality of <u>confidential</u> information . . . ."  *See* FSD RFA Response 2, attached as **Exhibit K**.

Paragraph 45

As to Paragraph 45 of the FAC, there is zero credible evidence that the information in it is true or that the alleged information was ever communicated to Mr. Romano. ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████ Thus, in light of their testimony, ███████████████ it is not credible that Mr. Durkacz ever communicated this information to Mr. Romano or that it was true, and the Court is able to reconcile this testimony.

Moreover, even if it was true that 16 of the 19 ingredients overlapped, Mr. Durkacz testified that he did not know whether FSD's ingredient list was confidential, [Durkacz Dep. 237:1-4], and there has been no claim or allegation that FSD's ingredient list is confidential.  FSD admits that Mr. Romano only "owed a duty to maintain the confidentiality of <u>confidential</u> information . . . ." *See* FSD RFA Response 2, attached as **Exhibit K**.  Additionally, as FSD has painstakingly attempted to argue, ingredients listed in patents are public information and not confidential trade secrets.  As explained in *Tedder Boat Ramp Sys., Inc. v. Hillsborough Cty.*, 54 F. Supp. 2d 1300, 1303 (M.D. Fla. 1999):

> The Supreme Court has established that the patenting of a product negates the possibility that the product is also a trade secret.  *Christianson v. Colt Indus. Operation Corp.*, 486 U.S. 800, (1988); *Scharmer v. Carrollton Manufacturing Co.*, 525 F.2d 95 (6th Cir. 1975).  A patent, including all of its specifications, is made available for public view.  A federal court, applying Florida law, similarly determined that the issuance of a patent negates the necessary element of secrecy needed for a trade secret claim.  *Keystone Plastics, Inc. v. C & P Plastics, Inc.* 340 F. Supp. 55 (S.D. Fla. 1972).

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████   It is blackletter law that information that is "generally known" or readily accessible to third parties is not a confidential trade secret.  The court in *Se. Power Corp. v. Brady*, 2023 U.S. Dist. LEXIS 131549, at *6-7 (M.D. Fla. May 11, 2023) explained:

> By definition, information cannot be a trade secret if it is "generally known" or "readily ascertainable through proper means."  FLA. STAT. § 688.002(4)(a).  This includes circumstances where the information is necessarily disclosed upon use by a third-party.  *In re Maxxim Med. Group, Inc.*, 434 B.R. 660, 690 (Bankr. M.D. Fla. 2010).  Additionally, disclosures of information to third parties—which are neither

limited in scope nor restricted by the existence of circumstances of confidentiality—generally negate or preclude trade secret status. *See, e.g., Sepro Corp. v. Florida Dept. of Envtl. Prot.*, 839 So. 2d 781, 783 (Fla. 1st DCA 2003) (finding trade secret owner did not take reasonable measures to assure secrecy when submitting information to a state agency without designating it as confidential).

In *Mortg. Now, Inc. v. Stone*, 2009 U.S. Dist. LEXIS 110222, at *19 (N.D. Fla. Nov. 24, 2009), the court stated:

> "Information that is generally known or readily accessible to third parties cannot qualify for trade secret protection" under Florida law." (quoting *American Red Cross v. Palm Beach Blood Bank, Inc*., 143 F.3d 1407, 1410 (11th Cir. 1998); *see also Bestechnologies, Inc. v. Trident Environmental System, Inc*., 681 So.2d 1175, 1176 (Fla. 2d DCA 1996) (holding the fact that others have "discovered the same process might be relevant to establish that the information was generally known and readily ascertainable to competitors.") (citation omitted).

*See also Confianca Moving v. De Oliveira*, 2011 U.S. Dist. LEXIS 175122, at *13 (S.D. Fla. Jan. 24, 2011) ("If the information is generally known or readily accessible to third parties, then it does not qualify for trade secret protection.").

Accordingly, as to Paragraph 45 of the FAC, FSD has not alleged that its ingredient list was confidential, that the 16 of 19 ingredient claim by GBB is true, or that this information could not publicly be known based upon information that was available in the public domain.

Paragraph 46

As an initial matter, Paragraphs 46 and 47 are not at issue in this case according to Mr. Durkacz. When asked what confidential and proprietary information of FSD that FSD was alleging Mr. Romano disclosed to GBB, Mr. Durkacz testified, "Those two statements, 44 and 45, parts of them." [Durkacz Dep. 240:20-24]. When asked if there was any other confidential or proprietary information of FSD that he believed Mr. Romano provided to GBB, he responded that he did not know. [Durkacz Dep. 241:1-5]. Thus, based on Mr. Durkacz's testimony, the only disclosure of confidential information that is at issue in this case is the information contained in

Paragraphs 44 and 45 of the FAC. Accordingly, at a minimum, summary judgment in Mr. Romano's favor is proper as to any conduct other than the purported disclosure of the information contained in Paragraphs 44 and 45 of the FAC[9] (for which summary judgment should be granted there too for the reasons stated herein).

As to Paragraph 46, Mr. Durkacz was clear that he both never made the statement alleged to have been made in Paragraph 46 of the FAC, nor did he ever make that statement to Mr. Romano. [Durkacz Dep. 237:14-239:6]. Mr. Carroll testified that he stood by the FSD's Answer's denial of Paragraph 46 and that he was not aware as to whether Mr. Durkacz ever made the alleged statement in Paragraph 46 in general or specifically to Mr. Romano. [Carroll Dep. 168:20-170:18]. There was no testimony by any witness that Mr. Romano knew the information alleged in Paragraph 46 or communicated it to GBB.

Paragraph 47

As to Paragraph 47, Mr. Durkacz testified that he was not a scientist and did not know whether a minimum of one ingredient that FSD included in the drink it was developing could only have come from GBB. [Durkacz Dep. 239:7-11]. ████████████████ ████████████████ [Kotra Dep. 271:17-21]. Mr. Carroll also denied that paragraph. [Carroll Dep. 170:19-24]. There was no testimony by any witness that Mr. Romano knew the information alleged in Paragraph 47 or communicated it to GBB.

Accordingly, because none of the information contained in Paragraphs 44-47 of the FAC is confidential, it is quite literally an impossibility for Mr. Romano to have breached a fiduciary duty to FSD by disclosing its confidential information, and final summary judgment is appropriate.

[9] Of course, Mr. Romano reiterates that he did not disclose the information in Paragraphs 44 and 45 of the FAC, and it is Mr. Romano's position that, for the reasons stated herein, final summary judgment on the entirety of the TPC as it pertains to Mr. Romano is appropriate.

**B. It is undisputed that Mr. Romano did not disclose fabricated information about FSD**

Having established that the information contained in Paragraphs 44-47 is not confidential and that GBB's initial discovery responses are not binding on Mr. Romano and are inadmissible hearsay, the only remaining issue is whether Mr. Romano disclosed any fabricated information to GBB. As to this point, Messrs. Carroll, Durkacz, and Saeed all testified that they did not know whether Mr. Romano provided to GBB any fabricated information related to FSD. [Carroll Dep. 206:2-11; Durkacz Dep. 241:6-8; Saeed Dep. 94:18-20]. As there is zero evidence that Mr. Romano disclosed any fabricated information about FSD to GBB, summary judgment is proper.

**C. It is undisputed that the information was not confidential in April 2023 as to GBB because it had already been disclosed to GBB by Dr. Kotra in November 2022**

Notwithstanding all of the foregoing, even if it is assumed simply for argument's sake that such statements were made by Mr. Romano in April 2023 (which they were not), the uncontroverted evidence is that the information contained in these paragraphs was already disclosed to GBB by Dr. Kotra in November 2022, six months earlier.

Since February 8, 2024, GBB has identified Dr. Kotra as the source of the information contained in Paragraphs 44-47 of the FAC. *See* GBB's First Amended Responses to FSD's Interrogatories, Response 6, attached as **Exhibit F**. GBB has maintained this position through its operative interrogatory responses, served on December 20, 2024. *See* GBB's Fourth Amended Responses to FSD's Interrogatories, Response 6, attached as **Exhibit I**.

Additionally, Messrs. Boon and Gulyas also both testified ███████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████ [Boon Dep. 279:10-281:1; Gulyas Dep. 251:15-253:20]. Thus, while it might be an open question as to whether the April 2023 timeframe alleged in the TPC is correct or perhaps the result of a typo ████████████████████████

████[10] it is nevertheless undisputed that the disclosure of this information to GBB first occurred by Dr. Kotra in November 2022, long before the alleged disclosure of the same information by Mr. Romano took place in April 2023 (which did not actually occur).

As discussed above, information that has already been disclosed to a third party is no longer confidential as to that third party. Any trade secrets or confidential information that FSD (wrongly) alleges was disclosed by Mr. Romano to GBB that is contained in Paragraphs 44-47 of the FAC were already known to it because of Dr. Kotra's disclosure of this information months earlier in November 2022. Because the uncontroverted evidence is that Dr. Kotra disclosed this information to GBB in November 2022, the disclosure of the same information in April 2023 – if it even happened, which it did not by Mr. Romano – could not constitute a breach of fiduciary duty by Mr. Romano because the information was no longer confidential as to GBB at that time.

## V.   There Is Zero Evidence That Mr. Romano Assisted GBB In This Litigation By Providing It With Information to be Included In GBB's FAC

In Paragraphs 49-51 of the TPC, FSD generally alleges that Mr. Romano assisted GBB in this litigation by providing it with information. Mr. Romano has already addressed the issues pertaining to Paragraphs 44-47 of the FAC, and that he was not the source of the information for those paragraphs. Mr. Durkacz further limited FSD's claim to just Paragraphs 44-45 during his deposition. [Durkacz Dep. 240:20-24; 241:1-5].

However, to the extent that Paragraphs 49-51 of the TPC can somehow be read to be more expansive than just the information contained in Paragraphs 44-47 of the FAC, Mr. Romano feels obligated to address this issue purely out of an abundance of caution. First, there are no allegations that Mr. Romano provided any information other than that alleged in Paragraphs 44-47 of the FAC. Second, there is no evidence that Mr. Romano provided any confidential information at all.

---

[10] ████████

Finally, when asked if he knew whether Mr. Romano assisted GBB in any with the preparation of GBB's FAC, Messrs. Carroll, Durkacz, and Saeed all testified that they did not know or had no firsthand knowledge. [Carroll Dep. 206:12-207:7; Durkacz Dep. 241:9-13; Saeed Dep. 95:10-14].

Accordingly, while it appears that FSD's claim is limited to just the purported disclosure of information contained in Paragraphs 44-47 (or Paragraphs 44-45 based on Mr. Durkacz's testimony), to the extent that FSD's claim alleges that Mr. Romano has assisted GBB in this litigation beyond said disclosure, there is no evidence of that whatsoever and all such claims are ripe for final summary judgment.

## **CONCLUSION**

It is clear from the TPC that the only allegation against Mr. Romano relating to a purported breach of fiduciary duty was the alleged disclosure of confidential information to GBB. It is also clear from the TPC that FSD determined that Mr. Romano provided this information to GBB **exclusively** because GBB erroneously identified Mr. Romano as the source of the information in initial discovery responses. GBB subsequently amended or tried to amend those answers, however, to correct this error. FSD has no other knowledge, makes no other allegation, and puts forth nothing other than a withdrawn interrogatory answer and request for admission responses that are not binding on Mr. Romano and are inadmissible hearsay as the basis for its absurd claim against Mr. Romano. Mr. Romano respectfully submits that FSD simply cannot proceed with this action, where there is zero admissible evidence to support FSD's TPC against Mr. Romano.

Because there is absolutely zero admissible evidence that Mr. Romano disclosed any confidential information of FSD's to GBB or breached his fiduciary duties to FSD, final summary judgment in Mr. Romano's favor is appropriate, and Mr. Romano respectfully requests that the Court dismiss the TPC with prejudice, and for all other relief this Court deems just and proper.

## REQUEST FOR A HEARING

Pursuant to Local Rule 7.1(b)(2), Mr. Romano hereby requests a hearing on this Motion, as Mr. Romano believes oral argument may be helpful for the Court's review of the various issues presented. Mr. Romano anticipates oral argument for the Motion should take no more than 90 minutes in total.

Dated: July 21, 2025.                    SCHWARTZ LEGAL, PLLC

/s/ Jonathan C. Schwartz
Jonathan C. Schwartz, Esq.
FL Bar No.: 51540
8810 SW 8th Street
Plantation, FL 33324
Telephone: 954-648-1915
Email: jonathan@jcslegal.com
*Counsel for Third-Party Defendant Joseph Romano*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on July 21, 2025, with the Clerk of the Court by using the CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF.

/s/ Jonathan C. Schwartz
Jonathan C. Schwartz, Esq.
FL Bar No.: 51540