UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

GBB DRINK LAB, INC.,

    Plaintiff/Counterclaim Defendant,

v.

FSD PHARMA INC. and FSD BIOSCIENCES INC.,

    Defendants/Counterclaimant.

CASE NO. 23-CV-60800

FSD PHARMA INC.,

    Third-Party Plaintiff,

v.

JOSEPH ROMANO,

    Third-Party Defendant.

**COUNTERCLAIMANT/THIRD-PARTY PLAINTIFF FSD PHARMA INC.'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO THIRD-PARTY DEFENDANT JOSEPH ROMANO'S MOTION FOR SUMMARY JUDGMENT**

Defendant/Counterclaimant/Third-Party Plaintiff FSD Pharma Inc. ("FSD Pharma") files this Statement of Material Facts in opposition to Third-Party Defendant Joseph Romano's ("Romano") Motion for Summary Judgment [ECF 122] and Romano's corresponding Statement of Material Facts [ECF 123]. Pursuant to Local Rule 56.1(b)(2), FSD Pharma responds to [ECF 123] as follows:

1. Undisputed.

2. Undisputed, with the clarification that Joseph Romano signed the Mutual Non-Disclosure Agreement on FSD's behalf. [ECF 19-1]; Ex. 1, Deposition Testimony of Anthony Durkacz ("Durkacz Dep.") 66:6-16 ("Mr. Romano was the one providing legal advice regarding the Mutual NDA [with GBB].").

3. Undisputed.

4. Undisputed.

5. Undisputed.

6. Disputed. Romano continued to involve himself in discussions about GBB after he became a director and did not recuse himself even after he was directed to. Several of FSD's witnesses testified to this, and some (such as FSD Pharma's Zeeshan Saeed) felt that this was improper conduct by Romano at the time. Ex. 2, Excerpt of Deposition Testimony of FSD's Zeeshan Saeed ("Saeed Dep.") 60:9-69:9, 96:8-97:22; Ex. 3, Excerpt of Deposition Testimony of FSD's Donal Carroll ("Carroll Dep.") 188:16-192:6; Ex 1, Excerpt of Durkacz Dep. 129:11-130:17, 181:17-185:11; Ex. 4, Excerpt of Deposition Testimony of FSD's Dr. Lakshmi Kotra ("Kotra Dep.") 256:17-257:12.

7. Undisputed.

8. Undisputed.

9. Undisputed.

4. (Second ¶4).[1] Undisputed.

5. (Second ¶5). Undisputed.

6. (Second ¶6). Undisputed.

7. (Second ¶7). Undisputed.

8. (Second ¶8). Undisputed as to the fact that FSD Pharma filed its Answer and Third-Party Complaint. [ECF 52]. Romano's characterizations of FSD's averments in Paragraphs 44 through 47 of the FAC are disputed. Mr. Durkacz testified about FSD Pharma's Answer and explained that he did not "advise" anyone as alleged in GBB's First Amended Complaint ("FAC") [ECF 19]. Rather, he sought Romano's legal counsel and advice), and that was the basis for denying parts of the allegations in ¶¶44-47 of the FAC. Ex. 1, Durkacz Dep. 216:12-221:4.

9. (Second ¶9). Undisputed only as to the fact that GBB amended its interrogatory responses to deny what it had previously (multiple times) admitted. Disputed as to the remainder of Second ¶9, specifically as to the truth of GBB's amended answer that Dr. Kotra, in November 2022, disclosed statements allegedly made six months later in April 2023. *Compare* [ECF 19] ¶¶44-47 *with* Ex. 5 (GBB's First-Amended Interrogatory Responses), Interrogatory #6 (claiming that Dr. Kotra was actually the "third party" notwithstanding GBB's repeated verified discovery responses that the third party was Romano). First, this is a factual impossibility—Dr. Kotra could not predict, let alone disclose in November 2022, purported statements that were allegedly made **six months later in April 2023**. Second, it is directly contradicted by GBB's prior interrogatory responses identifying Romano as **both** the "third party" source for ¶¶44-47 **and** as someone GBB spoke with about the allegations in the FAC. Ex. 6 (GBB's Original Interrogatory Responses),

---

[1] Romano's Statement of Material Facts [ECF 123] changes from ¶9 to ¶4, rather than ¶10. FSD's response therefore reflects the same erroneous numbering in [ECF 123] as filed and clarifies these as "Second ¶4" etc.

2

Interrogatories #6 and #15. Third, GBB affirmed **again** in its first-amended interrogatory responses (after FSD Pharma filed its counterclaim) that it had communications **with Romano** about the allegations of the FAC **and that GBB had exchanged documents as part of those communications with Romano**. *See* Ex. 5 (GBB First Amended Interrogatory Responses), Interrogatory #15. Fourth, Dr. Kotra specifically testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 4, Kotra Dep. 260:24-261:24 (regarding ¶44 of the FAC); 271:5-16 (regarding ¶46 of the FAC). Finally, this Court **has already found** that GBB's attempt to now deny what it had previously admitted, and its alternative explanation that the "third party" was really Dr. Kotra, was unconvincing and **ruled that GBB's inconsistent admissions could not be withdrawn and would necessarily have to be resolved by the trier of fact at trial**:

> [THE COURT:] I think that Defendants' argument that the admissions were not inadvertent, that they were intentional, are supported by the record in this case, including Plaintiff's responses to other interrogatories. I mentioned the initial Interrogatory 6, but there was also Interrogatory 15, which also referred to Mr. Romano. Of course, the first amended complaint's references to the April 23rd meeting with Mr. Durkacz and the third party remain unchanged. There is the timing issue regarding Dr. Kotra's purported meeting. That was in November of 2022, whereas the items referenced in the complaint occurred in April of 2023. So as a result, I'm not convinced that those admissions were in fact inadvertent. […] Accordingly, I am going to deny GBB's motion to withdraw its admissions as to Requests For Admissions 45 and 46. *As we discussed during the hearing, there will be inconsistent evidence presented to the trier of fact; and whatever consequences follow from that inconsistency compared to the interrogatory response that the third party was Dr. Kotra, that will be left for the trier of fact to determine*.
>
> Ex. 7, Excerpt of Transcript for February 26, 2025 Hearing 68:2-69:2. (Valle, M.J., ruling on GBB's motion to withdraw admissions) (emphasis added).

3

10. Undisputed only as to the fact that GBB served its Second Amended Responses to FSD's Interrogatories on February 18, 2024.  Disputed as to the assertion that Dr. Kotra disclosed the information alleged in Paragraphs 44-47 of the FAC to GBB for the same reasons stated in response to Second ¶9, *infra*.

11. Undisputed only as to the fact that GBB served its Third Amended Responses to FSD's Interrogatories on March 5, 2024.  Disputed as to the assertion that Dr. Kotra disclosed the information alleged in Paragraphs 44-47 of the FAC to GBB for the same reasons stated in response to Second ¶9, *infra*.

12. Undisputed only as to the fact that GBB served its Third Amended Responses to FSD's Interrogatories on March 5, 2024. Disputed as to the assertion that Dr. Kotra disclosed the information alleged in Paragraphs 44-47 of the FAC to GBB for the same reasons stated in response to Second ¶9, *infra*.

13. Undisputed that GBB attempted to withdraw its prior admissions and amend its RFA Responses 45 and 46. [ECF 87]; Ex. 8.

14. Undisputed that FSD Pharma opposed GBB's efforts to withdraw its prior admissions and amend its RFA Responses #45 and #46. [ECF 90]; Ex. 8.

15. Undisputed that GBB's motion seeking to withdraw its prior admissions and amend its RFA Responses #45 and #46 was denied. [ECF 97].  Therefore, GBB's prior admissions that Romano was the source of the information GBB included in the FAC (Ex. 8, Excerpt of GBB's Admissions, Admissions #45 and #46) would remain in full force and effect and whatever consequences might follow from GBB's inconsistent evidence would be left for the trier of fact to resolve.  Ex. 7, Excerpt of Tr. of Feb. 26, 2025 Hearing 68:2-69:2.

16. Undisputed only as to the fact that Romano served his Responses to FSD's Interrogatories on March 15, 2025. The remaining allegations are disputed. Romano's Interrogatory Responses 6-9 denying that he was the source of the information in Paragraphs 44-47 of the FAC are directly contradicted by GBB's allegations in FAC and its own (multiple) sworn interrogatory responses and admissions, including as set forth in response to Second ¶9, *infra*. The Court has already ruled that this is an inconsistency that must be decided by the trier of fact. Ex. 7 at 68:2-69:2.

17. Undisputed as to the fact that Romano served his Responses to FSD's RFAs on March 15, 2025. Disputed as to the truth of these several admissions in this paragraph. As stated in response to Second ¶9 *infra*, Romano's denial that he provided information about FSD's drink-related program is directly contradicted by GBB's multiple averments that he did—which were held by this Court to ***not*** be inadvertent. Ex. 6, Interrogatories #6 and #15; Ex. 5, Interrogatory 15; Ex 8, Admissions 45 and 46; Ex. 7 at 68:2-69:2. Mr. Durkacz testified that he sought Romano's counsel and advice by discussing FSD's drink-related program to ensure that FSD's product would work and be different than GBB's product. Ex. 1, Durkacz Dep. 220:7-221:4. Dr. Lakshmi Kotra, FSD's corporate representative for its research and development, testified that ▮▮▮▮▮▮ ▮▮▮▮▮▮. *See* Ex. 4, Kotra Dep. 38:20-39:1, 40:24-41:6. Finally, though Romano claims that he unequivocally upheld all of his fiduciary duties, FSD Pharma disputes that legal conclusion for the reasons set forth in FSD's concurrently filed Memorandum of Law in Opposition to Romano's Motion for Summary Judgment.

18. Undisputed that FSD Pharma served his Responses to Romano's Interrogatories on May 5, 2025. It also undisputed that FSD Pharma's claims against Romano only relate to conduct that occurred on or after November 25, 2022, namely, Romano's disclosure of information to GBB

5

in 2023 that GBB used to prepare its lawsuit against FSD. But as discussed below, evidence concerning Romano's conduct prior to November 25, 2022 is relevant to those claims.

19. Undisputed. Romano served Interrogatory Nos. 2-14 on FSD Pharma.

20. Undisputed that FSD Pharma's witnesses admitted to lacking "*firsthand*" knowledge of Romano's breach of duties as aided and abetted by GBB. It is also undisputed that GBB made sworn statements and admissions that Romano was the source of information that GBB used to file its FAC. *See* Response to Second ¶9, *infra*. It is **disputed** that FSD Pharma has not identified evidence of Romano's breach of duties owed to it. There is abundant evidence of Romano's wrongful conduct, including that after GBB threatened to sue FSD, Romano provided information for GBB to include in its FAC ([ECF 19] ¶¶44-47; Ex. 6, Interrogatories #6 and #15; Ex. 8, Admissions #45 and #46). There is also evidence that Romano had a financial incentive for his breaches, such as the evidence that ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████. Ex. 9 (Gulyas-Romano Text Compilation) at Page 111 ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████ (emphasis added); at Pages 119 and 121 

████████████████████████████████████████████████████████████████

████████████ ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████. There is further evidence that, shortly after GBB threatened to sue FSD Pharma in February 2023, ████████████████████████████████████████████ (Ex. 2, Saeed Dep. 58:23-59:4 (testifying that GBB threatened to sue FSD); Durkacz Dep. 107:24-114:12;

6

117:15-121:21 (testifying as to ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████).

21. Undisputed.

22. Undisputed that FSD Pharma served its responses to Romano's Requests for Admission Nos. 4 and 6-11 which were based upon information and belief and GBB's discovery responses.

23. Undisputed.

24. Undisputed.

25. Undisputed.

26. Disputed. Mr. Durkacz did not deny the "veracity" of [ECF 19] ¶44 in its entirety—he clarified various sections of it. *See, e.g.,* Ex. 1, Durkacz Dep. 219:3-15. He explained why FSD Pharma did not have "parallel program" as alleged by GBB. Ex. 1, Durkacz Dep. 216:219-2. He also clarified that, rather than "advising" a third party, he instead sought Romano's advice about the product. Ex. 1, Durkacz Dep. 219:17-220:18. He later stated that, while he did not know details of FSD's research and development, he expressed potential concerns in confidence to Romano, and that those concerns later appeared "word for word" in GBB's FAC. Ex. 1, Durkacz Dep., 232:4-233:12. Likewise, Mr. Carroll clearly stated "you've got to take it with the context of how it's written" and explained in several ways why FSD Pharma responded to each allegation. Ex. 3, Carroll Dep. 155:4-162:2.

27. Undisputed.

28. Undisputed.

29. Undisputed.

30. Undisputed as to Dr. Kotra's testimony and the fact that a patent was filed.

31. Undisputed.

32. Undisputed.

33. Undisputed as to the various witnesses' testimony.

34. Undisputed that GBB made these admissions. But these admissions are disputed, by GBB itself, throughout the record as they are in direct contradiction to (1) the allegations in GBB's own FAC ([ECF 19] ¶¶44-47); (2) GBB's prior Response to RFAs (Ex. 8, Admissions #45 and #46); and (3) GBB's prior Responses to Interrogatories (Ex. 6, Interrogatories #6 and #15, Interrogatories #15). These admissions are therefore disputed for these reasons set forth in FSD's response to Second ¶9 above, and the Court has already held that "whatever consequences might follow from GBB's inconsistent evidence would be left for the trier of fact to resolve." Ex. 7, Excerpt of Tr. of Feb. 26, 2025 Hearing 68:2-69:2.

35. Undisputed that Mr. Boon testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. But this testimony is directly contradicted by GBB itself, for the same reasons set forth in ¶34, *infra*. [ECF 19] ¶¶44-47; Ex. 8, Admissions #45 and #46; Ex. 6, Interrogatories #6 and #15; Ex. 5, Interrogatory #15. These admissions are therefore disputed for these reasons and for the reasons set forth in FSD's response to Second ¶9 above, and the Court has already held that "whatever consequences might follow from GBB's inconsistent evidence would be left for the trier of fact to resolve." Ex. 7, Excerpt of Tr. of Feb. 26, 2025 Hearing 68:2-69:2.

36. Disputed. Dr. Kotra testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Ex. 4, Kotra Dep. 260:24-261:24 (regarding ¶44); 271:5-16 (regarding ¶46). Further, neither Mr. Boon nor Mr. Gulyas could identify ▮▮▮▮▮▮▮▮▮▮▮

████████████████████████████████████████████ Ex. 10, Excerpt of Deposition Testimony of GBB's Jarrett Boon ("Boon Dep.") 280:2-282:18; Ex. 11, Excerpt of Deposition Testimony of GBB's John Miklos Gulyas ("Gulyas Dep.") 251:15-254:9.  It is expressly disputed that Gulyas testified ████████████████████████████ ████████████████████████████████. Ex. 11, Gulyas Dep. 252:4-6 █████████ ████████████████████████████████████████████████████████████ ██████████████████████; *id.* at 253:1-5 █████████████████████████ ███████████████████████████████████████████████████████████████. These allegations are therefore disputed for these reasons and for the reasons set forth in FSD's response to Second ¶9 above.

37. Undisputed only that Mr. Boon gave this testimony.  Disputed to the extent that this paragraph suggests that Boon was the only GBB representative with whom Romano did or could have communicated. Gulyas of GBB testified that he ██████████████████████ ███████████████████████████████. Ex. 11, Gulyas Dep. 212:4-13 ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ █████████; *see also, generally,* Ex. 9 (Gulyas-Romano Text Compilation).

38. Undisputed that GBB's John Miklos Gulyas and Jarrett Boon testified that ██████ ██████████████████████████████████. But Messrs. Gulyas and Boon's alternative claim that it was actually ███████████████████████████████████████████████████ ██████ is directly contradicted by (1) Boon's admission that █████████████████ ████████████████████████████████████ (Ex. 10, Boon Dep. 279:1-281:5); Boon's further testimony, where he admitted that ████████████████████████████████

9

████████████████████████████ (Ex. 10, Boon Dep. 281:6-282:18); (3) Dr. Kotra's testimony that ████████████████████████ (Ex. 4, Kotra Dep. 260:24-261:24; 271:5-16); (4) the allegations in GBB's own FAC ([ECF 19] ¶¶44-47); (5) GBB's prior Response to RFAs (Ex. 8, Admissions #45 and #46); (6) GBB's prior Responses to Interrogatories (Ex. 6, Interrogatories #6 and #15; Ex. 5, Interrogatory #15). It is also disputed that Gulyas testified that ████████████████████████████████████ for all of the reasons set forth in response to ¶36 above. In addition, whatever statements Dr. Kotra made in November 2022 does not explain the allegations of the FAC that refer to statements made in April 2023 for all of the reasons set forth in response to Second ¶9 above. The Court has already held that "whatever consequences might follow from GBB's inconsistent evidence would be left for the trier of fact to resolve." Ex. 7, Excerpt of Tr. of Feb. 26, 2025 Hearing 68:2-69:2.

39.     It is undisputed that Romano provided such testimony. But this testimony is directly contradicted by (1) the allegations in GBB's own FAC ([ECF 19] ¶¶44-47); (2) GBB's prior Response to RFAs (Ex. 8, Admissions #45 and #46); (3) GBB's prior Responses to Interrogatories (Ex. 6, Interrogatories #6 and #15; Ex. 5, Interrogatory #15). This testimony is therefore disputed for these reasons and for the reasons set forth in FSD's response to Second ¶9 above. And the Court has already held that "whatever consequences might follow from GBB's inconsistent evidence would be left for the trier of fact to resolve." Ex. 7, Excerpt of Tr. of Feb. 26, 2025 Hearing 68:2-69:2.

**FSD PHARMA'S STATEMENT OF ADDITIONAL FACTS IN OPPOSITION TO JOSEPH ROMANO'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1(b)(3), FSD Pharma hereby submits the following additional facts in opposition to Romano's Motion for Summary Judgment.

40. Mr. Romano was promised a role on the FSD Pharma board of directors by FSD's Anthony Durkacz when FSD Pharma acquired Lucid Psycheceuticals in 2021. Ex. 1, Durkacz Dep. 48:9-49:7.

41. FSD Pharma's Anthony Durkacz testified that he considered Romano to be FSD's lawyer and that he sought advice from Romano—including from July 2022 and throughout the course of FSD Pharma's dealings with GBB. Ex. 1, Durkacz Dep. 66:6-16 ("Mr. Romano was the one providing legal advice regarding the Mutual NDA [with GBB]."); 177:25-178:23 (testifying that Romano was "actively" providing advice on the proposed GBB agreement); 183:20-184:21 (testifying that Romano advised him on the dispute with GBB).

42. On July 5, 2022, Romano signed the Mutual NDA at issue in this case on behalf of FSD Pharma and as FSD's counsel. *See* [ECF 19-1] (the "Mutual NDA"); Ex. 1, Durkacz Dep. 66:6-16 (testifying the Romano provided legal advice to FSD Pharma on the Mutual NDA).

43. During the negotiations between FSD Pharma and GBB, Gulyas discussed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. 9 at 119-123 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Ex. 12, Romano Dep. 155:21-22 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

11

44. GBB's Gulyas informed Romano that he would ███████ ███████ Ex. 9 (Gulyas-Romano Text Compilation) ███████ ███████ ███

45. Romano, who had ███████ ███████, declined ███████ ███████ Ex. 9 at 119, 121.

46. After ███████, Romano agreed to ███████ Ex. 9 at 119, 123.

47. When confronted with these text messages, Romano admitted that ███████ ███████ (Ex. 12, Romano Dep. 157:21-22 ███████.

48. Romano could not say whether ███████ ███████ (Ex. 12, Romano Dep 159:14-161:9), and Romano did not explain why ███████ ███████. Ex. 12, Romano Dep. 157:21-161:9.

49. ███████ in Ex. 9 refers to a ███████ ███████. Ex. 12, Romano Dep. 12:10-13-16; 158:12-23.

50. Mr. Durkacz testified that he had no idea that Romano had been offered $500,000 of ███████ ███████. Ex. 1, Durkacz Dep. 173:23-175:1.

51.     Multiple FSD witnesses testified that they felt like Romano was negotiating in the interests of GBB, as opposed to FSD Pharma.  Ex. 1, Durkacz Dep. 174:2-14; Ex. 2, Saeed Dep. 60:9-69:9, 96:8-97:22.

52.     FSD Pharma terminated the potential deal with GBB in December 2022.  Ex. 1, Durkacz Dep. 250:15-20.

53.     Romano admitted that he was a director of FSD Pharma from November 25, 2022 through June 29, 2023.  Ex. 13, (Romano's Admissions to FSD Pharma), Admission #3.

54.     Romano admitted that he owed fiduciary duties to FSD Pharma, including: (a) a duty of loyalty; (b) a duty of care; (c) a duty to act in good faith; (d) a duty to avoid conflicts of interest; (e) a duty to maintain confidentiality; and (f) a duty to act in the best interests of FSD Pharma, Inc.  Ex. 13, Admissions #4 and #5(a)-(f).

55.     At some point between April 2023 and June 9, 2023, GBB was provided with information about FSD Pharma by a "third-party" which GBB used to file its FAC, including purported statements made by FSD Pharma's Anthony Durkacz and other information about FSD Pharma's research and development.  *See* [ECF 19] ¶¶44-47.

56.     FSD Pharma's Mr. Durkacz testified that, around March or April of 2023, he sought legal advice from Romano regarding potential overlap or similarity between FSD Pharma's product and GBB's product to "make sure that if we produced something, it is going to, No. 1, work, and No. 2, be very different."  Ex. 1, Durkacz Dep. 217:14-218:9; 219:17-221:4.

57.     Mr. Durkacz testified that he stated or repeated potential concerns to Romano, including: (1) a potential overlap of 16 of 19 ingredients between the FSD Pharma product and GBB's product; and (2) concerns if FSD's product looked, tasted, and smelled like GBB's product. Ex. 1, Durkacz Dep. 224:2-225:24; 230:8-11.

58. Mr. Durkacz testified that he was not sure whether 16 of 19 ingredients actually overlapped because he never counted them; he also clarified that he was repeating statements made to him. Ex. 1, Durkacz Dep. 229:8-230:11.

59. GBB's David Sandler, the formulator of GBB's product, admitted that ███████████████████████████████████████████████████████████████████. Ex. 14, Excerpt of Deposition Testimony of GBB's David Sandler ("Sandler Dep.") 338:20-339:10.

60. GBB's David Sandler also testified that ███████████████████████████████████████████████. *See* Ex. 14, Sandler Dep. 240:5-241:11 ("Q. […] You could make two entirely different products look, taste, and smell the same just with maskers and other flavoring agents, right? A. Yes. Pretty close. Yes.").

61. Mr. Durkacz testified that some of GBB's allegations were not accurate, including by testifying that he never: (1) "advised" anyone about FSD Pharma's product because he was instead seeking Romano's advice; and (2) stated that FSD Pharma had a "parallel program" with an "almost identical" product. Ex. 1, Durkacz Dep. 219:3-220:14.

62. GBB only attempted to change its account of events regarding ¶¶ 44-47 *after* FSD Pharma filed its Counterclaim against GBB on January 22, 2024. [ECF 52] (FSD's Answer, Counterclaim, and Third-Party Complaint). *Compare* [ECF 19] *with* Ex. 5, Interrogatory #6.

63. GBB's Jarrett Boon was unable to identify ███████████████████████████████████████████████████████████. Ex. 10, Excerpt of Boon Dep. 280:2-282:18.

64. GBB's John Miklos Gulyas was unable to identify ███████████ ███████████████████████████████████████████. Ex. 11, Gulyas Dep. 251:15-253:8.

65. GBB currently claims that the "third party" referenced in ¶¶44-47 is ██████ ███████████████████████████████████████████ ███████████████████████. Ex. 15, GBB's Fourth-Amended Interrogatory Responses, #6.

66. GBB's Gulyas admitted that ███████████████████████ ████████, and he could not "recall" whether ███████████████████ ████████████. Ex. 11, Gulyas Dep. 252:19-253:8.

67. GBB's Gulyas was also unable to "recall" whether ███████████ ███████████████████████████████████████████ ███████████████████████████████. Ex. 11, Gulyas Dep. 256:12-257:11.

68. Dr. Kotra was questioned about GBB's FAC and testified that ███████ ███████████████████████████████████████ ████████ Ex. 4, Kotra Dep. 260:24-261:24 (regarding ¶44); 271:5-16 (regarding ¶46).

69. GBB attempted to withdraw GBB Admissions #45 and #46, and Romano filed no brief, affidavit, or position statement to support or oppose GBB's Motion to Withdraw Admissions. *See* [ECF 86, 90, 92, 94-97].

70. The Court denied GBB's motion, finding that GBB's admissions were made ***intentionally***, and stating that the inconsistent evidence that GBB presented should be decided by the trier of fact. [ECF 97], Ex. 7, Tr. of Feb. 26, 2025 Hearing at 68:2-69:2.

71. Neither GBB nor Romano appealed the Court's Order denying GBB's Motion to Withdraw Admissions. *See* [ECF 97].

15

Dated: July 21, 2025

                        Respectfully submitted,

                        **BLANK ROME LLP**

By: <u>*/s/Michael R. Esposito*</u>
     Michael Esposito
     Florida Bar No. 37457
     Blank Rome LLP
     100 S. Ashley Drive, Suite 600
     Tampa, FL 33602
     Phone: (813) 255-2300
     Facsimile: (813) 830-7444
     Email:  Michael.Esposito@BlankRome.com

     Jason A. Snyderman (*pro hac vice*)
     John P. Wixted (*pro hac vice*)
     Timothy J. Miller (*pro hac vice*)
     Blank Rome LLP
     130 North 18th Street
     Philadelphia, PA 19103
     Email: Jason.Snyderman@BlankRome.com
     Email: John.Wixted@BlankRome.com
     Email: Timothy.Miller@BlankRome.com
     *Counsel for Defendants FSD Pharma, Inc. and FSD BioSciences, Inc.*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on July 21, 2025, with the Clerk of the Court by using the CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF.

                                                  */s/ Michael R. Esposito*
                                                  Michael R. Esposito