**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

GBB DRINK LAB, INC.,                                      CASE NO.: 23-CV-60800-AHS

      Plaintiff,

v.

FSD BIOSCIENCES, INC. and
FSD PHARMA, INC.,

      Defendants.

      and

FSD PHARMA, INC.,

      Third-Party Plaintiff/Counterclaim Plaintiff

v.

GBB DRINK LAB, INC., and JOSEPH ROMANO
      Third-Party Defendants/Counter Defendants

_____/

**<u>GBB'S RULE 56.1 RESPONSE TO FSD'S STATEMENT OF MATERIAL FACTS</u>**

      Pursuant to Local Rule 56.1, Plaintiff GBB Drink Lab, Inc. ("GBB") submits its Statement of Material Facts in support of GBB's Response in Opposition to Defendants FSD Biosciences, Inc. and FSD Pharma, Inc.'s ("FSD") Motion for Summary Judgment and Incorporated Memorandum of Law [D.E. 130]. In accordance with Local Rule 56.1(b)(2), this Statement hereby responds to FSD's Statement of Material Facts [D.E. 129] and includes Additional Facts material to FSD's Motion.

    **I.**      **RESPONSE TO FSD'S STATEMENT OF MATERIAL FACTS**[1]

---

[1] Except as referenced herein at **Exhibits A-H**, all referenced record documents are incorporated and attached to GBB's Motion for Partial Summary Judgment [D.E. 116], GBB's Statement of

1.       Undisputed.

2.       Undisputed that FSD Biosciences is a legal entity but there are no operations or any sort of work conducted within said entity. Carroll Dep. 15:21-16:9.

3.       Undisputed.

4.       Undisputed.

5.       Disputed.



issued a Press Release on February 14, 2023 proclaiming that FSD had a product

. Gulyas Decl. ¶¶13-16, Exs. 5-8.[2]

6.       Undisputed.

7.       Undisputed.

---

Material Facts [D.E. 117], GBB's Notices of Filing Supporting Documents [D.E. 118, D.E. 119, D.E. 120], FSD's Motion for Summary Judgment [D.E. 130] and FSD's Statement of Material Facts [D.E. 129] and are referenced and incorporated herein accordingly.

[2] *See also* Kotra Dep. 35:10-36:1, 40:16-23, 117:7-118:9, 148:1-25, 158:18-161:5, 172:5-173:12, 173:25-174:17, 177:9-17; 178:5-20, 179:2-4, 180:2-182:13, 191:4-19; FSD_029417-029425; FSD_017907; FSD_004646-FSD_004647; FSD_018142; FSD_029442; FSD_019543; FSD_000133-FSD_000135; FSD_019555-FSD_019556; FSD_012816-012817; FSD_017910; FSD_012816-012817; FSD_028726-FSD_028736; FSD_00144; FSD_029301-FSD_029302; FSD_029312-FSD_029335; FSD_029388-FSD_029396; FSD_028865-FSD_028867.

8.      Undisputed that John Gulyas and Jonathan Thau had a personal relationship. GBB is unable to opine on the relationship status of Romano and Thau.

9.      Undisputed to the extent FSD represents that representatives of FSD and GBB met in the Cayman Islands. Further disputed and modified to state: ███████████████ ████████████████████████████████████████████████. Gulyas Decl. ¶4; Durkacz Dep. 35:8-19, 50:20-53:15, 65:2-17, 80:3-15; Gulyas Dep. 46:18-47:22, 51:19-53:19, 57:22-58:5. ████████████████████████

████████████████████████████████████████ ████████████████. *Id.*; Gulyas Decl. ¶ 5.

10.     Undisputed.

11.     Disputed. ████████████████████████████

████████████████████████████████████████

████████████████████ Gulyas Decl. Ex. 1, ¶ 2. ███████████

████████████████████████████. *Id.*

12.     ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████ Durkacz Dep. 62:8-19; Carroll Dep. 65:15-66:6, 67:14-19,141:7-13; Gulyas Decl. ¶¶6-7, Ex. 1, ¶¶2-4, 8-9, 11.

13.     Undisputed that the NDA is the best evidence of its contents, however, disputed to the extent that FSD takes out of context a small portion of the Confidential Information Section of the NDA. Gulyas Decl., Ex. 1, ¶2.

14.     Disputed that GBB withheld critical information from FSD. ███████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████. Durkacz Dep. 35:8-19, 95:19-22; Gulyas Decl. ¶ 8, Ex. 2; FSD_032562. ██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████. Gulyas Decl. ¶9, Ex. 3; FSD_024806-FSD_024807; Kotra Dep. 71:3-6; Kotra Dep. 79:7-21. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████. Sandler Dep. 108:4-109:1; *see also* 198:7-12; 227:11-23.[3] ███████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████. If GBB had actually withheld this

---

[3] *See* **Exhibit A**, additional excerpts from the deposition transcript of David Sandler.

purported "critical information," it is unclear why FSD would then serve "an execution-ready" version of the APA to close upon the transaction.

15.     Undisputed that the information GBB provided to FSD included the referenced information. ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████. *See supra* disputed facts outlined in ¶14.

16.     ██████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████

17.     Disputed as FSD misrepresents the context and substance of this email. ███████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████ FSD Statement of Material Facts Ex. 16, Email from D. Sandler to J. Boon.

18.     ██████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████ Reynolds Dep. 72:7-14.[4]

19.     Disputed. FSD mischaracterizes the record evidence. ██████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

---

[4] *See* **Exhibit B**, additional excerpts from the deposition transcript of Kyle Reynolds ("Reynolds Dep.").

████████████████████████████████████████████. Sandler Dep. 206:9-207:6;

Reynolds Dep. 72:7-14.

      20.     Undisputed. However, GBB asserts this is not a material fact.

      21.     Undisputed.  However, GBB asserts this is not a material fact, particularly because

████████████████████████████████████████. Reynolds Dep. 72:7-

14, 92:17-20; Sandler Dep. 206:9-207:6.

      22.     Disputed to the extent that FSD misrepresents the timeline of the APA negotiations.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████. *See* attached Composite **Exhibit C**, email correspondence exchanged

between FSD and GBB regarding negotiations and changes to the APA from August 2022-

November 2022. ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ *See id.* at GBB000666, ████████████

████████████ Further disputed to the extent FSD misrepresents the record evidence, ██

████████████████████████████████████████████████

████████████████████████████████████████████████

      23.     ████████████████████████████████████████

████████████████████████████████████████████████. *See id.*

GBB000314, email correspondence dated November 15, 2022. Disputed to the extent that FSD

uses these facts to create a narrative that FSD withdrew from the transaction because of these purported changes proposed by GBB's additional counsel. ███████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ Gulyas Decl. Ex. 1, Ex. 12. ██████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████ *See* **Exhibit C**.

24.   ████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████. *See* **Exhibit C**. █████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████ Kotra Dep. 35:10-36:1, 40:16-23, 148:1-25, 173:25-174:17, 179:2-4, 180:2-182:13, 191:4-19; FSD_029417-029425; FSD_017907. ████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████[5]

25.     Undisputed.

26.     Undisputed.

27.     Undisputed.

28.     Undisputed.

29.     Undisputed.

30.     Undisputed that FSD filed Motion to Dismiss. GBB does not take a position as to FSD's rationale for filing the Motion to Dismiss, which was denied.

31.     Undisputed to the extent GBB filed an Amended Complaint on June 9, 2023; denied to the extent FSD mischaracterizes the amendments and language of GBB's Amended Complaint.

32.     Disputed. *See supra* disputed facts outlined in ¶5. Further disputed to the extent FSD misrepresents the referenced deposition testimony of John Gulyas in which ████████ ████████████████████████. Gulyas Dep. 170:6-11.[6]

33.     Undisputed that the language of the Jupiter APA is the best evidence of its contents. Disputed to the extent the actual meaning of the APA is not fleshed out by FSD and this phrasing being read by FSD in a vacuum without the broader context of the APA and the business realities of GBB and FSD.

34.     Undisputed.

---

[5]FSD_004646-FSD_004647;   FSD_018142;   FSD_029442;   FSD_019543;   FSD_000133-FSD_000135;  FSD_019555-FSD_019556;  FSD_012816-012817;  FSD_017910;  FSD_012816-012817;   FSD_028726-FSD_028736;   FSD_00144;   FSD.   FSD_029301-FSD_029302; FSD_029312-FSD_029335; FSD_029388-FSD_029396; FSD_028865-FSD_028867. Kotra Dep. 117:7-118:9, 158:18-161:5, 172:5-173:12, 177:9-17; 178:5-20.

[6] *See* **Exhibit D**, additional excerpts from the deposition transcript of John Gulyas ("Gulyas Dep.").

35.     Undisputed.

36.     Disputed. Section 4.9 (Intellectual Property) of the Jupiter APA states, ██████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████ Gulyas Decl., Ex. 14. This is a more accurate

definition under the terms of the APA.

37.     Disputed. Section 4.9 (Intellectual Property) of the Jupiter APA states, ██████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████ Gulyas Decl., Ex. 14. This is a more accurate

definition under the terms of the APA.

38.     Undisputed the language of the Jupiter APA is the best evidence of its contents.

Disputed as to the incorporation of the term ████████████████████ therein.

39.     Disputed. *See supra* disputed facts outlined in ¶¶5, 32.

40.     Disputed. FSD misrepresents and ignores the language of the Jupiter APA. Gulyas

Decl., Ex. 14. FSD claims in its Motion that Jupiter Wellness only paid $2,668,500, thereby

making Gauthier's opinions unreliable. The Jupiter Wellness APA consisted of a ████████████

████████████████████████████████████████████████████████████████████████

Gulyas Decl., Ex. 14. The purported $2,668,500 figure seemingly represents the value of the equity

at a point in time when the stock was valued at less than $1.00 per share, but not at the time of the

execution of the APA.

41.     Undisputed.

42.     While it is unclear specifically what "transaction" FSD refers, it is undisputed that

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

43.     Undisputed.

44.     Undisputed that the patent for Sure Shot was filed after FSD's misappropriation of

GBB's trade secrets.

45.     Undisputed.

46.     Disputed. While Unbuzzd is sold in powder form, it is also advertised as sold in a

liquid can form on FSD's website.[7]

47.     Disputed. ███████████████████████████████████████████████████████

███████████████████████████████████████████████████. Sandler Dep. 339:4-

10. Even if it were not a confusing question, which it is, such answer by Sandler does not mean

that the ingredient list could be derived from public sources that in conjunction lower one's blood

alcohol content level, just that the named individual ingredients could be taken from *multiple*

different sources. *See* FSD's Exhibit 31 (demonstrative exhibit). Such "public sources" included

two scientific studies of two ingredients, glycine and dandelion extract. One study is entitled

"Glycine Accelerates Recovery from Alcohol-Induced Liver Injury" and that is not related to

reducing one's blood alcohol level content. Likewise, the other article is entitled "Mulberry and

dandelion water extracts prevent alcohol-induced steatosis with alleviating gut microbiome

dysbiosis" is not related to reducing one's blood alcohol level content. Further disputed as Jarrett

---

[7] Quantum Biopharma, *Unbuzzed*, https://www.quantumbiopharma.com/unbuzzd

Boon testified that ███████████████████████████████████████████. Boon Dep. 53:18-54:12.[8]

48.     Disputed. *See supra* disputed facts outlined in ¶47.

49.     Disputed. It is unclear what FSD means by stating that "Sandler admitted that FSD's product is different from GBB's *information*." On its face, such statement does not make sense. It is undisputed that ████████████████████████████████████████████████ Sandler Dep. 174:4-12.

50.     Disputed as to FSD's characterization of the information. This purported referenced email is dated June 21, 2023, well-past not only the end of the negotiations between GBB and FSD in December 2022, but significantly after FSD's breach of the NDA and the misappropriation of GBB's trade secret, making this time period irrelevant not only because of this fact, but also because GBB's trade secrets were already misappropriated by FSD and the value of said trade secrets had plummeted. While FSD points to an alleged fact that there is no evidence that Mendieta had ever signed an NDA, inversely, there is no evidence he has not signed an NDA. This purported fact has no bearing on whether FSD, at the time it obtained GBB's confidential and proprietary information during the due diligence period of June 2022-November 2022, misappropriated GBB's trade secrets or otherwise breached the NDA.

## II.   GBB'S STATEMENT OF ADDITIONAL FACTS

1.      GBB is an active, Florida corporation. *See* **Exhibit E**.

2.      GBB initiated this lawsuit based upon (1) FSD's breach of the terms of the Parties' NDA; (2) FSD's misappropriation of trade secrets under 18 U.S.C. § 1836 (The Defend Trade

---

[8] *See* **Exhibit F**, additional excerpts from the deposition transcript of Jarrett Boon ("Boon Dep.").

Secrets Act ("DTSA")); and (3) FSD's misappropriation of trade secrets under the Florida Uniform

Trade Secrets Act ("FUTSA") (Fla. Stat. § 688.004). D.E. 1.

3.      Durkacz Dep. 62:8-

19; Carroll Dep. 65:15-66:6, 67:14-19,141:7-13; Gulyas Decl. ¶6, Ex. 1.

4.    

Gulyas Decl., Ex. 1.

5.     . *Id.*

6.    

. Gulyas Decl. ¶¶3-

12; Carroll Dep. 60:10-61:6; Durkacz Dep. 75:14-76:14; Saeed Dep. 45:2-5; Kotra Dep. 35:10-

36:1, 40:16-23, 87:8-14, 117:7-118:9, 148:1-25, 158:18-161:5, 172:5-173:12, 173:25-174:17,

177:9-17; 178:5-20, 179:2-4, 180:2-182:13, 191:4-19; FSD_029417-029425; FSD_017907;

FSD_004646-FSD_004647; FSD_018142; FSD_029442; FSD_019543; FSD_000133-

FSD_000135; FSD_019555-FSD_019556; FSD_012816-012817; FSD_017910; FSD_012816-

012817; FSD_028726-FSD_028736; FSD_00144; FSD_029301-FSD_029302; FSD_029312-

FSD_029335; FSD_029388-FSD_029396; FSD_028865-FSD_028867.

.[9]

---

[9] Kotra Dep. 35:10-36:1, 40:16-23, 148:1-25, 173:25-174:17, 179:2-4, 180:2-182:13, 191:4-19;
FSD_029417-029425; FSD_017907.

7.      GBB filed this lawsuit on May 1, 2023, due to the damage and harm caused to GBB by FSD's aforementioned conduct. D.E. 1.

8.      Prior to this lawsuit being initiated, FSD knew it had breached the NDA and internally tried to cover up such breaches. Composite **Exhibit G**, internal FSD email correspondence dated February 13, 2023, February 16, 2023, February 17, 2023, and March 2, 2023.

9.      On February 13, 2023, prior to issuing the February 14, 2023, press release announcing FSD's competing product, Lakshimi Kotra and Zeeshan Saeed discussed the "opportunity to bring GBB into the loop after the press release, to see if they would still be willing to work with us?" to which Zeeshan Saeed replied "My vote will be no. Let them contact us and we can negotiate." *Id.* at FSD_016602-FSD_016603. On February 17, 2023, after the FSD press release was announced, the Lucid Psycheceuticals team made sure to be "super sure" that they had deleted the evidence related to their misappropriation of GBB's confidential information. *Id.* at FSD_008641-FSD_008642.

10.     Additionally, on March 2, 2023, after receiving GBB's February 23, 2023, notification that FSD's press release harmed GBB and was a breach of the NDA, FSD retained counsel because they were concerned about their conduct and wanted to "make[] sure that we did not steal anything." *Id.* at FSD_021631-FSD_021633.

11.     . Gulyas Decl. Ex. 14, ¶22; D.E. l.



12. ███████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████ *Id.* § 2.1(b), Excluded Assets.

13. ███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████" *Id.* § 2.1(a)(xx)(emphasis added). ████████

██████████████████████████████████████████████. *See generally* Gulyas Decl.

Ex. 14. ███████████████████████████████████████████

███████ *Id.*

14. ███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████ Gulyas Decl. ¶¶13-16, Exs. 5-8.[10]

15. ███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[10] *See also* Kotra Dep. 35:10-36:1, 40:16-23, 117:7-118:9, 148:1-25, 158:18-161:5, 172:5-173:12, 173:25-174:17, 177:9-17; 178:5-20, 179:2-4, 180:2-182:13, 191:4-19; FSD_029417-029425; FSD_017907; FSD_004646-FSD_004647; FSD_018142; FSD_029442; FSD_019543; FSD_000133-FSD_000135; FSD_019555-FSD_019556; FSD_012816-012817; FSD_017910; FSD_012816-012817; FSD_028726-FSD_028736; FSD_00144; FSD_029301-FSD_029302; FSD_029312-FSD_029335; FSD_029388-FSD_029396; FSD_028865-FSD_028867.



███████████████████████████████████████████████████ Gulyas

Decl., Ex. 14, § 4.13 (emphasis added).

16.    ██████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████ Gulyas

Decl., Ex. 14, § 4.9(i)  (emphasis added).

17.    ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████    FSD_034228-FSD_034265.

18.    ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████. *Id.*

19.    ██████████████████████████████████████

████████████████████    Taylor Dep. 20:4-21:2; 125:19-23.[11]

20.    As a result of FSD's public announcement of a product that was derived, ████████

████████████████████████████████████████████████████

Firestone Dep. 82:8-83:14; Gulyas Decl. ¶21; Gulyas Dep. 147:4-22.

---

[11] *See* **Exhibit H**, additional excerpts from the deposition transcript of Jonathan Taylor ("Taylor Dep.").

21.    To provide an assessment of GBB's damages, GBB retained damages expert Mark

E. Gauthier. Gulyas Dep. 210:18-24. ██████████████████████████████████████████

██████████████████████████████████████████.[12]

22.    ████████████████████████████████ Boon Dep. 113:17-22; 123:4-8;

351:21-23.

---

[12] The Expert Report and Rebuttal Report are attached and incorporated to GBB's Response in Opposition to FSD's *Daubert* Motion to Exclude the expert testimony of Mark E. Gauthier, and the deposition transcript of Gauthier is attached and incorporated to FSD's *Daubert* Motion.

Dated: August 11, 2025.          Respectfully submitted,

By:  */s/ Meagan C. Nicholson*
      MEAGAN C. NICHOLSON
      Fla. Bar No. 1018351
      Email: meagan.nicholson@gmlaw.com
      Email: gabby.mangar@gmlaw.com
      LAWREN A. ZANN
      Fla. Bar No. 42997
      Email: lawren.zann@gmlaw.com
      Email: gabby.mangar@gmlaw.com
      **GREENSPOON MARDER LLP**
      200 East Broward Blvd., Suite 1800
      Fort Lauderdale, Florida 33301
      Tel: (954) 527-6296
      Fax: (954) 333-4027
      NATHAN M. GALINAT (*Pro Hac Vice*)
      Email: Nathan.gallinat@gmlaw.com

      *Attorneys for GBB Drink Lab, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of August 2025, a copy of the foregoing document was served via email to all attorneys of record.

By:  */s/ Meagan C. Nicholson*
      MEAGAN C. NICHOLSON