**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

GBB DRINK LAB, INC.,                              CASE NO.: 23-CV-60800-MD

    Plaintiff,

v.

FSD BIOSCIENCES, INC. and
FSD PHARMA, INC.,

    Defendants.

    and

FSD PHARMA, INC.,

    Third-Party Plaintiff/Counterclaim Plaintiff

v.

GBB DRINK LAB, INC., and JOSEPH ROMANO
    Third-Party Defendants/Counter Defendants

_____/

## **EXPEDITED MOTION TO SET ASIDE D.E. 190 AND REINSTATE JURY TRIAL**

Plaintiff GBB Drink Lab, Inc. ("GBB") hereby moves this Court to set aside D.E. 190 and respectfully requests that the Court reset this matter for a jury trial. In support thereof, GBB states as follows:

## **BACKGROUND**

Throughout the duration of this case, the parties have operated under the premise that this matter was set for a jury trial. The parties' understanding of this fact has influenced trial strategies throughout the pendency of this case and the parties' conduct is consistent with this understanding.

1

This Court, in turn, has entered multiple orders setting this matter for a jury trial, which the parties have relied on.

On August 24, 2023, GBB and the Defendants, FSD Biosciences, Inc. and FSD Pharma, Inc. (collectively, "FSD") filed their first joint scheduling report, wherein the parties specifically requested five days for a jury trial. *See* D.E. 40. On September 6, 2023, the Honorable Judge Raag Singhal, who previously presided over this matter, issued the first trial order, setting this matter for a jury trial scheduled for November 18, 2024. *See* D.E. 41 (docket text confirming date and time of scheduled jury trial). On October 16, 2023, GBB and FSD filed a joint motion to extend the deadline to amend pleadings or join parties [D.E. 44], which the Court granted on October 18, 2023. There, the Court issued its first amended trial order, wherein the Court confirmed once more that a jury trial was scheduled and set for November 18, 2024. *See* D.E. 45 (docket text confirming date and time of scheduled jury trial). On April 26, 2024, this matter was transferred to the Honorable Judge Melissa Damian, and the Court issued a second amended scheduling order, wherein the Court confirmed this matter was still scheduled for a jury trial on November 18, 2024. *See* D.E. 61. On June 26, 2024, FSD and GBB jointly moved to extend the case management deadlines, jointly requesting deadlines and a trial schedule applicable to a jury trial. *See* D.E. 75. On July 2, 2024, the Court granted this request, issuing its third amended trial order, scheduling this matter for a jury trial to take place on June 16, 2025. *See* D.E. 78. On December 12, 2024, all parties, GBB, FSD, and Third-Party Defendant, Joseph Romano, jointly filed a motion to extend the case management deadlines, again jointly requesting deadlines and a trial schedule applicable to a jury trial, and specifically requesting a date to submit proposed jury instructions. *See* D.E. 81. On December 16, 2024, the Court granted this request, issuing its fourth amended trial order, scheduling this matter for a jury trial to take place on October 6, 2025. *See* D.E. 82. Finally, on

June 24, 2025, FSD filed a motion to extend certain case management deadlines [D.E. 110], to which the Court granted in part, and issued its fifth amended trial order, which rescheduled this matter for a jury trial on November 3, 2025, wherein the Court also included deadlines applicable to a jury trial. *See* D.E. 114.

Given the aforementioned procedural history in which a jury trial was confirmed *six times* in *six* separate scheduling orders, GBB relied on the entered scheduling orders and has formulated its case and trial strategy under the presumption that a jury trial would take place in this matter, as have the other parties. Indeed, since the Court's Initial Scheduling Order entered on September 6, 2023, FSD's conduct shows that FSD has been operating under the premise that this matter was headed to a jury trial. In FSD's counsel's communication to the Court's chambers, memorialized in an email including all counsel on September 17, 2025, FSD's counsel noted that they "had called [the Court's chambers] to confirm that this matter was set for the jury trial calendar for the first two weeks of November." *See* Ex. A (Email from FSD's counsel to the Court's chambers on September 17, 2025). And the purpose of such call was "to confirm that we were *still set* for a jury trial during that period." *Id.* (emphasis added).

FSD's understanding that this matter was headed to a jury trial is further elucidated by the record. For example, in the deposition of GBB's expert Dr. Edward G. Brown on June 30, 2025, FSD's counsel asked a series of questions reflecting FSD's understanding that this case was headed to a jury trial. For example, FSD's counsel asked Dr. Brown the following questions, all of which presuppose the participation of a jury:

> "Okay. So you'd agreed with me that a court or a juror could conduct the same analysis and they do not necessarily need the same technical background that you

3

have. Is that fair to say?" *See* Ex. B (Excerpts from Deposition of Dr. Edward G. Brown).[1] Brown Dep. 144:15-19.

"So, for example, an attorney, a judge or a juror could look at what's in the patent and compare it to, for example, an ingredient list, correct?" *Id.* at 292:16-19.

"So in terms of your review of the documents, Mr. Brown, can you agree with me that for the vast majority of your analysis, a layperson such as a juror or even a judge could do a similar analysis and reach their own independent conclusions about the documents that you reviewed?" *Id.* at 308:20-309:1.

There is no reason for FSD's counsel to make any reference to jurors in deposition questioning *unless* there was an understanding that this case was subject to a jury trial. In sum, FSD's counsel understood, throughout the pendency of this action, that this case was subject to a jury trial. Moreover, FSD went to great lengths to file two separate Daubert motions, seeking to disqualify both of GBB's experts, which both GBB and FSD briefed fully [D.E. 127, 128, 152, 153, 170, 171] under the expectation that such motions were ripe based upon the Court's entry of multiple scheduling orders setting a jury trial. Indeed, FSD predicated, in part, its arguments in those motions on the basis of such expert testimony allegedly being "not helpful to the jury because it is inaccurate and misleading." D.E. 170, § C.[2]

Based upon the Court's scheduling orders and the parties' conduct throughout this matter, and for the reasons set forth below, GBB will be unduly prejudiced if it is forced to change its trial strategy on the eve of trial after years of tailoring its litigation strategy under the presumption this matter was set for a jury trial. GBB therefore requests the Court strike its September 17, 2025, order and reinstate this matter for a jury trial to commence on November 3, 2025.

---

[1] Limited portions of the deposition transcript of Dr. Edward G. Brown are attached hereto for the purposes of supporting this Motion, and by filing same, GBB does not waive or change its confidentiality designation for the deposition transcript of Dr. Edward G. Brown, and maintains its confidentiality designation over same.

[2] The foregoing examples are not meant to be exhaustive as the instances wherein the parties indicated their understanding that this matter would proceed to a jury trial are numerous. *See, e.g.,* D.E. 46 (identifying "the jury at trial" as a person to whom confidential material may be disclosed) and 68 (GBB stating "[i]t will be for the jury to decide whether GBB was telling the truth….").

## ARGUMENT

### I. GBB Has The Right To A Jury Trial

#### A. *Standard for the Right to a Jury Trial*

The Seventh Amendment right to a jury trial is deeply ensconced in American jurisprudence and is an "essential component to our federal judicial system." *FGDI, Inc. v. Bombadier Capital Rail, Inc.*, 383 F.Supp.2d 1350, 1352 (M.D. Fla. 2005). "The Seventh Amendment preserves the right to trial by jury in suits in which legal rights are to be determined in contrast to those in which equitable rights and remedies are involved." *Phillips v. Kaplus*, 764 F.2d 807, 811–12 (11th Cir. 1985) (citing *Parsons v. Bedford*, 28 U.S. 433, 466 (1830)). Rule 38(a) of the Federal Rules of Civil Procedure underscores, "[t]he right of trial by jury ... is preserved to the parties inviolate."

#### B. *For the Entirety of this Case, the Parties Have Operated Under the Premise that this Matter Would Be Set For Jury Trial, and Accordingly, the Court Should Reset this Matter for a Jury Trial*

Although not explicitly requested in its Complaint by GBB's previous attorneys, the Court should resist any implication that GBB waived his right to a jury trial on its claims based upon the parties' conduct. The Eleventh Circuit has made it clear that the Court must "indulge every reasonable presumption against waiver" of the jury trial right, which is "vital" and "cherished." *LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993); *see also Continental Cas. Co. v. First Financial Employee Leasing, Inc.*, Case No. 8:08-CV-2372-T-27GW, 2010 WL 11453164, at *3 (M.D. Fla. March 24, 2010) ("[A] district court's discretion to deny a jury trial is 'very narrowly limited and must, wherever possible, be exercised to preserve jury trial.'" (quoting *Borgh v. Gentry*, 953 F.2d 1309. 1311 (11th Cir. 1992))).

The Court and the parties have planned for a trial by jury since the beginning of this case. Consistent with that plan, and as outlined in detail above, all scheduling requests and scheduling orders have been filed and formatted under the assumption this would be a jury trial. Indeed, since the filing of the parties' first joint scheduling report on August 24, 2023 [D.E. 40] and the entry of the first trial order setting this matter for a jury trial, entered on September 6, 2023 [D.E. 41] (docket text confirming date and time of scheduled jury trial), the parties have jointly filed three joint requests for extension [D.E. 44, 75, and 81], and FSD has filed its own request for extension [D.E. 110] wherein such requests sought case management deadlines reflective of a jury trial, to which the Court has obliged and entered five subsequent case management orders confirming this matter was a jury trial [D.E. 45, 61, 78, 82, 114].

The Court should construe the jury demand in context—namely that FSD, GBB, and Romano have assented throughout this case that this matter would proceed to a jury trial. District Courts in Florida have repeatedly concluded that a party's agreement to a jury trial expressed in a joint case management report bears on whether the jury trial right has been preserved, and the Court should do the same here. *See e.g., Entourage Custom Jets, LLC v. Air One MRO, LLC*, No. 18-22061-CIV, 2019 WL 5597453, at *4 (S.D. Fla. Oct. 30, 2019) ("Accordingly, Plaintiff's agreement in the joint conference report and extended delay in raising any objections are sufficient reasons to conclude that the parties consented to a jury trial."); *Bautech USA, Inc. v. Resolve Equip., Inc.*, No. 23-60703-CIV, 2024 WL 3299365, at *3 (S.D. Fla. June 13, 2024) (noting defendant waited too long to file its motion to strike where it was not filed until "nearly a year after the Complaint was filed, 11 months from the time of the Court's first Scheduling Order, and mere months before scheduled trial."); *Nview Health, Inc. v. Sheehan,* No. 8:21-CV-385-VMC-TGW, 2022 WL 17782478, at *2 (M.D. Fla. Dec. 19, 2022) ("The parties have proceeded

throughout this case as if the case were going to be tried by a jury. Each of the three Case Management and Scheduling Orders has set the case for jury trial."); *Roth v. Nationstar Mortgage, LLC*, Case No. 2:15-cv-783-FtM-29MRM, 2016 WL 7473818, at *1–2 (M.D. Fla. Dec. 29, 2016) (by "signing the parties' Case Management Report selecting the 'jury trial' option" the defendant consented to a jury trial and thus waived its right to invoke the plaintiff's waiver of her jury right); *Galle v. Nationstar Mortgage, LLC*, Case No. 2:16-cv-407-FtM-38CM, 2017 WL 2972072, at *1–2 (M.D. Fla. July 12, 2017) (denying motion to strike jury demand in part because party sought to strike the jury demand only after the parties had "represented the case as a jury trial in their joint Case Management Report"); *Madura v. Countrywide Home Loans, Inc.*, No. 806CV2073T24TBM, 2008 WL 151850, at *1 (M.D. Fla. Jan. 15, 2008) (denying motion to strike plaintiff's jury demand where defendants "indicated on their case management report that Plaintiffs demanded a jury trial (and they did not indicate their objection thereto) and they failed to object to the Court's scheduling orders setting this case for a jury trial"); *Coleman v. Lazy Days RV Ctr., Inc.*, No. 8:05-CIV-930-T17TBM, 2007 WL 2696789, at *2 (M.D. Fla. Sept. 12, 2007) ("The defendant agreed to a jury trial in the Case Management Report by a way of signature . . . ."). Here, the parties have not made any objections to the Court's scheduling orders and indicated in their joint submissions that this case would be subject to a jury trial.

Furthermore, it would be unduly prejudicial to all parties in this case if they are forced to change their trial and litigation strategy on the eve of trial, after the completion of the pre-trial phase of this case. *Brown Jordan Int'l Inc. v. Carmicle*, No. 0:14–CV–60629, 2015 WL 11197774, at *1 (S.D. Fla. Aug. 27, 2015) (denying motion to strike jury demand, where "[a]s noted above, Plaintiff has prepared his case for a trial by jury for an extended period of time, and this case is in

7

the final stages of preparation for trial."); *Yousef v. Borman Foods, Inc.*, 667 F. Supp. 443, 444 (E.D. Mich. 1987) ("Whether or not a case is to be tried to a jury should be determined in the early pre-trial stages of litigation, not on the eve of trial."); *Hildebrand v. Board of Trustees*, 607 F.2d 705, 710 (6th Cir. 1979) ("Any good trial lawyer will testify that there are significant tactical differences in presenting and arguing a case to a jury as opposed to a judge.").

In fact, this Court has denied otherwise meritorious motions to strike a jury demand because granting it so late in the case would prejudice the other party. *See Brown Jordan Int'l Inc.* 2015 WL 11197774, at *1-2 (denying entry of motion to strike where "the potential prejudice to Plaintiff is too great" where "[t]rial is in two months. Discovery is closed. The deadline for dispositive motions has passed. Motions for summary judgment are pending. Plaintiff has prepared his case for trial, including conducting all discovery, for the past eighteen months on the assumption that his case would be tried to a jury."); *Nview Health, Inc.* 2022 WL 17782478, at *2 ("The question of whether Dr. Sheehan was entitled to demand a jury on the issues raised by his counterclaims only arose after the Court entered its summary judgment order on November 17, 2022. The Court will not strike the demand on the eve of trial, when both parties have operated under the assumption that the case would be tried by a jury throughout every phase of the litigation.") (emphasis added). This is the exact set of circumstances in this case.

Since the entry of the first trial order on October 18, 2023, GBB has tailored its trial and litigation strategy under the presumption that this matter would proceed to a jury trial, and has made case strategy decisions with an eye to presenting their case to a jury. These crucial decisions would have been made differently if planning for a bench trial. Now, less than two-months prior to the November 3, 2025, scheduled trial date, GBB is asked to swiftly change its trial strategy, after all discovery and depositions have been completed, after the parties have already briefed their

dispositive motions, and after GBB has already begun trial preparation. As such, the Court should set aside its September 17, 2025, order and reinstate a jury trial for this matter consistent with the parties' repeated desires.

### A. The Court, alternatively, should use its discretion pursuant to Federal Rule of Civil Procedure 39(b) to impanel a jury.

Even if this Court declines to find that the parties, through their conduct, have assented to and requested a jury trial, the Court may order a jury trial on any issue for which a jury might have been demanded. Fed. R. Civ. P. 39(b). District courts in the Eleventh Circuit should (and regularly do) grant requests for jury trial in the "absence of strong and compelling reasons to the contrary." *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) (internal quotation marks omitted). Federal courts, and particularly courts in this District, regularly try cases to an advisory jury where entitlement to a jury does not exist as a matter of right. *See, e.g., Wilson v. City of Aliceville*, 779 F.2d 631, 635 (11th Cir. 1986); *Thompson v. Caliber Home Loans, Inc.*, No. 15-21616-CIV, 2016 WL 278731, at *4 (S.D. Fla. Jan. 22, 2016); *H & J Contracting, Inc. v. Jacobs Eng'g Grp., Inc.*, No. 15-61462-CIV, 2015 WL 6504543, at *3 (S.D. Fla. Oct. 28, 2015); *Omega v. Deutsche Bank Trust Co. Americas*, 920 F. Supp. 2d 1298, 1301 (S.D. Fla. 2013); *Hamid v. Ocwen Loan Servicing, LLC, No*. 13-62821-CIV, 2014 WL 766659, at *2 (S.D. Fla. Feb. 26, 2014); *Sanchez v. City of Miami Beach*, 720 F. Supp. 974, 975 (S.D. Fla. 1989).

Indeed, federal courts "often freely grant" Rule 39(b) requests upon balancing several factors: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the request would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *Parrott*, 707 F. 2d at 1267.

These factors singularly and together provide overwhelming support for the Court exercising its discretion under this case's facts.

First, there remain legal issues in this case best tried to a jury. Breach of contract and tort claims for monetary damages are quintessential claims that a jury is aptly capable of hearing. *See Continental Cas. Co.*, 2010 WL 11453164, at *4 (factor favored jury trial because case was "essentially a breach of contract action, and one involving only two parties," and "[s]uch lawsuits generally do not present questions beyond a jury's capability"). Moreover, many critical fact issues in this case, such as whether FSD breached its duties pursuant to the parties' Mutual NDA and whether FSD misappropriated GBB's trade secrets will turn on credibility determinations well suited to jurors, like what representations were made between the Parties and when and what certain emails meant to them. *See Guardian Life Ins. Co. v. Lutz*, Case No. 2:13-cv-335-FtM-29DNF, 2014 WL 12618325, at *1 (M.D. Fla. May 22, 2014) (denying motion to strike jury demand in part because the case "require[d] the determination of multiple questions of fact, which are best addressed by a jury"); *In re Pearlman v. Mtv Networks*, Case No. 6:10-cv-181-28DAB, 2010 WL 3431825, at *3 (M.D. Fla. Aug. 27, 2010) (similar).

Second, reinstating a jury trial in this matter will not have any adverse effect on the Court's or the other parties' schedules. The parties have been planning for a two-week jury trial since the entry of the first scheduling order September 6, 2023 [D.E. 41]. And on June 27, 2025, the Court set this matter for a two-week jury trial period commencing November 3, 2025. The Court's most recent scheduling order re-setting this matter for a bench trial, has kept the trial date on the Court's two-week calendar call beginning November 3, 2025. All parties and the Court have planned from the outset that this would be a jury trial. The presentation of evidence would proceed much the

same regardless of the fact-finder, and the time needed to instruct the jury would be modest compared to the significant interest at stake.

Third, no party will suffer prejudice if the Court exercises its Rule 39(b) discretion to impanel a jury. In *Guardian Life Insurance*, the Court concluded that exercising its discretion under Rule 39(b) would not prejudice a party seeking to strike a jury demand because that party had "already agreed to the trial date" and appeared to have "in fact prepared as if this case would be tried by a jury." 2014 WL 12618325, at *1. Similarly, the parties have long manifested their agreement that this case would be tried by a jury, [D.E. 40, 41, 44, 45, 61, 75, 78, 81, 82, 110, 114], and prepared the case for a jury trial, *see, e.g.*, D.E. fully [D.E. 127, 128, 152, 153, 170, 171] (FSD's submission of its *Daubert* motions, understanding that the case would be tried to a jury); *see also* Brown Dep. 144:15-19; 292:16-19; 308:20-309:1.

Fourth, this request for a jury under Rule 39(b) is not untimely given all parties' expectations and understanding that this case would be tried to a jury. Based on the parties' conduct of jointly filing multiple scheduling requests requesting deadlines applicable to a jury trial, and submitting no objection to this Court's orders confirming same, all parties have reasonably understood they have assented to a jury trial on all jury-triable issues. No party requested this Court to order a bench trial instead of a jury trial.

Fifth, the Court should weigh the circumstances of this case, in that all parties and this Court clearly expected the claims and defenses raising jury-triable issues to be tried to a jury. This affords a compelling reason for consistency, especially given the strength of the other four factors. *See Guardian Life Insurance*, 2014 WL 12618325, at *1 (granting a jury trial even though the absence of compelling circumstances was "outweigh[ed]" by the "strength of the other factors").

11

## **CONCLUSION**

For the foregoing reasons, Plaintiff GBB Drink Lab, Inc. respectfully requests this Court to set aside its September 17, 2025 order [D.E. 190], and reset this matter for a jury trial commencing on November 3, 2025. In conjunction with this request, GBB additional requests this Court reset the deadlines for filing motions *in limine* ahead of the scheduled November 3, 2025 jury trial date. Pursuant to Local Rule 7.1(d)(2), GBB files this motion as an expedited motion and **requests that the Court make its ruling on, or before, September 30, 2025**, so that the parties may have sufficient time to prepare for the upcoming trial deadlines.

Dated: September 23, 2025.   Respectfully submitted,

By: */s/ Meagan C. Nicholson*
MEAGAN C. NICHOLSON
Fla. Bar No. 1018351
Email: meagan.nicholson@gmlaw.com
Email: gabby.mangar@gmlaw.com
LAWREN A. ZANN
Fla. Bar No. 42997
Email: lawren.zann@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027
NATHAN M. GALINAT (*Pro Hac Vice*)
Email: Nathan.gallinat@gmlaw.com

*Attorneys for GBB Drink Lab, Inc.*

**Certification of Compliance with Local Rule 7.1**

Prior to filing this Motion, the undersigned conferred with all parties in a good faith effort to resolve the issues raised herein. Counsel for Romano takes no position on the Motion at this time. Counsel for FSD has informed Counsel GBB that FSD opposes the relief sought herein.

Dated: September 23, 2025

By: */s/ Meagan C. Nicholson*
MEAGAN C. NICHOLSON

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **23rd** day of September 2025, a copy of the foregoing document was served via email to all attorneys of record.

By: */s/ Meagan C. Nicholson*
MEAGAN C. NICHOLSON