UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| GBB DRINK LAB, INC.,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>FSD PHARMA INC. and FSD BIOSCIENCES INC.,<br><br>    Defendants/Counterclaimants.<br><br>FSD PHARMA INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>JOSEPH ROMANO,<br><br>    Third-Party Defendant. | CASE NO. 23-CV-60800 |

### BLANK ROME LLP'S EXPEDITED MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Rule 11.1(d)(3), Blank Rome LLP and the undersigned attorneys (collectively, "Blank Rome") respectfully move this court for an order granting leave to withdraw as counsel for Defendants FSD Pharma, Inc. and FSD BioSciences, Inc. (collectively, "FSD"). Movants seek to withdraw in full, including as to all Blank Rome attorneys who have appeared on behalf of FSD in the above-captioned matter. Withdrawal is appropriate and warranted here because FSD has failed substantially to fulfill its obligations to Blank Rome regarding Blank Rome's services and has been given reasonable warning that Blank Rome will withdraw unless the obligations are fulfilled, and continued representation would impose an unreasonable financial burden on Blank Rome. In support of this motion, Blank Rome states as follows:

1

I. BACKGROUND

1. Blank Rome LLP first entered its appearance for FSD on July 13, 2023 and has represented FSD in this matter since then. *See* ECF Nos. 30-33, 35-37, 65-67, 83.[1]

2. Currently pending before the Court are several motions for summary judgment, including any joinder, supporting record evidence, and responses thereto. *See* ECF Nos. 116-120, 122-123, 125, 129-130, 145, 147, 150-151, 155-157, 161-162, 164-166, 168-169. The several motions are fully briefed and ripe for adjudication by this Court, including FSD's motions against Plaintiff GBB Drink Lab, Inc. seeking to dismiss all claims against FSD.

3. This case is currently set for a bench trial on November 3, 2025. ECF No. 190. Other than the vacated deadline for motions *in limine*, all other previous pretrial deadlines stand as set by the Court, beginning with the October 3, 2025, deadline for counsel to meet-and-confer to review pre-marked exhibits and proposed demonstratives. ECF Nos. 114-115.

II. LEGAL STANDARD

4. The Court has discretion to grant withdrawal of an attorney's appearance. *See Portnoy v. United States*, 811 F. App'x 525, 530-31 (11th Cir. 2020) ("Permission to withdraw … [is] always within the discretion of the trial court," and "the district court did not abuse its discretion by allowing [the attorney] to withdraw").

5. Federal courts have recognized that "an attorney may seek to withdraw if he can show … that there is good cause, affecting the relationship between the lawyer and the client, for the withdrawal." *In re Davis*, 258 B.R. 510, 513 (Bankr. M.D. Fla. 2001); *see also Portnoy*, 811 F. App'x at 529-30 (affirming an order permitting withdrawal, which stated that "[i]t became

---

[1] Ms. Nicole Topper and Ms. Danielle Hudson previously withdrew as counsel prior to transitioning from Blank Rome LLP to different roles. *See* ECF Nos. 86, 89, 108-109.

2

abundantly clear at the hearing that Plaintiff and his counsel cannot work together in a manner to give Plaintiff effective legal representation. Therefore, under Rule 4-1.16(b) of the Rules Regulating the Florida Bar, permissive withdrawal of Plaintiff's counsel is appropriate.").

6. A client's refusal "to pay counsel [their] agreed-upon fee going forward" is sufficient "good cause" to permit withdrawal of representation. *See Jenkins v. Akima Global Servs., LLC*, 23-cv-24501, 2024 WL 3345739 at *2 (S.D. Fla. June 17, 2024) (citing *In re Egwim*, 291 B.R. 559, 575 (Bankr. N.D. Ga. 2003) ("[A] lawyer is not required, of course, to provide services without compensation.")).

7. Pursuant to Rule 4-1.16(b) of the Florida Rules of Professional Conduct, counsel may seek to withdraw from representation if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;

(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(5) other good cause for withdrawal exists.

### III. ARGUMENT

8. Here, good cause exists to permit Blank Rome to withdraw under subsections (3), (4), and (5) of Rule 4-1.16(b).

9. Under subsection (3), Blank Rome provided FSD with reasonable warnings that, unless FSD could pay outstanding bills owed to Blank Rome as part of its obligations, and commit

to paying future fees and expenses incurred, Blank Rome would seek to withdraw as counsel and be unable to represent FSD moving forward—including at trial in this matter.

10. Under subsection (4), if Blank Rome is required to continue representing FSD without payment of prior outstanding fees owed, it will suffer an unreasonable financial burden by expending substantial time and effort through trial without due compensation.

11. Blank Rome sought to resolve these matters through written, phone, and video correspondence with FSD and its representatives over several months. In order to advance FSD's interests during this time, Blank Rome completed briefing the summary judgment and *Daubert* motions, and did not seek to withdraw until it became clear that these issues could not be resolved.

12. Moreover, FSD has directed Blank Rome to withdraw its appearances while FSD secures substitute counsel to represent it in this matter, which constitutes good cause under subsection (5).

13. For the sake of attorney-client privilege and confidentiality of client matters as required by Florida Bar Rule 4-1.6, Blank Rome will not disclose greater detail unless the Court specifically directs counsel to do so.

14. Pursuant to Local Rule 11.1(d)(3)(A), Blank Rome has given notice of its intent to withdraw to FSD and opposing counsel, including by providing a pre-filing copy of this motion.[2] Blank Rome also conferred with counsel of record as required by Local Rule 7.1, as reflected in the attached Certificate of Conferral.

---

[2] This filed version is in substantially the same form.

15. Pursuant to Local Rule 11.1(d)(3)(A), Movants are providing the last-known mailing addresses for FSD Pharma, Inc. (the parent company of FSD BioSciences, Inc.), which is now known as "Quantum BioPharma." Its addresses are as follows:

> Quantum BioPharma,
> 55 University Avenue
> Suite 1003
> Toronto, ON, M5J 2H7, Canada
>
> Registered Office Address:
> Corporation Trust Centre
> 1209 Orange Street
> Wilmington, DE 19801, USA

16. Finally, pursuant to Pursuant to Local Rule 7.1(d)(2), and in light of the forthcoming deadlines and trial date, there is good cause for the Court to hold a hearing or enter its ruling on an expedited basis to address the present issues.

## IV.    CONCLUSION

For the reasons set forth herein, Blank Rome respectfully requests that the Court grant permission for Blank Rome to withdraw from further representation of FSD in connection with the above-captioned matter. Given that all opposing parties represented that they have no position on the instant motion, and therefore do not oppose the relief sought, FSD requests that the Court enter its ruling on this matter **no later than September 26, 2025**.

Dated:  September 23, 2025                                   Respectfully submitted,

                                                  **BLANK ROME LLP**

By: */s/ Michael Esposito*
Michael R. Esposito
Florida Bar No. 37457
Blank Rome LLP
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Phone: (813) 255-2300
Facsimile: (813) 830-7444
Email: Michael.Esposito@BlankRome.com

By: */s/ Jason Snyderman*
Jason A. Snyderman (*pro hac vice*)
Blank Rome LLP
130 North 18th Street
Philadelphia, PA 19103
Email: Jason.Snyderman@BlankRome.com

By: */s/ John Wixted*
John P. Wixted (*pro hac vice*)
Blank Rome LLP
130 North 18th Street
Philadelphia, PA 19103
Email: John.Wixted@BlankRome.com

By: */s/ Timothy Miller*
Timothy J. Miller (*pro hac vice*)
Blank Rome LLP
130 North 18th Street
Philadelphia, PA 19103
Email: Timothy.Miller@BlankRome.com

By: */s/ Robert Levicoff*
Robert C. Levicoff (*pro hac vice*)
Blank Rome LLP
130 North 18th Street
Philadelphia, PA 19103
Email: Robert.Levicoff@BlankRome.com

## LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1, United States District Court for the Southern District of Florida, the undersigned certifies that the movants have conferred with counsel for all parties to this matter, and that all other parties have no position regarding the relief sought by this motion.

Dated: September 23, 2025                          Respectfully submitted,

                                                                            **BLANK ROME LLP**

                                                                            By: */s/ Michael Esposito*
                                                                            Michael R. Esposito
                                                                            Florida Bar No. 37457

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on September 23, 2025, with the Clerk of the Court by using the CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF, and that Blank Rome will provide a copy of these filings immediately to FSD.

Dated:  September 23, 2025

Respectfully submitted,

**BLANK ROME LLP**

By: */s/ Michael R. Esposito*
Michael R. Esposito
Florida Bar No. 37457