**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

GBB DRINK LAB, INC.,

      Plaintiff/Counterclaim-Defendant,

v.

FSD PHARMA INC. and FSD
BIOSCIENCES INC.,

      Defendants/Counterclaimants.

      CASE NO. 23-CV-60800

---

FSD PHARMA INC.,

      Third-Party Plaintiff,

v.

JOSEPH ROMANO,

      Third-Party Defendant.

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO SET ASIDE D.E. 190 AND REINSTATE JURY TRIAL**

      Pursuant to the Court's September 24, 2025 Order [ECF No. 193] granting expedited briefing on this issue, FSD Pharma, Inc. and FSD BioSciences, Inc. (collectively, "FSD") hereby file this Response in Opposition to Plaintiff GBB Drink Lab, Inc.'s ("GBB") Motion to Set Aside D.E. 190 and Reinstate Jury Trial [ECF No. 191] (the "Motion"). In support thereof, FSD states as follows:

### I.    INTRODUCTION

      GBB's argument fails for a simple reason: no party timely filed a jury demand. GBB's argument ignores the plain text of the Federal Rules of Civil Procedure, and it instead raises a

series of misguided arguments to make an untimely jury demand where a jury trial is simply not warranted.  Given the complexity of the issues that must be presented at trial involving trade secrets, patents, and several contracts, this case would be better tried by a judge than a jury.  GBB's Motion should be denied because its arguments are not supported by the law, and because this Court has full discretion to hear the several complex issues at a bench trial.

## II.   <u>ARGUMENT</u>

### A.  GBB Does Not Have a Right to a Jury Trial (Nor Does Any Party in This Action)

No party to this suit has filed a jury demand.  Under the plain text of Rule 38, each party (including GBB) has waived the right to a jury trial.  FED. R. CIV. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed."); *see also Thomas v. Jome Depot USA, Inc.*, 661 F. App'x 575, 577 (11th Cir. 2016) ("A party's failure to serve and file a jury demand in compliance with Rule 38(b) constitutes a waiver of the right to a jury trial.").  Under Rule 38(b), the deadline to file a jury demand is fourteen days after the last pleading related to that issue.  FED. R. CIV. P. 38(b)(1) (a written jury demand must be served "no later than 14 days after the last pleading directed to the issue is served").

As to issues raised in GBB's original Complaint at [ECF No. 1] and its First Amended Complaint ("FAC") at [ECF No. 19], GBB failed to file a jury demand with its pleadings.  FED. R. CIV. P. 38(b)(2).   Likewise, no jury demand was recorded in the Court's Case Management/Electronic Case Files (CM/ECF) system by GBB.  The last responsive pleading to issues raised in the FAC was FSD's Answer at [ECF No. 52] filed January 22, 2024.  GBB's deadline to file its jury demand was February 5, 2024, making GBB's demand for a jury trial late by 597 days (as of GBB's Motion [ECF No. 191] filed September 23, 2025).

As to FSD's Counterclaims I and II, also filed at [ECF No. 52] on January 22, 2024, GBB filed its Answer at [ECF No. 53] on February 12, 2024 responding to the general allegations to both GBB and Romano, and to Counterclaim II (directed only to GBB).  GBB filed no jury demand as to those issues in that pleading or via CM/ECF, and did not file a jury demand by February 26, 2024.  Romano subsequently responded to the general allegations and Counterclaim I (directed only to Romano) at [ECF No. 80] on October 23, 2024, making a jury demand due no later than November 6, 2024.[1]  GBB therefore makes this demand either 576 days late (if the demand was due by February 26, 2024) or 322 days late (if the demand was due by November 6, 2024).

Simply put, no party to this action has a right to a jury trial because no party timely filed a jury demand.  GBB's assertion of its "right" to a jury trial are unsupported and in direct contradiction to the plain text of the law—which GBB tacitly admits in its own brief.  *See* [ECF No. 191] at 5 (admitting that a jury demand was "not explicitly requested in its Complaint by GBB's previous attorneys").[2]  GBB therefore has no right to demand a jury trial under Rule 38.

**B.  GBB's Arguments Regarding a Jury Demand at This Stage are Unsupported**

Every case cited by GBB at [ECF No. 191] pgs. 6-7 is inapplicable and distinguishable because, in each and every case, a jury demand was timely filed by the party seeking a jury trial.  *See Entourage Custom Jets, LLC v. Air One MRO, LLC*, 18-22061, 2019 WL 5597453, at *3-*5 (S.D. Fla. Oct. 30, 2019) (where the defendant invoked a jury demand in its counterclaim, and

---

[1] Romano has taken no position on these issues.

[2] Further, there are no "previous" attorneys for GBB.  Prior to Greenspoon Marder, LLP entering appearances, GBB was represented only by Darren Heitner.  Mr. Heitner is still current counsel of record, not a "previous" attorney.  Setting aside any insinuations GBB means by citing to its "previous" counsel, "[i]t is the general rule that a client is bound by the acts of his attorney including any waivers made by counsel."  *See Plaintiff B v. Francis*, 5:08-cv79, 2009 WL 455392, at *1 (N.D. Fla. Feb. 23, 2009) (citing *State v. Daniels*, 826 So.2d 1045 (Fla. App. 5th 2002) (citing the general rule followed in Florida)) ("a shift in counsel would not vacate prior actions").

plaintiff untimely sought to strike the jury demand by invoking defendant's waiver of a jury trial *from a prior contract*); *Bautech USA, Inc. v. Resolve Equip., Inc.*, 23-60703, 2024 WL 3299365 (S.D. Fla. June 13, 2024) (denying defendant's motion to enforce a jury waiver *in a contract* because the plaintiff had filed a jury demand); *Nview Health, Inc. v. Sheehan*, 8:21-cv-385-VMC-TGW, 2022 WL 17782478, at (M.D. Fla. Dec. 19, 2022) (holding that a jury trial should still be held because the party seeking to invoke a jury trial had filed a jury demand in counterclaims that were recently dismissed); *Roth v. Nationstar Mortgage, LLC*, 2:15-cv-783, 2016 WL 7473818, at *2 (M.D. Fla. Dec. 29, 2016) (where a plaintiff filed a jury demand, and the defendant failed to invoke the jury waiver *contained in a contract*); *Galle v. Nationstar Mortgage, LLC*, 2:16-cv-407, at *2 (M.D. Fla. July 12, 2017) (adopting the same reasoning in *Roth* to deny an untimely request to strike a jury demand filed by plaintiff, which defendant sought to strike based on a *contractual waiver of a jury trial*); *Madura v. Countrywide Home Loans, Inc.*, 8:06-cv-2073-T-24-TBM, 2008 WL 151850, at *1 (M.D. Fla. Jan. 15, 2008) (denying a motion to strike a jury demand made by plaintiff because it was untimely filed); *Coleman v. Lazy Days RV Center, Inc.*, 8:05-CIV-930-T-17TBM, 2007 WL 2696789 (M.D. Fla. 2007) (denying a motion to strike plaintiff's jury demand, which defendant based on a *contractual waiver of a jury trial*).

As the above makes clear, each case involved a clearly filed jury demand, and several cases involved a party moving to strike those jury demands under contractual provisions. That is not the case here, where no party filed a jury demand at all (whether by pleading one, timely serving a notice on all parties, or even registering a jury demand via the CM/ECF system). The cases cited by GBB are simply inapplicable to this case.

Although GBB cites distinguishable case law (which alone warrants denial of the relief it seeks), its arguments are still not compelling even under the principles it asserts, *i.e.* that the parties

jointly requested a jury trial.  In a similar case, where (1) no party filed a jury demand, (2) the standard boilerplate language of the scheduling orders of the court was used, and (3) the Court mistakenly set the matter for a jury trial, this Court has found that a jury trial was not warranted and reset the matter for a bench trial.  *See, e.g., Hoggins v. Mid-Continent Casualty Ins. Co.*, No. 16-80764-CIV-MARRA-MATTHEWMAN, 2016 WL 10587200, at *1-*2 (S.D. Fla. Sept. 27, 2016) (noting that issues related to the interpretation of a contract were involved, which "are more appropriately suited for a judge, rather than a jury").

Similar to *Hoggins*, GBB and FSD (before Romano was joined to this case) filed a Joint Discovery Plan and Conference Report,[3] which anticipated either a jury or a bench trial. The report listed standard boilerplate pre-trial deadlines, **provided alternative deadlines in the event of a bench trial or a jury trial**, and contained **no jury demand**.  *See* [ECF No. 40] at 5-6 (setting deadlines to exchange draft proposed jury instructions for a jury trial *or* proposed findings of fact and conclusions of law for a bench trial).  The Court subsequently entered a scheduling order, the actual text of which set this case "for trial during the Court's two-week trial period" but did **not specify whether it would be a jury trial or bench trial.**  *See* [ECF No. 41] at 1 *et seq.*  As in *Hoggins*, although no party had filed a jury demand, it appears that the Court erroneously set the case for a jury trial.  Noting the inadvertent error, the *Hoggins* court elected to try the case as a bench trial, and the same result should occur here.  2016 WL 10587200, at *1-*2.  Further, even if the parties had listed a jury trial specifically in the scheduling report (which is not the case here), "the fact that both parties erroneously indicated in the Case Management and Scheduling Order that this case was set for jury trial is an insufficient basis for granting Defendant's motion."  *See Vertique, Inc. v. Darby Automation, LLC*, 6:05-cv-460-Orl-22DAB, 2006 WL 8439592, at *1

---

[3] The report was also filed when Judge Raag Singhal was presiding over this matter.

(M.D. Fla. June 20, 2006).

Contrary to GBB's other assertions, each of the several requests for an extension of time used the same alternative language—and none of them included a joint demand for a jury trial. *See* [ECF No. 75] at 4 (extending the same alternative deadlines); [ECF No. 81] at 3 (same); [ECF No. 103] at 4 (same). Further, the filing of *Daubert* motions was anticipated in the same original Joint Discovery Plan and Conference Report which considered the possibility of either a bench or jury trial. *See* [ECF No. 40] at 5. The record is actually devoid of any jury demands or mutual assent to a jury trial.[4] Even if the Court finds that the boilerplate language used in the scheduling order and several requests to extend deadlines controls this issue, GBB's representations about them are inaccurate and do not show a clear intent to try this case by jury.

GBB's argument is unsupported by both the law and the facts of this case. Every case GBB cites included a timely filed jury demand and involved other distinguishable circumstances that are not applicable to this case. GBB filed no timely demand, nor did any party to this case— and GBB's citations to the record misrepresent the actual text of what was filed by the parties themselves and the Court's initial scheduling order [ECF No. 41]. In the absence of a timely jury demand, a bench trial is appropriate. *See* FED. R. CIV. P. 39(b) ("Issues on which a jury trial is not properly demanded are to be tried by the court."). GBB's motion should therefore be denied.

### C. All *Parrott* Factors Weigh in Favor of a Bench Trial

---

[4] GBB clearly grasps at straws, citing even to lines of questioning in depositions posed as hypotheticals to an expert witness (which can hardly be found as a binding agreement to a trial by jury). Even assuming GBB's reliance is proper, the line of questioning GBB cites include alternative language geared towards the helpfulness of the testimony to a factfinder generally, not necessarily a jury. *See* [ECF 191] at 3-4 (including examples such as "a judge or a juror"). The entire deposition is in the record as Exhibit B to [ECF 128] (FSD's *Daubert* Motion to Exclude Brown's Testimony and Opinion) for review, as it was filed under seal because GBB designated it "Highly Confidential" before selectively making portions public at [ECF No. 191].

In considering GBB's motion under Rule 39(b), the Court has "*broad discretion* and *may consider*" various factors.  *See Hoggins*, 2016 WL 10587200, at *2 (emphasis added) (citing *Parrott v. Wilson*, 702 F.2d 1262, 1267 (11th Cir. 1983)).  Those discretionary factors include "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial."  *Parrott*, 702 F.2d at 1267. However, a trial judge's decision is reviewed only for an abuse of discretion, and an appellate court will not reverse a trial court's ruling if a movant cannot justify its delay in demanding "a trial by jury within the time provided in Rule 38(b)."  *Id.* at 1267-68.  Given that the Court has broad discretion and several discretionary factors to consider, the Court must ultimately consider issues of judicial economy when deciding whether to try a case as a jury trial or a bench trial.  *See, e.g., Ackner v. PNC Bank, Nat'l Assoc.*, 16-81648-CIV-MARRA, 2017 WL 7355329, at *2-*3 (S.D. Fla. Dec. 22, 2017) (collecting and discussing cases regarding the timing of jury demands). The *Ackner* court also noted that "'it is well established that a party (or the Court on its own initiative) may move to strike a jury demand at any time, *even on the eve of trial*.'" *Ackner*, 2017 WL 7355329, at *2 (quoting *Mowbray v. Zumot*, 536 F.Supp.2d 617, 621 (D. Md. 2008)) (internal quotations original, emphasis added).

Under the first factor, this case is better tried before a judge, not a jury.  Rather than dealing with a simple breach of contract action, this case involves the legal ownership of intellectual property (including patents and trade secrets), issues over whether information was made publicly available, and whether GBB has the right to claim protections over information given the multiple contracts that are at issue—all of which are set forth more fully in FSD's summary judgment

filings.  *See* [ECF Nos. 129-130].  Assuming that the Court does not grant summary judgment in favor of FSD, then these conflicting issues of legal ownership of intellectual property, theft of trade secrets, and the interpretation of several contracts must be heard at trial, which are all issues that would be better tried by a judge rather than a jury.  *See, e.g., Vertique, Inc.*, 2006 WL 8439592 at *1 (reasoning that issues involving patents and alleged theft of trade secrets "may be too complicated for a jury to consider and would be better tried to the Court."); *Hoggins*, 2016 WL 10587200, at *1-*2 (finding that issues related to the interpretation of more complex contracts "are more appropriately suited for a judge, rather than a jury.").  Given the relative complexity of the contracts in this case as opposed to a standard breach of contract action, and that this case concerns disputes involving patents and the alleged theft of trade secrets, this case is better suited for adjudication by the Court, which is familiar with the issues already and can resolve them at trial, if necessary.[5]

Under the second *Parrott* factor, the Court has already reset this case for a bench trial, adjourned the deadline for motions *in limine*, and set aside the *Daubert* motions because the Court can address any issues during the bench trial as both factfinder and *Daubert* gatekeeper. *See, e.g., In re Teltronics, Inc.*, 904 F.3d 1303, 1311-12 (11th Cir. 2018) (discussing the district court's flexibility in ruling on *Daubert* issues at a bench trial).  Resetting this case for a jury trial would require resetting the previous deadlines and require the Court to enter rulings on the *Daubert* motions prior to trial.  As such, resetting this matter for a jury trial would almost assuredly affect

---

[5] It is also noteworthy that GBB seeks the entry of an injunction against FSD.  However, "injunctive relief is an equitable remedy not triable by a jury" and can only be granted by the Court. *United States v. Meyer*, 376 F.Supp.3d 1290, 1293-94 (S.D. Fla. 2019) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982) and other authority).

the trial date.[6]

Under the third prong, GBB misstates the *Parrott* element and its arguments are not applicable.  The prejudice that the Court must consider relates to the "adverse party" (here, FSD) and not the movant seeking to reinstate a jury trial under Rule 39(b) (here, GBB).  *See Parrott*, 702 F.2d at 1267.  Therefore, GBB's claims of prejudice are inapplicable and improper, and should be disregarded by the Court.[7]  In addition, this matter would be better tried before a judge because it involves the complex issues discussed above. Indeed, FSD would face prejudice if GBB sought to confuse these complex issues when presenting them to a jury.  FSD has already made its concerns clear in prior filings by outlining how GBB is attempting to improperly introduce expert testimony based on an incomplete and rushed review of the record in this case (and which is not grounded in any applicable principles of chemistry, Dr. Brown's purported expertise), which would be misleading to any factfinder.  *See, e.g.*, [ECF No. 128] (FSD's *Daubert* Motion to Exclude Brown's Testimony and Opinions).  The Court is well-equipped to handle these issues on its own at a bench trial.

Under the fourth and fifth factors, GBB's arguments are not compelling.  GBB never filed a jury demand in this case, and it is now making its demands untimely by 597 days (as to its own

---

[6] To be clear, FSD as the "adverse party" does **not** oppose moving the trial date, including to provide more time for FSD's Blank Rome LLP counsel to transfer files to FSD's substitute counsel and allow any substitute counsel to prepare for trial.  *See* [ECF No. 192].  However, FSD is obligated to raise these issues given that the Court should consider any effect on the trial schedule under the *Parrott* factors.

[7] Even if the Court does consider GBB's arguments, they are not compelling.  Although GBB contends it will be prejudiced because it will be forced to change its litigation strategy, it has not identified any evidence demonstrating that it prepared its case specifically for a jury trial. *See* [ECF 191] at 4. The complex issues in this matter would likely be tried to the Court or to a jury in a similar fashion, and GBB did not actually file a jury demand in this action that supports its arguments that it expected to have a right to a jury trial.  GBB has sufficient time to prepare any evidence or to present any issues at a bench trial.

claims against FSD) and either 576 or 322 days late (as to all other issues).  GBB misrepresents

prior filings as a joint expression of intent to have this case tried by a jury, but fails to point to any

instance where FSD actually expressed any binding intent to try the case by a jury (as opposed to

filing boilerplate language that considered either a jury or a bench trial).  Accordingly, GBB's

justifications that it is somehow "entitled" to a jury trial are misplaced and inaccurate, and do not

appropriately justify its delay in serving a jury demand as required under the Federal Rules of Civil

Procedure.

In light of the foregoing, the various discretionary *Parrott* factors are either neutral or

weigh against GBB's arguments.  It is therefore in the interests of judicial economy for the Court

to proceed with a bench trial.  Accordingly, this Court should exercise its discretion and move

forward hearing this case as a bench trial to resolve and address the complex issues raised by the

parties (to the extent that any remain after the Court enters its rulings on the pending motions for

summary judgment).

### D.  The Court Must Decide *Daubert* Motions and Motions *in Limine* on the Merits if the Court Resets This Case For a Jury Trial

Should the Court decide to reset this matter for a jury trial (which the Court should not do

for all of the foregoing reasons), then the Court must still consider the timely filed and briefed

*Daubert* motions [ECF Nos. 127-128] and reset a deadline to file motions *in limine*.  In the event

that the Court sets this matter for a jury trial, FSD therefore respectfully requests that the Court

reconsider the entirety of its September 19th, 2025 Order at [ECF No. 190], set a deadline for

motions *in limine*, and enter its ruling on the merits of those *Daubert* motions, which are otherwise

fully briefed and ripe for adjudication.

Should the Court deny GBB's Motion [ECF No. 191], then FSD respectfully reserves its

rights to raise the issues and arguments set forth in its *Daubert* Motions [ECF Nos. 127-128] and

the subsequent briefings at an appropriate time during the bench trial.

## III.    __CONCLUSION__

For all of the foregoing reasons, GBB's motion should be denied and the Court should proceed with hearing all triable issues at a bench trial.

Dated:  September 29, 2025                    Respectfully submitted,

**BLANK ROME LLP**

By: _/s/ Michael Esposito_
Michael R. Esposito
Florida Bar No. 37457
Blank Rome LLP
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Phone: (813) 255-2300
Facsimile: (813) 830-7444
Email: Michael.Esposito@BlankRome.com

Jason A. Snyderman (*pro hac vice*)
John P. Wixted (*pro hac vice*)
Timothy J. Miller (*pro hac vice*)
Blank Rome LLP
130 North 18th Street
Philadelphia, PA 19103
Email: Jason.Snyderman@BlankRome.com
Email: John.Wixted@BlankRome.com
Email: Timothy.Miller@BlankRome.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on September 29, 2025, with the Clerk of the Court by using the CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF, and that Blank Rome will provide a copy of these filings immediately to FSD.

Dated:  September 29, 2025                     Respectfully submitted,

                                                              **BLANK ROME LLP**

                                                              By: *_/s/ Michael R. Esposito_*
                                                              Michael R. Esposito
                                                              Florida Bar No. 37457