UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60800-CIV-DAMIAN/VALLE

**GBB DRINK LAB, INC.,**

    Plaintiff,

v.

**FSD BIOSCIENCES, INC.,** *and*
**FSD PHARMA, INC.,**

    Defendants.
_____/

**FSD PHARMA, INC.,**

    Third-Party Plaintiff/Counterclaim Plaintiff,

v.

**GBB DRINK LAB, INC., and JOSEPH ROMANO,**

    Third-Party Defendants/Counter Defendants,
_____/

**ORDER ON EXPEDITED MOTION TO SET ASIDE D.E. 190
AND REINSTATE JURY TRIAL [ECF NO. 191]**

**THIS CAUSE** is before the Court on Plaintiff, GBB Drink Lab, Inc.'s, Expedited Motion to Set Aside D.E. 190 and Reinstate Jury Trial, filed September 23, 2025 [ECF No. 191 (the "Motion")].

THE COURT has reviewed the Motion, the Response and Reply thereto [ECF Nos. 194 and 195], and the pertinent portions of the record and is otherwise fully advised in the premises. For the following reasons, this Court finds the Motion is due to be granted.

## I. RELEVANT BACKGROUND

Plaintiff, GBB Drink Lab, Inc. ("GBB"), filed this lawsuit on May 1, 2023. The case was assigned to United States District Judge Raag Singhal. In the Complaint, GBB alleges Defendants, FSD Biosciences, Inc. and FSD Pharma, Inc. (collectively referred to as "FSD Defendants"), violated non-disclosure agreements and misappropriated trade secrets regarding a specialized beverage product formulated by GBB. *See generally* Complaint [ECF No. 1]. GBB did not include a demand for jury trial in the Complaint. In the Civil Cover Sheet accompanying the Complaint, GBB checked the box indicating "No" next to the question "Jury Demand." *See* ECF No. 1-3. GBB filed an Amended Complaint on June 9, 2023, asserting three causes of action: (1) breach of contract; (2) misappropriation of trade secrets under federal law; and (3) misappropriation of trade secrets under state law. [ECF No. 19]. GBB did not include a jury demand in the Amended Complaint.

On August 24, 2023, GBB and the FSD Defendants filed a Joint Discovery Plan and Conference Report. [ECF No. 40 ("JSR")]. Contrary to GBB's claim that the parties "specifically requested five days for a jury trial," the JSR is silent as to whether the parties intended that the case proceed as a bench trial or a jury trial. *See id*. However, with regard to the estimate of the time required for trial, the parties indicate as follows: "The Parties estimate that trial will take five days, *inclusive of jury selection*." JSR ¶ I (emphasis added). While that response might suggest the parties anticipated the trial would be tried to a jury, in the proposed schedule included in the same JSR, the parties indicate the following deadline: "Deadline for the Parties to exchange draft proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial)…" *Id.* at 5–6. This, of course, indicates the parties contemplated that a jury trial was a possibility.

Notably, there is no indication that the FSD Defendants objected to the possibility that this case may proceed as a jury trial. Counsel for Plaintiff and counsel for the FSD Defendants signed the JSR.

On September 5, 2023, the Court entered the first of several scheduling orders in this case. *See* ECF No. 41. In that first trial scheduling order, the Court did not indicate whether the case was scheduled for jury trial or bench trial. Although the Order includes all the deadlines relevant to a jury trial (*i.e.*, jury instructions,[1] verdict forms, motions *in limine*) and does not include a deadline for the submission of proposed findings of fact and conclusions of law, nowhere does the order indicate that the matter was set for a jury trial, or, for that matter, for a bench trial. However, as GBB points out, the docket text does indicate that the case was set for a jury trial. *See* electronic docket at ECF No. 41.

On January 22, 2024, the FSD Defendants filed an Answer to the Amended Complaint and included a Counterclaim against GBB in addition to a Third-Party Claim against Defendant Joseph Romano. [ECF No. 52]. The FSD Defendants did not include a jury demand in the Answer, Counterclaim, or Third-Party Complaint. Neither GBB nor Defendant Romano included jury demands in their respecting Answers to the Counterclaim and Third-Party Complaint. *See* ECF Nos. 53, 80.

In March 2024, the case was reassigned to the undersigned. *See* ECF No. 59. Following the reassignment, on April 26, 2024, this Court entered an Order Re-Setting Trial and Pre-Trial Schedule. [ECF No. 61]. In that Order, this Court indicated "THIS MATTER is set for Jury Trial…" *Id*. at 1. No one objected to nor sought clarification or correction of

---

[1] And with respect to jury instructions and verdict forms, the Order does indicate "if applicable" or "as applicable." *See* ECF No. 41 at 3 and 5.

that Order. Since then, this Court has entered three subsequent Orders continuing the trial date in this case and setting this case for jury trial. *See* ECF Nos. 78, 82, 114. All of those Orders, issued between July 2024 and June 2025, indicate that this case is set for jury trial. Thus, since April 2024, this case has been set for jury trial, and no one has raised an objection or sought correction or clarification of that designation during that entire period.

In the most recent Trial Order, issued in June 2025, the case was set for jury trial during the two-week period beginning November 3, 2025. *See* ECF No. 114. On September 17, 2025, less than two months before the scheduled trial date, counsel for the FSD Defendants telephoned Chambers, *ex parte*, to advise that the case was set for jury trial but that no party had ever demanded a jury. That attorney was advised that any communications with Chambers must include all counsel of record and that, in any event, any request for relief from a Court order must be in writing. (This is giving the benefit of the doubt to counsel, as Chambers staff are instructed to inform all callers that any relief must be in writing and filed on the docket). The FSD Defendants' counsel then followed up with an email to Chambers, which was copied to all counsel of record. *See* ECF No. 191-1. In the email, counsel indicated that he had called "to confirm that this matter was set for the jury trial calendar[,]" and that he had indicated on that call "that the ECF database did not list a Jury Demand [] and wanted to confirm that [the parties] were still set for a jury trial during that period." *Id*.

No one responded to the correspondence. Following that correspondence, this Court confirmed that no party had submitted a jury trial demand or included one in their pleadings. Having received no response or objection to the correspondence, on September 19, 2025, this Court entered an Order Resetting Trial As A Bench Trial, in which this Court, under the (apparently) mistaken impression that the parties were in agreement on this issue, indicated

4

that the case had been set for Jury Trial in error given the absence of any jury demand. *See* ECF No. 190.

In response to the September 19, 2025 Order Resetting Trial As A Bench Trial, on September 23, 2025, GBB filed the Motion now before the Court. [ECF No. 191]. The FSD Defendants filed a Response [ECF No. 194], and GBB filed a Reply [ECF No. 195]. The parties also appeared before the undersigned on October 8, 2025, for a status conference during which the Court heard argument on the Motion. *See* ECF No. 200. The Motion is ripe for adjudication.

## II.   THE PARTIES' ARGUMENTS REGARDING THE MOTION

In the Motion, GBB avers that the parties have been operating under the premise that this case was set for jury trial throughout the duration of the case and that it has, therefore, relied on the presumption that a jury trial would be held in this case. *See* Mot., generally. According to GBB, it has formulated trial strategies based on this presumption, and, as such, it will be unduly prejudiced if it is forced to change its trial strategy on the eve of trial. *Id*. at 4. GBB cites authority for the general proposition that courts should exercise every presumption against the waiver of a jury trial and that parties who do not object to scheduling orders setting a case for a jury trial effectively consent to jury trials even where no demand has been made in compliance with Federal Rule of Civil Procedure 38(b).

The FSD Defendants respond that GBB has waived its right to a jury trial by failing to demand one in compliance with Rule 38(b) and that the relevant considerations all weigh in favor of proceeding with a bench trial in this case. *See* Resp., generally. The Court notes that at the October 8 hearing, Third-Party Defendant Romano indicated, through counsel, that he joins GBB in the request for a jury trial.

5

### III. RELEVANT LEGAL STANDARD

"The right to trial by jury is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right has always been and should be scrutinized with the utmost care." *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 121 (2024) (internal quotations omitted).

A party invokes its right to a jury trial by serving and filing a written demand, which must be made "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). If a party fails to do so, the right is waived. Fed. R. Civ. P. 38(d). However, under Rule 39(b), "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." As GBB does not contend that it made a timely demand under Rule 38(b), this Court will treat the belated demand made in the Motion now before the Court as a request for a jury trial pursuant to Rule 39(b). The Eleventh Circuit addressed belated requests for jury trials under Rule 39 in *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983), and explained:

> In this circuit, the general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary. The district courts have broad discretion when considering Rule 39(b) motions and often freely grant such motions after considering (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Id.* at 1267 (internal quotations and citations omitted).

## IV. DISCUSSION

The FSD Defendants contend that a jury trial is not warranted because neither party made a timely jury demand. Federal Rule of Civil Procedure 38(b) requires that a party seeking to assert a right to proceed before a jury file a writing "demand[ing] a jury trial" within "14 days after the last pleading directed to the issue is served." Where a party fails to do so, the ability to legally "demand" a jury trial is lost. *See Gulf Bay Cap., Inc. v. Textron Fin. Corp.*, No. 2:14-CV-209-FTM-29CM, 2016 WL 4009942, at *2 (M.D. Fla. July 27, 2016) (citing *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 732 (6th Cir. 2012) (defining "demand" as "the assertion of a legal or procedural **right**" (emphasis added) (quoting *Black's Law Dictionary* 462 (8th ed. 2004))). The failure of a Rule 38(b) jury demand does not, however, end the inquiry. As the Eleventh Circuit has cautioned, "because the right to a jury trial is fundamental, courts must indulge every reasonable presumption against waiver." *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (internal quotations and citation omitted)).

As discussed above, the Federal Rules provide for the opportunity to proceed before a jury even when a demand has not been made pursuant to Rule 38(b). Rule 39(b) provides that the Court "may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). As indicated above, this Court treats GBB's Motion as a Motion pursuant to Rule 39(b).

### A. *Whether The Parties Consented To A Jury Trial.*

It is undisputed that no party filed a Rule 38(b) written jury demand. The Court's CM/ECF docket for this case thus accurately reads "Jury Demand: None." GBB contends that despite the absence of a Rule 38(b) demand, the parties nevertheless consented to a jury

7

trial by failing to object or say otherwise when the Court's multiple scheduling orders designating the case as a jury trial issued over the duration of this case.[2] This Court agrees.

The FSD Defendants are sophisticated business entities represented by sophisticated legal counsel. *See Gulf Bay Cap.*, 2016 WL 4009942, at *2. The docket text reflecting this case was set for jury trial based on Judge Singhal's initial scheduling order has been on the electronic docket for more than two years. Since that time, this Court has entered four Orders setting this case for jury trial. *See* ECF Nos. 61, 78, 82, 114. Thus, even if it was not clear from Judge Singhal's actual original scheduling order, since April 2024, this case has been set for jury trial, and no one raised an objection nor sought to correct or clarify those Orders during that entire period, going back a year and a half – until now.

This Court finds that the FSD Defendants, and, likewise, Third-Party Defendant Romano, consented to a trial by jury by sitting idly while the parties prepared for a jury trial based on the Court's scheduling orders over the last year and a half. Other district courts in this District and in the Middle District of Florida have likewise found similar conduct sufficient to deny belated efforts to strike jury demands. *See Entourage Custom Jets, LLC v. Air One MRO, LLC*, No. 18-22061-CIV, 2019 WL 5597453, at *4 (S.D. Fla. Oct. 30, 2019) (Torres, M.J.) (plaintiff's agreement in joint conference report and extended delay of nearly a year after court order setting jury trial before raising any objections are sufficient reasons to conclude that the parties consented to a jury trial); *Nview Health, Inc. v. Sheehan*, No. 8:21-CV-385-VMC-TGW, 2022 WL 17782478, at *2 (M.D. Fla. Dec. 19, 2022) (denying motion to

---

[2] As indicated above, the undersigned does not agree that Judge Sinhal's original scheduling order designated the case as a jury trial but does agree that the electronic docket for his order nevertheless reflected that the case was a jury trial and that every scheduling order thereafter did designate the case as a jury trial.

8

strike jury demand filed a year and a half after parties signed case management report indicating jury trial and court entered orders scheduling jury trial); *Roth v. Nationstar Mortg. LLC*, No. 2:15–cv–783–FtM–29MRM, 2016 WL 7473818 (M.D. Fla. Dec. 29, 2016) (by signing the parties' case management report selecting the jury trial option and failing to object to the court's subsequent trial order setting case for jury trial, the defendant consented to a jury trial); *Galle v. Nationstar Mortg., LLC*, No. 2:16-CV-407-FTM-38CM, 2017 WL 2972072, at *2 (M.D. Fla. July 12, 2017) (same); *Gulf Bay Cap.*, 2016 WL 4009942, at *2 (parties joint case management report and court's trial order indicated case would proceed as jury trial for nearly two years sufficient to indicate consent); *Madura v. Countrywide Home Loans, Inc.*, No. 8:06-cv-2073-T-24-TBM, 2008 WL 151850, at *1 (M.D. Fla. Jan. 15, 2008) (denying motion to strike plaintiff's jury demand where defendants "indicated on their case management report that [p]laintiffs demanded a jury trial (and they did not indicate their objection thereto) and they failed to object to the Court's scheduling orders setting this case for a jury trial"); *Coleman v. Lazy Days RV Ctr., Inc.*, No. 8:05-CIV-930-T17TBM, 2007 WL 2696789, at *2 (M.D. Fla. Sept. 12, 2007) ("The defendant agreed to a jury trial in the Case Management Report by a way of signature ...."). This Court finds this plethora of authority persuasive here.

    **B.**  ***Whether The Case Presents Issues For Which A Jury Might Have Been Demanded.***

    Turning back to Rule 39(b), the Rule expressly requires that any issue on which the court sets a jury trial must be an issue "for which a jury might have been demanded." Here, the claims raised by the parties in their pleadings are all issues on which a jury trial may be demanded.

    The Seventh Amendment right to jury trial will "appl[y] if both the cause of action and the remedy sought are legal, as opposed to equitable in nature." *AcryliCon USA, LLC v.*

9

*Silikal GmbH*, 985 F.3d 1350, 1373 (11th Cir. 2021) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)). In the Amended Complaint, GBB asserts three causes of action: (1) breach of contract; (2) misappropriation of trade secrets under federal law; and (3) misappropriation of trade secrets under state law. *See* Am. Compl. In the Counterclaim and Third-Party Claim, the FSD Defendants assert claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty. *See* ECF No. 52.

      A claim for breach of contract "is a traditional action at law." *AcryliCon USA*, 985 F.3d at 1374. The Seventh Amendment right to a jury trial will apply to a breach of contract action when the plaintiff seeks money damages. *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 570 (1990) (explaining that "an action for money damages was the traditional form of relief offered in the courts of law"). Likewise, claims for misappropriation of trade secrets are properly tried to a jury when the plaintiff seeks damages. *See Texas Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1326 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 2741 (2019) (holding that misappropriation of trade secret claims were properly tried to a jury, but disgorgement claims that sounded as equitable claims were not). While there is substantial authority dictating that breach of fiduciary duty claims are traditionally suits in equity, when, as here, the plaintiff seeks money damages for such breaches, courts do present such claims to juries. *See Romano v. John Hancock Life Ins. Co. (USA)*, No. 19-21147-CIV, 2021 WL 949939, at *10 (S.D. Fla. Mar. 12, 2021) (Goodman, M.J.); *Overwell Harvest, Ltd. v. Trading Techs. Int'l, Inc.*, 114 F.4th 852, 861 (7th Cir. 2024) ("Overwell had a right to present the legal aspects of its case—its entitlement to money damages—to a jury."); *In re PHC, Inc. S'holder Litig.*, 894 F.3d 419, 437 (1st Cir. 2018) (approving, in a case

10

concerning breach of fiduciary duties where the plaintiffs sought money damages and disgorgement, the district court's decision to hold a jury trial on the damages issue).

In any event, GBB's claims are claims for which there is a right to a jury trial, and, as such, they fall within the Court's discretion to permit a jury trial under Rule 39(b).

### C. Whether The Parrott Factors Favor The Request For A Jury Trial.

This Court next considers the factors laid out by the Eleventh Circuit in *Parrott* to determine whether there is any reason to deny GBB's request for a jury trial.

First, this case requires the determination of multiple questions of fact, which are best addressed by a jury. Whether the FSD Defendants breached their duties under the nondisclosure agreement, whether the information the FSD Defendants used to create its own products was GBB's trade secret information, whether GBB took appropriate measures to protect that information, and whether any witness regarding these issues is to be believed are all questions appropriate for a jury's determination. The FSD Defendants argue that the claims presented are too complex for a jury. As stated on the record, this Court disagrees. This is not a patent case, as the FSD Defendants attempt to make it out to be. But even if it was, juries often decide patent issues in cases much more complex than this.

Second, granting the motion will not disrupt the Court's or the parties' schedules. Last week, the parties appeared before the undersigned, and the parties agreed to a continuance of the trial date to January in light of several pending motions that need to be addressed. Therefore, the parties have ample time to finish final trial preparations for a jury trial – for which they have apparently been planning all along.

Third, a jury trial will not prejudice the FSD Defendants. The FSD Defendants have not offered any availing basis for a finding of prejudice. As noted above, the parties have

11

already agreed to the trial period and the parties have already been preparing as though this case is proceeding as a jury trial.

Fourth, while the excuse of inadvertence is not viewed fondly, *Parrott*, 707 F.2d at 1267, in this case, the inadvertence is attributable to all involved, not just GBB. Everyone appears to have been asleep at the wheel. In any event, the undersigned concludes that the strength of the other factors far outweigh the lack of a compelling reason for GBB's failure to timely demand a jury trial pursuant to Rule 38(b) tardiness.

In sum, this Court finds the *Parrott* factors do not compel the denial of GBB's request that this case be restored to a jury trial.

## V.     CONCLUSION

The Eleventh Circuit has cautioned that a district court's discretion to deny a jury trial "is very narrowly limited and must, wherever possible, be exercised to preserve jury trial." *Borgh v. Gentry*, 953 F.2d 1309, 1311 (11th Cir. 1992) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959)); *see also Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (the right to a jury trial is "fundamental" and "courts must indulge every reasonable presumption against waiver") (quoting *LaMarca v. Turner*, 995 F.2d 1526, 1544 (1993)). More specifically, "[i]n this circuit, the general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" *Parrott*, 707 F.2d at 1267 (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 408 (5th Cir. 1964)).

In sum, the FSD Defendants have not offered grounds for this Court to find strong and compelling reasons that warrant the denial of GBB's demand for a jury trial under the circumstances presented here.

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Expedited Motion to Set Aside D.E. 190 and Reinstate Jury Trial **[ECF No. 191]** is **GRANTED**. It is further

**ORDERED** that this Court's Order Resetting Trial As A Bench Trial **[ECF 190]** is **VACATED**. This case will proceed as a jury trial on all issues so triable. This Court will enter a trial scheduling order by separate Order. The Court will address the pending *Daubert* Motions [ECF Nos.127 and 128], and the parties will be permitted to file Motions *in Limine*.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 16th day of October, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**