UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60800-CIV-DAMIAN/VALLE

**GBB DRINK LAB, INC.,**

    Plaintiff,

v.

**FSD BIOSCIENCES, INC.,** *and*
**FSD PHARMA, INC.,**

    Defendants.
_____/

**FSD PHARMA, INC.,**

    Third-Party Plaintiff/Counterclaim Plaintiff,

v.

**GBB DRINK LAB, INC. and JOSEPH ROMANO,**

    Third-Party Defendants/Counter Defendants,
_____/

**ORDER ON JOSEPH ROMANO'S**
**MOTION FOR FINAL SUMMARY JUDGMENT [ECF NOS. 122 AND 143]**

**THIS CAUSE** is before the Court on Third-Party Defendant, Joseph Romano's, Motion for Final Summary Judgment on Third-Party Complaint, filed August 4, 2025 [ECF No. 143 ("Motion")].[1]

THE COURT has reviewed the Motion, the Response and Reply thereto [ECF Nos. 175 and 182], the pertinent portions of the record, and relevant authorities and is otherwise

---

[1] ECF Number 143 is the sealed, unredacted version of Romano's Motion. Romano also filed an unsealed, redacted version of the Motion. [ECF No. 122]. The instant Order addresses both Motions, but only the unsealed Motion is referenced herein.

fully advised. The undersigned also heard argument from the parties, who appeared before the Court on December 16, 2025.

## I.   RELEVANT BACKGROUND

### A.   *GBB's Allegations Against The FSD Defendants.*

Plaintiff, GBB Drink Lab, Inc. ("GBB"), alleges it spent roughly ten years and more than $1 million to research and develop "the world's first formulated drink that aids in rapid blood alcohol detoxification, utilizing a proprietary formula that accelerates the process of converting alcohol to sugar in the body." [ECF No. 19 (Amended Complaint) ¶ 8]. In approximately June 2022, GBB entered into negotiations with Defendants, FSD Pharma Inc. and FSD Biosciences Inc. (collectively, "FSD"), for FSD to possibly purchase the assets of GBB. On July 5, 2022, GBB and FSD entered into a nondisclosure agreement ("NDA") pursuant to which FSD agreed to keep GBB's proprietary trade secret information confidential and not to reverse engineer, disassemble, or decompile GBB's drink formula. At the time the parties were negotiating, Romano, an attorney, was a consultant for FSD Pharma.

The parties never consummated a deal, but FSD did eventually develop and market its own beverage that, like GBB's drink, rapidly detoxifies blood alcohol.

### B.   *GBB's Lawsuit Against The FSD Defendants.*

GBB filed this lawsuit against the FSD Defendants on May 1, 2023 [ECF No. 1], and later filed an Amended Complaint on June 9, 2023. [ECF No. 19 (Amended Complaint)]. In the Amended Complaint, GBB alleges the FSD Defendants violated non-disclosure agreements and misappropriated trade secrets regarding the specialized beverage product formulated by GBB. *See generally* Amended Complaint. GBB asserted three causes of action

2

against the FSD Defendants: (1) Breach of the NDA; (2) misappropriation of trade secrets under federal law; and (3) misappropriation of trade secrets under Florida law. *Id.*

In paragraphs 44-47 of the Amended Complaint, GBB alleges:

> 44. Upon information and belief, in late April 2023, Mr. Durkacz advised a third party that a drink that Defendants had been working on creating in a parallel program was almost identical to what GBB had been developing and shared with Defendants under the terms of the Mutual NDA. Mr. Durkacz further stated that the drink Defendants were developing looks, tastes, and smells the same as GBB's product.
> 45. Upon information and belief, the drink that Defendants had been working on creating in a parallel program uses sixteen (16) ingredients, of the nineteen (19) ingredients in their concoction, that are identical to the ingredients in GBB's drink.
> 46. Upon information and belief, in late April 2023, Mr. Durkacz advised a third party that he thought Dr. Kotra was going to create something totally different from what GBB had been developing and shared with Defendants, or else he would not have agreed with Defendants proceeding with their plans to research and develop a blood alcohol reducing cocktail.
> 47. A minimum of one (1) ingredient that Defendants have included in the drink they are developing in competition with GBB could have only come from GBB, and GBB informed Defendants of that one (1) ingredient only because of the existence of the Mutual NDA. As such, Defendants have been and, upon information and belief, continue to use a key element of GBB's formula. Furthermore, Defendants are benefitting from the information learned about the combination of the ingredients, acquired through the information gained by way of the disclosure made under the Mutual NDA.

Am. Comp. ¶¶ 44-47.

### C. FSD's Counterclaim And Third Party Claim.

In early January 2024, GBB served responses to FSD's interrogatories and requests for admissions, in which GBB identified Romano, FSD's former Director and former counsel, as the "third party" referenced in paragraphs 44-46 of the Amended Complaint. [ECF No. 144-5, p.2-3]. Shortly thereafter, on January 22, 2024, the FSD Defendants filed their Answer and Affirmative Defenses to the Amended Complaint. [ECF No. 52]. At the same time, FSD Pharma included a Third-Party Complaint against Romano, in addition to a counterclaim

3

against GBB, alleging Romano breached his fiduciary duty to FSD by disclosing or fabricating FSD's confidential information and providing it to GBB. *See, generally,* Third Party Complaint. In the Counterclaim, FSD alleges GBB aided and abetted Romano's breaches of fiduciary duties. *See* Counterclaim. Specifically, FSD alleges "Romano willfully and intentionally disclosed confidential and proprietary knowledge and information, which he learned in his capacity as a Director and counsel to FSD, and intentionally shared or fabricated that information with GBB in an effort to harm FSD's interests in breach of the duties he owed FSD." Third Party Comp. ¶ 56.

### D. GBB's Efforts To Amend Its Discovery Responses.

After it was sued by FSD in the Counterclaim, on February 8, 2024, GBB served amended interrogatory responses, in which it claimed that it was Dr. Lakshmi Kotra, a current FSD Board member, and not Romano who had disclosed the information alleged in paragraphs 44-47 of the Amended Complaint. [ECF No. 144-6, p. 2-3]. And, later, on January 29, 2025, GBB filed a Motion to Withdraw its admissions, in which it had admitted Romano was the individual at issue in paragraphs 44-47 of the Amended Complaint. [ECF No. 87]. However, the Magistrate Judge denied GBB's Motion to Withdraw its admissions, finding GBB's basis for requesting the withdrawal was not credible. [ECF No. 147-7, p. 31-2]. Meanwhile, Romano served responses to discovery requests in which he denied disclosing the information at issue in paragraphs 44-47 of the Amended Complaint. *See* [ECF No. 144-2, ¶¶ 6-9].

### E. Romano's Motion For Summary Judgment.

On August 4, 2025, Romano filed the Motion now before the Court. In the Motion, Romano argues, generally, that FSD offers no admissible evidence to support its claim against

4

Romano. FSD filed a Response, arguing that GBB's discovery responses support its claim against Romano and citing other evidence in the record that it claims supports the inference that it was Romano who disclosed the information to GBB. *See* generally Resp. The Motion is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* In reviewing a motion for summary judgment, the Court is "required to view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting *Skop v. City of Atlanta*, 485 F.3d 1130, 1143 (11th Cir. 2007)). Importantly, "at the summary judgment stage the judge's function is not himself [or herself] to weigh the evidence and determine the truth of the matter," but only "to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a

sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

"An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (internal quotation marks omitted) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party.'" *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. Jul. 25, 2008) (Simonton, M.J.) (quoting *Anderson*, 477 U.S. at 248). Further, "[f]or factual issues to be considered genuine, they must have a real basis in the record. For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citation omitted).

### III. DISCUSSION

#### A. The Parties' Arguments.

In the Third-Party Complaint, FSD claims that Romano breached his fiduciary duties to FSD by disclosing confidential and proprietary information to GBB or fabricating such information. TPC ¶ 49. FSD's claim is primarily based on GBB's Amended Complaint's allegations that FSD's former CEO, Anthony Durkacz, allegedly told an unnamed "third party" source information about FSD's products in April 2023. *Id.* ¶ 44. Specifically, FSD focuses on the allegations in the Amended Complaint that FSD was working on a "parallel program" that was "almost identical" to GBB's, using sixteen of the nineteen ingredients in GBB's drink, and that Durkacz admitted to this unnamed "third party" source that he never would have agreed to FSD's product development plans unless he thought FSD was

6

developing something totally different from GBB. *Id*. ¶ 45 (citing Am. Comp. ¶¶ 44-47). FSD further alleges that GBB admitted in discovery that "[t]he source of the information [in paragraphs 44-47 of the FAC] was Joseph Romano, which serves as the basis for the allegations and assertions." *Id*. ¶ 46 (citing GBB Responses and Objections to FSD's Interrogatories at Interrogatory No. 6).

In his Motion now before this Court, Romano argues that FSD has no admissible record evidence to support its claim that Romano is the person at issue in paragraphs 44-47 of GBB's Amended Complaint. Romano avers that the only evidence relied on by FSD is GBB's discovery responses but that Romano is not bound by GBB's discovery responses. Romano also points out that no other witness testified or indicated in discovery that they know that Romano is the person at issue and that, instead, all other record evidence indicates that it was not Romano but was instead Dr. Kotra. In support, Romano points out that all of GBB's witnesses have testified that it was Dr. Kotra, that Romano testified that it was not him, and that none of FSD's witnesses testified that they had personal knowledge that it was Romano.

Romano contends that the only record evidence that FSD has to support its claim that Romano was the source of the information at issue is GBB's interrogatory response and response to requests for admission, which GBB has since amended or disavowed. Romano argues that FSD cannot use a co-defendant's discovery responses against Romano to defeat Romano's Motion for Summary Judgment. Romano also argues that even if he had been the source of the information, FSD's claim would nevertheless fail because the information was

7

not confidential and had already been disclosed to GBB at the time of the alleged disclosure by Romano.

In its Response, FSD argues that the record evidence does demonstrate that Romano breached his fiduciary duties. In support, FSD cites GBB's interrogatories and admissions, as well as non-specific information that Romano stood to gain a $10,000,000 investment from GBB's representatives if the deal between FSD and GBB went through and information that Romano's father allegedly dumped his shares of FSD's stock. *See* Resp. at 2-3.[2] According to FSD, the record evidence creates a genuine dispute regarding whether Romano is the source at issue in GBB's Amended Complaint.

FSD argues that GBB's discovery responses provide "abundant record evidence" that Romano was the source of the allegations in the Amended Complaint. *Id*. at 7. FSD leans on the Magistrate Judge's denial of GBB's request to withdraw its responses to requests for admissions, in which she stated that "there will be inconsistent evidence presented to the trier of fact" and that "that will be left for the trier of fact to determine." *Id*. at 8 (citing ECF No. 182-7 (Transcript of Feb. 26, 2025 Discovery Hearing)). FSD also points out that Durkacz testified that he told Romano the information included in the Amended Complaint and that Kotra denies that it was him. *See id*. at 10.

FSD contends that GBB's statements in its discovery responses are binding on Romano and are not hearsay and that the discovery responses are record evidence that may be used to defeat summary judgment because it could be reduced to admissible evidence at trial through the testimony of GBB's witnesses. *Id*. FSD attempts to distinguish Romano's

---

[2] Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the CM/ECF pagination rather than to the documents themselves.

8

authority for the proposition that a co-defendant's discovery responses cannot bind Romano and relies on Federal Rule of Evidence 801(d)(1)(C) and 801(d)(2) in support of its claim that GBB's statements are not hearsay and are admissible against Romano. *Id*. at 14-15.

In his Reply, Romano avers that FSD's attempts to distinguish Romano's authority in support of the contention that GBB's discovery responses are not binding on him are unavailing and that FSD misapplies the Rules of Evidence. Romano also contends that Durkacz's testimony is conclusory speculation that is not sufficient to survive summary judgment. *See* Reply. And Romano argues that FSD's allegations regarding whether Romano had a side deal going on with GBB or whether Romano's father dumped stock are baseless and not relevant to the allegations in the Third Party Complaint. *Id*.

As discussed below, the undersigned agrees that GBB's discovery responses, including facts admitted by GBB, do not bind Romano to such admissions. *See Riberglass, Inc. v. Techni–Glass Indus., Inc.,* 811 F.2d 565, 566–67 (11th Cir.1987). And because that is the only direct, non-speculative evidence offered by FSD in response to Romano's Motion, FSD cannot survive summary judgment on its claim against Romano.

> **B. Facts Admitted In GBB's Interrogatory Responses and Admissions Cannot Be Used Against Romano.**

As set forth above, in its December 2023 Responses to FSD's Requests for Admissions, GBB admitted that the source of the information at issue in paragraphs 44-47 of the Amended Complaint was Romano. [ECF No. 144-4]. And in its January Responses to FSD's Interrogatories, GBB also stated that Romano was the source of that information. [ECF No. 144-5, p. 3]. GBB later amended its interrogatory responses to indicate that it was not Romano but was, in fact, Dr. Kotra who was the source of the information at issue. [ECF No. 144-6, p.3]. The Magistrate Judge did not permit GBB to withdraw its admission, which it attempted

9

to do nearly a year later, in which it indicated that Romano was the source. [ECF No. 147-7]. Importantly, Romano has never indicated nor admitted that he was the source, and no one on FSD's team has ever indicated that they are aware that Romano was the source.

Thus, FSD is attempting to use GBB's since disavowed admission that Romano was the source in support of its claim that there is a genuine dispute regarding whether Romano was the source. Importantly, this issue is before the Court on Romano's Motion for Summary Judgment in which he argues there is a lack of evidence that he is the source. The only issue, then, is whether there is non-conclusory, non-speculative evidence that Romano is the source and not whether there is sufficient evidence that anyone else may have been.

In *Riberglass, Inc. v. Techni-Glass Indus., Inc.*, 811 F.2d 565, 567 (11th Cir. 1987), the Eleventh Circuit held that a co-defendant is not bound by the admissions of other parties. As Romano points out, numerous district courts in this and other districts within the Eleventh Circuit consistently follow that holding and decline to use codefendant admissions against other parties in the context of summary judgment motions. *See, e.g., First Acceptance Ins. Co. v. Ramirez*, No. 3:08-CV-1078-J-34JRK, 2010 WL 779315, at *4 (M.D. Fla. Feb. 26, 2010); *Sides v. Simmons*, No. 07-80347-CIV, 2008 WL 11412065, at *6 (S.D. Fla. Aug. 5, 2008); *Burrows v. Waffle House, Inc.,* No. 99-7053-CIV, 2000 WL 35593211, at *7 (S.D. Fla. Aug. 28, 2000) ("A party admission by one defendant cannot be used against a co-defendant.").

In *Riberglass,* the court reviewed a grant of summary judgment against a defendant based upon facts deemed admitted by his codefendants' failure to respond to requests for admissions. *See* 811 F.2d at 566. Two codefendants failed to respond to requests for admissions, and, therefore, the requests were deemed admitted and summary judgment was granted against them on the basis of the admissions. *See id.* A third codefendant, however,

responded to the request for admissions. *See id.* Nevertheless, the trial court granted summary judgment against the responding defendant based on the fact that summary judgment had been entered against the other two codefendants. *See id.* In doing so, the court concluded that the third codefendant's case was destined to "rise and fall" with the defaulting codefendants. *See id.* at 566 n. 1.

The Eleventh Circuit Court of Appeals disagreed, finding that the responding defendant was not bound by the deemed admissions of the other parties. *See id.* at 567. In doing so, the *Riberglass* court recognized decisions from other jurisdictions rejecting the contention that facts deemed admitted as to one defendant due to a failure to respond are binding on a codefendant. *See id.* at 566–67. The Eleventh Circuit concluded that the "court erred in saddling [the responding guarantor] with the deemed admissions of his codefendants" and reversed the district court's entry of summary judgment. *See id.* at 567. The Fifth Circuit Court of Appeals and the United States District Court for the Northern District of Illinois have reached similar conclusions. *See Becerra v. Asher,* 105 F.3d 1042, 1048 (5th Cir.1997) ("Deemed admissions by a party opponent cannot be used against a co-party."); *Allen v. Destiny's Child,* No. 06 C 6606., 2009 WL 2178676, at *2 (N.D.Ill. July 21, 2009)).

The facts before this Court are somewhat distinct from those in *Riberglass.* First, *Riberglass* dealt with deemed admissions of codefendants based on the failure to respond to the requests for admissions, while here, codefendant GBB did actually admit to the fact in issue. And, in *Riberglass,* the district court used that deemed admission as a basis to grant summary judgment in favor of the party seeking to use the admission, whereas here, it is the

party opposing summary judgment that is seeking to use the admissions as a basis for finding a genuine issue of material fact.

Nevertheless, this Court finds the reasoning of *Riberglass* is equally applicable here. Indeed, the impropriety of such a use of an admission of a codefendant is, if anything, more manifest in the current litigation, where the defendant who made the admission has since repeatedly disavowed and attempted to withdraw the admission and where the now disavowed admission is the only evidence to support that purported fact.

FSD relies on the Magistrate Judge's comment that the admission will cause an inconsistency in evidence to be decided by the trier of fact. The Magistrate Judge did not, however, opine that FSD should be able to use that admission against Romano. FSD's reliance on the Magistrate Judge's comment is unavailing.

FSD argues that GBB's admissions do not have to be binding on Romano for them to be relied upon as evidence at trial. Here, FSD offers no support for this somewhat convoluted argument. FSD again refers to the Magistrate Judge's comment, which this Court has already found to be unpersuasive here. FSD also claims that the evidence can be used because the statements at issue could be reduced to admissible evidence at trial through the testimony of GBB's witnesses. This argument is also unavailing in light of the fact that GBB and its witnesses have all made it very clear that they do not agree with the position previously taken in the admissions and will not so testify at trial.

And FSD attempts to distinguish the legal authority relied on by Romano by narrowly limiting the holdings in *Riberglass* and other cases cited by Romano to the specific circumstances presented in those cases. FSD sums up its attempt to distinguish Romano's authority by stating that those cases "merely stand for the proposition that it is unfair to *bind*

12

(and grant summary against) a party who did not make the admissions." Resp. at 12. The undersigned disagrees with FSD's efforts to so narrowly constrain the holdings in those cases. As discussed above, this Court finds that the reasoning in *Riberglass* applies here and is particularly compelling in light of the fact that FSD attempts to use an admission that GBB now vehemently disavows and where that admission is the only direct evidence FSD has in support of its claim. In short, while the facts of *Riberglass* are different, the reasoning applies here to preclude FSD from using GBB's admissions against Romano in order to defeat Romano's Motion for Summary Judgment.

### C. *GBB's Interrogatory Responses Are Not Admissible Evidence.*

FSD argues that GBB's interrogatory responses are admissible for use against Romano's Motion because, under Federal Rule of Evidence 33(c), interrogatory responses "may be used to the extent allowed by the federal rules of evidence." Resp. at 13-14.

Initially, GBB amended its interrogatory responses, and FSD has not offered any reason why it should be permitted to use GBB's pre-amendment interrogatory responses against Romano. Putting that aside, FSD has not shown that GBB's interrogatory responses are not hearsay or fall within an exception to the hearsay rule as being used here.

A party "cannot use inadmissible hearsay to defeat summary judgment when that hearsay will not be reducible to admissible form at trial." *Pritchard v. S. Co. Serv's.*, 92 F.3d 1130, 1135 (11th Cir. 1996) (citation omitted). FSD argues that GBB's prior interrogatory response is a prior statement that identifies Romano as the source and is thus not hearsay based on Rule 801(d)(1)(C), and FSD argues that the interrogatory is a statement being used

13

against a party opponent, GBB, pursuant to Rule 801(d)(2) and will therefore be evidence in the case. FSD is attempting to twist the Rules of Evidence beyond their bounds.

Federal Rule of Evidence 801(d)(2)(C) provides:

> **(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
> **(1) A Declarant-Witness's Prior Statement.** The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
> \*\*\*
> **(C)** identifies a person as someone the declarant perceived earlier.

Here, the declarant, GBB, is not testifying and is not subject to cross-examination, and FSD offers no authority for stretching this Rule to apply on summary judgment against someone who was not the declarant.

Rule 801(d)(2) provides:

> **(2) An Opposing Party's Statement.** The statement is offered against an opposing party and:
> **(A)** was made by the party in an individual or representative capacity;
> **(B)** is one the party manifested that it adopted or believed to be true;
> **(C)** was made by a person whom the party authorized to make a statement on the subject;
> **(D)** was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
> **(E)** was made by the party's coconspirator during and in furtherance of the conspiracy.

Here, FSD is attempting to offer a statement against Romano where the statement was not made by Romano and was not made by a party opposing Romano. The use of a statement against the person who did not make the statement and against someone who is not an opponent of the maker of the statement is not contemplated by the plain language of the Rule,

and FSD offers no authority for stretching the Rule beyond its text as it attempts to do here. *See United States v. Gossett*, 877 F.2d 901, 906 (11th Cir. 1989).

In short, GBB's now withdrawn interrogatory response identifying Romano as the source of the statements at issue is hearsay, and FSD's attempts to get around the hearsay rule are unavailing.

### D. Mr. Durkacz's Testimony Is Speculative And Insufficient To Defeat Romano's Motion.

Aside from GBB's discovery responses, the only evidence offered by FSD in support of its claim that there are genuine issues of material fact as to whether Romano was the source of the information at issue is the testimony of its founder and Executive Co-Chairman, Anthony Durkacz. FSD argues that Durkacz testified that he personally made statements to Romano that appeared "word for word" in GBB's Amended Complaint and that this is circumstantial evidence that Romano was the source. *See* Resp. at 16. That is, FSD argues that Mr. Durkacz told Romano that FSD was working on a product that looks, tastes, and smells like GBB's product and that that information then ended up in the Amended Complaint. Review of Durkacz's deposition testimony reflects that he testified that he asked a question of Romano:

> 20· Q.· And you were asking Mr. Romano's opinion
> 21· as to whether he believed that the drink FSD was
> 22· developing looks, tastes and smells the same as
> 23· GBB's product; is that correct?
> 24· A.· Yes.

[ECF No. 174-3 at 225]. In other words, contrary to FSD's representation that Durkacz testified that he told Romano that FSD was working on a product that looks, tastes and smells the same as GBB's product, the deposition transcript actually reflects that Durkacz was asking

Romano if that was the case. Later, Mr. Durkacz testified that he was told by Dr. Kotra that 16 of the 19 ingredients in GBB's beverage were in FSD's beverage and that he told Romano this. [ECF 183-1 at 229-230]. The undersigned has reviewed Mr. Durkacz's deposition transcript and finds that it does not provide a sufficient basis upon which a reasonable jury could conclude that Romano was the source of the information at issue in paragraphs 44-47 of the Amended Complaint. It does not help FSD's case that FSD denied, in its Answer to the Amended Complaint, "that Mr. Durkacz 'advised' anyone that 'a drink Defendants had been working on creating in a parallel program was almost identical to what GBB had been developing." Answer ¶ 44. Mr. Durkacz's testimony is, at best, conclusory and reliance on it in support of the claim that Romano was the source of the information at issue is speculative, at best. "A conclusory statement unsupported by underlying facts upon which the inference is based is insufficient to defeat summary judgment." *In re Univ. of Miami COVID-19 Tuition & Fee Refund Litig.*, 649 F. Supp. 3d 1245, 1254 (S.D. Fla. 2022), *aff'd sub nom. Dixon v. Univ. of Miami*, 75 F.4th 1204 (11th Cir. 2023) (citing *Christy v. Custom Services, LLC,* 2020 WL 5514185, at *2 (S.D. Fla. Aug. 5, 2020)).

Other than the speculative testimony of Mr. Durkacz, FSD strains to identify circumstantial evidence in the record, like evidence that Romano spoke to Mr. Gulyas in 2023, to suggest that Romano must have then disclosed information to GBB.

This Court has undertaken a thorough review of the record evidence and the parties' arguments and has reviewed all evidence and facts in the light most favorable to FSD. Given that the speculative testimony identified above is the only evidence upon which FSD relies outside of GBB's discovery responses, even viewing that information in the light most favorable to FSD, it is clear that FSD has not come forward with evidence that demonstrates

a genuine issue of material fact as to whether Romano was the source at issue. As such, no reasonable jury could conclude, based on the record evidence, that Romano was the source of the information at issue in paragraphs 44-47 of the Amended Complaint, which is necessary for its breach of fiduciary claim to survive. Therefore, FSD has not demonstrated that there is a genuine issue of material fact in order to defeat Romano's Motion.[3]

Because FSD cannot demonstrate that there is a genuine dispute as to whether Romano is the source at issue, which is the basis of FSD's breach of fiduciary claim against Romano, Romano is entitled to summary judgment as to the breach of fiduciary duty claim against him. As such, this Court need not address the issues of whether the information at issue was confidential or had been previously disclosed to GBB.

### IV. CONCLUSION

Accordingly, for the reasons set forth above and as further detailed on the record during the December 16, 2025 hearing, it is hereby

**ORDERED AND ADJUDGED** that Joseph Romano's Motion for Summary Judgment **[ECF Nos. 122 and 143]** is **GRANTED**. Judgment in favor of Romano will be entered by separate Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 29th day of December, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

---

[3] Consistent with Romano's arguments in the Reply, this Court rejects FSD's suggestion that other speculative assertions regarding whether Romano stood to gain from the deal with GBB or whether Romano's father dumped FSD stock are relevant to the issues before the Court, especially because they are not mentioned in the Third Party Complaint as a basis for FSD's breach of fiduciary duty claims against Romano.