**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

GBB DRINK LAB, INC.,                                      CASE NO.: 23-CV-60800-MD

      Plaintiff,

v.

FSD BIOSCIENCES, INC. and
FSD PHARMA, INC.,

      Defendants.

      and

FSD PHARMA, INC.,

      Third-Party Plaintiff/Counterclaim Plaintiff

v.

GBB DRINK LAB, INC.,
      Counter Defendant

_____/

### **GBB'S SUPPLEMENTAL BRIEF ADDRESSING ISSUES OF STANDING**

Pursuant to this Court's ruling on December 16, 2025 at the parties' status conference, as memorialized by this Court's order entered on December 17, 2025, [D.E. 215], Plaintiff, GBB Drink Lab, Inc. ("GBB"), by and through its undersigned counsel files this Supplemental Brief Addressing Issues of Standing in support of GBB's Response in Opposition [D.E. 151] to Defendants FSD Biosciences, Inc. and FSD Pharma, Inc. ("FSD" or "Defendants") Motion for Final Summary Judgment [D.E. 130], and states:

1

**ARGUMENT**

I. **Legal Framework: Standing and Mootness**

It is well established that "Article III of the Constitution extends the jurisdiction of federal courts only to 'Cases' and 'Controversies,'" and the "[j]usticiability doctrine is composed of 'three strands': standing, ripeness, and mootness." *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) (citations and quotations omitted). FSD's standing arguments raised in its Motion for Final Summary Judgment appears to incorrectly conflate standing with mootness, as "[i]t is the doctrine of *mootness*, not standing, that addresses whether 'an intervening circumstance [has] deprive[d] the plaintiff of a personal stake in the outcome of the lawsuit.'" *West Virginia v. Env't Prot. Agency*, 597 U.S. 697, 718 (2022) (quoting *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013)); *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1189 (11th Cir. 2007) ("[S]tanding and mootness are in fact distinct doctrines which must not be confused.").

FSD's Motion for Final Summary Judgment claims that GBB lost standing to raise the allegations in this lawsuit due to GBB's sale of its Confidential Asset to Jupiter Wellness, Inc., d/b/a Bonk, Inc. ("Jupiter Wellness"), via entry of the parties' Asset Purchase Agreement ("Jupiter APA"). As this Court ruled at the December 16, 2025 status conference, and memorialized in the Court's December 17, 2025 Order [D.E. 215], GBB unequivocally had standing to file its claims when this lawsuit was filed. GBB never lost standing, and therefore GBB's claims are not moot, as it was GBB and Jupiter Wellness' intent, pursuant to the Jupiter APA, to carve out GBB's existing lawsuit and claims against FSD, as stated in the Declaration of Jarrett Boon, attached hereto as Exhibit 1 ("Boon Decl."), and as evidenced by the declaration of Scott Barlow, Esq., attached hereto as Exhibit 2 ("Barlow Decl."). Regardless, even if the Jupiter APA is construed,

contrary to the intentions of GBB and Jupiter Wellness, to have taken away GBB's interest in the subject litigation, thereby rendering GBB's claims moot, the issue of mootness is resolved as a result of Jupiter Wellness' stated intent to file its own claims against FSD concerning FSD's misappropriation from the date of the Jupiter APA forward. FSD's arguments are therefore inapposite, and FSD's Motion for Final Summary Judgment must be denied.

## A. Standing

To establish standing, a plaintiff must establish at the onset of the suit that plaintiff: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Schultz v. Alabama*, 42 F.4th 1298, 1319 (11th Cir. 2022) (collecting cases). It is well established in the Eleventh Circuit that "standing is determined as of the time at which the plaintiff's complaint is filed." *Id.* (citations and quotations omitted); *Tesseron, Ltd. v. Oce N.V.*, 110 F. Supp. 3d 1255, 1259 (M.D. Fla. 2015) ("The questions of standing is addressed at the outset of the case—plainly there was standing when the suit was filed."); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 fn 5 (1992) ("[S]tanding is to be determined as of the commencement of suit[.]").

## B. Mootness

While standing is addressed at the onset of the case, "[i]n contrast, by the time mootness is an issue, the case has been brought and litigated, often (as here) for years. To abandon the case at an advanced stage may prove more wasteful than frugal." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 191–92, (2000). In other words, "a case becomes moot while it pends before [the court]." *Keister v. Bell*, 29 F.4th 1239, 1250 (11th Cir. 2022). The Supreme Court has repeatedly described the doctrine of mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the

3

litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc.*, 528 U.S. at 189 (citations and quotations omitted).

In the context of mootness, "the defendant, not the plaintiff, 'bears the burden to establish that a once-live case has become moot.'" *Taylor v. Nocco*, No. 8:21-CV-555-SDM-CPT, 2024 WL 3678322, at *9 (M.D. Fla. Mar. 24, 2024) (quoting *West Virginia*, 597 U.S. at 718 (2022)).

### 1. GBB can and has re-established standing despite its sale of assets, including the claims in this lawsuit, to a non-party.

As reflected in the record, GBB filed its lawsuit against FSD on or about May 1, 2023, and GBB entered into the Jupiter APA on or about July 6, 2023. *See* D.E. 150, ¶ 11. This Court has already ruled that GBB plainly had standing to sue FSD for breach of contract and trade secret misappropriation at the time GBB filed its lawsuit. *See* D.E. 215 at 2-3. FSD claims that GBB's entry into the Jupiter APA divested GBB of it's standing to sue FSD for its claims in this Action. This argument, however, conflates mootness with standing, because whether or not GBB had standing to sue FSD was assessed at the time when GBB commenced this lawsuit in 2023, not "currently" in 2026. *Lujan*, 504 U.S. at 570 n.5; *see also Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 n.3 (Fed. Cir. 2005); *Tesseron, Ltd.* 110 F. Supp. 3d at 1259.

The question then turns to whether GBB's claims have become moot due to the Jupiter APA. As evidenced by the Declarations of Scott Barlow and Jarrett Boon, it was always the intention of GBB and Jupiter Wellness to carve out GBB's existing lawsuit against FSD from the Jupiter APA. Boon Decl. ¶¶4-9; Barlow Decl. ¶¶3-10, Ex. A. Indeed, it was both GBB and Jupiter Wellness' understanding that GBB sold only the Confidential Asset to Jupiter Wellness, and not GBB's claims in the lawsuit as those claims existed up until the effective date of the Jupiter APA. *Id.* Any further claims concerning FSD's continued misappropriation of trade secrets after the date of the Jupiter APA belong to Jupiter Wellness and, per the Declaration Scott Barlow, will soon be

4

pursued by Jupiter Wellness. Boon Decl. ¶¶4-9; Barlow Decl. ¶¶3-10, 15, Ex. A. Thus, both GBB and Jupiter Wellness had knowledge of the underlying lawsuit at the time of the transaction between GBB and Jupiter Wellness, and ***existing*** lawsuits and claims were never intended to be a part of, and were not outlined as part of, the Purchased Assets by Jupiter Wellness. *Id.* And that is because GBB and Jupiter Wellness never contemplated the pre-existing lawsuit as being included as part of the parties' transaction. *Id.* Thus, GBB's claims are not moot.

While the Declaration of Jarrett Boon and the Declaration of Scott Barlow make clear the intentions of GBB and Jupiter Wellness when the parties entered the Jupiter APA, any doubts that may exist concerning those intentions are unsupported in light of Jupiter Wellness' stated intent to file its own lawsuit against FSD and seeking to consolidate said lawsuit with this instant matter. Barlow Decl. ¶15. These anticipated claims of Jupiter Wellness —claims FSD argues Jupiter Wellness has standing to pursue—concern FSD's continued misappropriation of trade secrets.

### 2. *GBB can reclaim standing.*

As noted, it is GBB's position that GBB never lost standing. To the extent standing is conflated with mootness, GBB's claims were never moot as evidenced by the Declarations of Jarrett Boon and Scott Barlow. Should this Court believe otherwise, any such mootness is cured by Jupiter Wellness' stated intent and anticipated lawsuit.

While it is true that "a plaintiff must have initial standing and continue to have a personal stake in the outcome of the lawsuit," this rule "is not absolute." *Schreiber Foods, Inc.* 402 F.3d at 1203 (citations and quotations omitted). In other words, "exceptions to the mootness doctrine exist, while they do not for standing." *Strickland*, 772 F.3d at 887.

Multiple courts have recognized that where a litigant initially had standing at the time a lawsuit suit was commenced, a litigant can subsequently cure the issue of temporary mootness or

loss of jurisdiction. *Log Cabin Republicans v. United States*, 716 F. Supp. 2d 884, 961 (C.D. Cal. 2010) (discussing standing of non-profit organization to bring lawsuit on behalf of its members, where organization had standing at the onset and membership interests temporarily lapsed during the pendency of the litigation, noting "[c]ourts have recognized that a plaintiff who possesses standing when it brings suit, later loses it, and then regains standing before entry of judgment, may still maintain its claims."); *Schreiber Foods, Inc.,* 402 F.3d at 1203 (finding plaintiff that owned patent at outset of litigation, assigned it to subsidiary, then reacquired it before judgment may maintain an infringement action because, "the mootness in this case was only temporary. [Plaintiff] regained its stake in the litigation when it reacquired the [patent] before the entry of the judgment."); *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 64, (2005) (noting jurisdictional defects can be cured before entry of judgment); *ELCA Enters. v. Sisco Equip. Rental & Sales, Inc.,* 53 F. 3d 186, 190–91 (8th Cir. 1995) (ordering the substitution of the transferee of the real property in suit, and holding that such substitution cured any potential jurisdictional defect arising from the transfer of the property during litigation); *Corbin v. Blankenburg,* 39 F.3d 650, 654 (6th Cir.1994) (ERISA trustee who resigned lost requisite stake in litigation and could not continue as plaintiff, but suit could continue because new trustee was substituted as plaintiff); *Garcia v. City of Los Angeles*, No. CV 19-6182 DSF (PLAX), 2023 WL 11056759, at *6 (C.D. Cal. May 23, 2023) (declining to hold a corporate plaintiff's claims were rendered moot when plaintiff merged with a new corporation, finding "[t]o the extent the formation of KFA Inc. as a separate entity may have temporarily rendered KFA's claims moot, the jurisdictional defect has been cured by its merger with KFA Inc. and plaintiffs' motion to substitute KFA. . . ."); *S. Oregon Barter Fair v. Jackson Cnty., Oregon*, 372 F.3d 1128, 1134 (9th Cir. 2004) (holding a corporation's temporary change in corporate status, which was rescinded by the state due to corporation's failure to pay an

administrative fee, and later reinstated, did not render the case moot and merit dismissal).

In *Tesseron*, the plaintiff in a patent lawsuit had constitutional standing at the time the lawsuit was commenced, and during the lawsuit, the plaintiff sold the relevant intellectual property rights at issue in the litigation to a third party. *Tesseron, Ltd.* 110 F. Supp. 3d at 1257. Before judgment, the plaintiff moved to join the new owners of the patent to the lawsuit. *Id.* The court held the issue of mootness was resolved, noting:

> The questions of standing is addressed at the outset of the case—plainly there was standing when the suit was filed. The issue of mootness, however, arose due to the transfer of IP rights away from Tesseron. The joinder of IPT resolves this issue and allows this case to continue to proceed in an efficient manner.

> *Id.* at 1259.

Thus, this Court's jurisdiction does not depend on an uninterrupted ownership of the Confidential Asset by GBB, the single entity that originally commenced the action; rather, the concern is whether the claims against FSD are moot, and as demonstrated, they are not.

Moreover, it is appropriate for GBB to cure any jurisdictional issues through presentation of the Declaration of Jarrett Boon and the Declaration of Scott Barlow. *Walker Digital, LLC v. Expedia, Inc*., No. 2013-1523, 2014 U.S. App., at *15–16 (Fed. Cir. Dec. 30, 2014)[1] (the appellate court acknowledged the plaintiff's right to cure any alleged standing issues through presentation of a declaration, noting the district court "ordered a month-long stay on all of Walker's cases in order to produce some legally binding affirmation of eBay's position with respect to the Settlement Agreement and its ownership interest.").

---

[1] Available at https://www.govinfo.gov/content/pkg/USCOURTS-ca13-13-01522/pdf/USCOURTS-ca13-13-01522-0.pdf.

## CONCLUSION

**WHEREFORE**, GBB Drink Lab, Inc. respectfully submits this Supplemental Brief Addressing Issues of Standing in support of GBB's Response in Opposition [D.E. 151] to Defendants FSD Biosciences, Inc. and FSD Pharma, Inc. ("FSD" or "Defendants") Motion for Final Summary Judgment [D.E. 130] as directed by the Court, and GBB Drink Lab, Inc. requests this Court to deny FSD Biosciences, Inc. and FSD Pharma, Inc.'s Motion for Summary Judgment in its entirety, and enter such other further relief as the Court deems just and proper.

Dated: January 16, 2026

Respectfully submitted,

By:  */s/ Meagan C. Nicholson*
LAWREN A. ZANN
Fla. Bar No. 42997
Email: lawren.zann@gmlaw.com
Email: gabby.mangar@gmlaw.com
MEAGAN C. NICHOLSON
Fla. Bar No. 1018351
Email: meagan.nicholson@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027
Nathan M. Gallinat (*Pro Hac Vice*)
Email: nathan.gallinat@gmlaw.com
Email: marlee.grayson@gmlaw.com
8585 East Hartford Dr., Suite 700
Scottsdale, Arizona 85255
Tel.: (480) 779-1401
*Attorneys for GBB Drink Lab, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of January, 2026, a copy of the foregoing document was served via email to all attorneys of record.

By:  */s/ Meagan C. Nicholson*
Meagan C. Nicholson