# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

GBB DRINK LAB, INC.,  CASE NO.: 23-CV-60800-AHS

    Plaintiff,

v.

FSD BIOSCIENCES, INC. and
FSD PHARMA, INC.,

    Defendants.

    and

FSD PHARMA, INC.,

    Third-Party Plaintiff/Counterclaim Plaintiff

v.

GBB DRINK LAB, INC., and JOSEPH ROMANO
    Third-Party Defendants/Counter Defendants

_____/

## DECLARATION OF JARRETT BOON

I, Jarrett Boon, declare and state as follows:

1. I am CEO of GBB Drink Lab, Inc. I am of legal age, of sound mind, and competent to make this declaration. I have personal and first-hand knowledge of the matters contained in this declaration. If called as a witness, I could and would testify to the statements made herein. I submit this declaration in connection with and in support of GBB Drink Lab, Inc.'s Supplemental Brief Addressing Issues of Standing.

2. In the summer of 2023, Jupiter Wellness and GBB Drink Lab, Inc. ("GBB") began negotiating the potential purchase of certain GBB Drink Lab, Inc. assets, including its proprietary drink and the formulation, methods, and processes of creating said drink (the "Confidential Asset").

3. I participated in the negotiations, along with John Gulyas, on behalf of GBB. During our negotiations, myself and John Gulyas informed representatives of Jupiter Wellness that on May 1, 2023, GBB had filed a lawsuit against FSD Pharma, Inc. and FSD Biosciences, Inc.

1

(collectively, "FSD") for claims of state and federal trade secret misappropriation and breach of contract concerning the Confidential Asset, filed in the Southern District of Florida, Case No. 23-cv-60800 (the "FSD Lawsuit").

4. Myself and John Gulyas also informed representatives of Jupiter Wellness that the allegations in the FSD Lawsuit related to GBB's contentions that on or about July 5, 2022, GBB and FSD entered into a mutual non-disclosure agreement ("NDA") with the intention of keeping GBB's information confidential in relation to FSD's potential acquisition of GBB's Confidential Asset. FSD breached the NDA by, *inter alia*, sending GBB's confidential information to third parties and using such information to create its own product thereby harming GBB. At that point in time, GBB's cause of action for breach of contract accrued, as did its causes of action (federal and state) for trade secret misappropriation.

5. With full knowledge of the facts concerning the FSD Lawsuit, Jupiter and GBB entered into an Asset Purchase Agreement to purchase GBB's Confidential Asset (the "Jupiter APA").

6. I, along with John Gulyas, executed the Jupiter APA on or about July 6, 2023 on behalf of GBB, along with representatives of Jupiter Wellness and GBB, with an effective date of July 10, 2023.

7. Upon entering the Jupiter APA, it was GBB's intention that the claims asserted in the FSD Lawsuit, up until the date the Jupiter APA was effective, were meant to be included in the Excluded Assets, as referred to in Article 2, Section 2.1(b) of the Jupiter APA. Jupiter Wellness also represented to GBB that this was its intention as well.

8. It was my, along with John Gulyas' understanding that Jupiter Wellness and GBB did not intend to include the FSD Lawsuit and its claims of breach of contract and trade secret misappropriation, up until the date the Jupiter APA was effective, in the definition of Purchase of Assets at Closing or otherwise within Section 2.1, including (a)(xx) of the Jupiter APA.

9. As it relates to the FSD Lawsuit and its claims of breach of contract and trade secret misappropriation, up until the date the Jupiter APA was effective, GBB did not intend to transfer to Jupiter Wellness GBB's rights, claims, and causes of action asserted against FSD in the FSD Lawsuit, up until the date the Jupiter APA was effective.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S. Code § 1746.

Dated:

*Jarrett Boon*
_____
Jarrett Boon