# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

GBB DRINK LAB, INC.,

CASE NO.: 23-CV-60800-AHS

Plaintiff,

v.

FSD BIOSCIENCES, INC. and
FSD PHARMA, INC.,

Defendants.

and

FSD PHARMA, INC.,

Third-Party Plaintiff/Counterclaim Plaintiff

v.

GBB DRINK LAB, INC., and JOSEPH ROMANO
Third-Party Defendants/Counter Defendants

_______________________________________/

**DECLARATION OF SCOTT BARLOW**

I, Scott Barlow, declare and state as follows:

1. I serve as legal counsel for Bonk, Inc., previously known as Jupiter Wellness, Inc. ("Jupiter Wellness"). I am of legal age, of sound mind, and competent to make this declaration. I have personal and first-hand knowledge of the matters contained in this declaration. If called as a witness, I could and would testify to the statements made herein. I submit this declaration in connection with and in support of GBB Drink Lab, Inc.'s Supplemental Brief Addressing Issues of Standing.

2. In the summer of 2023, Jupiter Wellness and GBB Drink Lab, Inc. ("GBB") began negotiating the potential purchase of certain GBB Drink Lab, Inc. assets, including its proprietary drink and the formulation, methods, and processes of creating said drink (the "Confidential Asset").

3. During the parties' negotiations, representatives of GBB informed representatives of Jupiter Wellness that on May 1, 2023, GBB had filed a lawsuit against FSD Pharma, Inc.

and FSD Biosciences, Inc. (collectively, "FSD") for claims of state and federal trade secret misappropriation and breach of contract concerning the Confidential Asset, filed in the Southern District of Florida, Case No. 23-cv-60800 (the "FSD Lawsuit").

4. Representatives of GBB informed representatives of Jupiter Wellness that the allegations in the FSD Lawsuit related to GBB's contentions that on or about July 5, 2022, GBB and FSD entered into a mutual non-disclosure agreement ("NDA") with the intention of keeping GBB's information confidential in relation to FSD's potential acquisition of GBB's Confidential Asset. FSD breached the NDA by, *inter alia*, sending GBB's confidential information to third parties and using such information to create its own product thereby harming GBB. At that point in time, GBB's cause of action for breach of contract accrued, as did its causes of action (federal and state) for trade secret misappropriation.

5. With full knowledge of the facts concerning the FSD Lawsuit, Jupiter and GBB entered into an Asset Purchase Agreement to purchase GBB's Confidential Asset (the "Jupiter APA").

6. The Jupiter APA was entered on or about July 6, 2023 by Jupiter Wellness and GBB, with an effective date of July 10, 2023.

7. Upon entering the Jupiter APA, it was the parties' intention that the claims asserted in the FSD Lawsuit, up until the date the Jupiter APA was effective, were meant to be included in the Excluded Assets, as referred to in Article 2, Section 2.1(b) of the Jupiter APA.

8. Jupiter Wellness and GBB did not intend to include the FSD Lawsuit and its claims of breach of contract and trade secret misappropriation, up until the date the Jupiter APA was effective, in the definition of Purchase of Assets at Closing or otherwise within Section 2.1, including (a)(xx) of the Jupiter APA.

9. As it relates to the FSD Lawsuit and its claims of breach of contract and trade secret misappropriation, up until the date the Jupiter APA was effective, GBB did not intend to transfer to Jupiter Wellness GBB's rights, claims, and causes of action asserted against FSD in the FSD Lawsuit, up until the date the Jupiter APA was effective.

10. A proposed amendment to the Jupiter APA is attached hereto as **Exhibit A**, reflecting the exclusion of the FSD Lawsuit and its claims for breach of contract and trade secret misappropriation against FSD from the Jupiter APA. Such amendment will be executed pursuant to the requirements of the Jupiter APA, and the executed amendment will be filed by GBB upon execution of the parties to the Jupiter APA.

11. After entering the Jupiter APA, on or about September 15, 2023, Jupiter Wellness subsequently changed its name to Safety Shot, Inc.

12. Subsequently, on or about October 9, 2024, Safety Shot, Inc. changed its name to Sure Shot, Inc.

13. Subsequently, on or about October 9, 2025, Sure Shot, Inc. changed its name to Bonk, Inc.

14. Bonk, Inc. is the holder of all assets and interests previously held by Jupiter Wellness and its subsequent iterations, Safety Shot, Inc. and Sure Shot, Inc.

15. Bonk, Inc. intends to file its own lawsuit arising out of FSD's misappropriation of the Confidential Asset and will seek to consolidate same with GBB's instant Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S. Code § 1746.

Dated:

Scott Barlow, Esq.

# EXHIBIT A

# AMENDMENT TO ASSET PURCHASE AGREEMENT

Bonk, Inc. and GBB Drink Labs, Inc. hereby enter into an amendment to the Asset Purchase Agreement (this "Agreement"), dated as of July 10, 2023 (the "Effective Date"), as entered into by Jupiter Wellness, Inc., a Delaware corporation ("JWI"), GBB Labs, Inc., a Delaware corporation ("Buyer" and together with JWI, collectively, the "JWI Parties") and GBB Drink Lab Inc., a Florida corporation ("Seller") and 2V Consulting LLC, a Florida limited liability company, ("2v"), the Jarrett A Boon Revocable Trust Dated October 22, 2014, (the "Trust"), Gregory D. Blackman, an individual ("Blackman") and Brothers Investment 7777, ("Brothers", and collectively with 2v, the Trust and Blackman, the "Owners" and together with Seller, the "Transferors"). Buyer, JWI, Seller and each Owner are sometimes referred to individually as a "Party" and collectively as the "Parties."

Except as set forth in this Amendment, the terms of the Asset Purchase Agreement are unaffected and shall continue in full force and effect in accordance with its terms. If there is a conflict between this Amendment and the Agreement, the terms of this Amendment shall prevail.

The Asset Purchase Agreement is hereby amended as follows:

## ARTICLE 2
## PURCHASE AND SALE OF PURCHASE ASSETS

2.1 Purchase of Assets at Closing

(b) Excluded Assets. Notwithstanding anything to the contrary herein, Seller shall not contribute, sell, transfer, or assign to Buyer, and Buyer shall not receive, possess, or own any of Seller's right, title and interest in, any assets other than the Purchased Assets as set forth in Section 2. l(a) above on the Closing Date (collectively, the "Excluded Assets"), including, without limitation, any of the following assets:

(iii) seller does not sell, transfer, or assign, and buyer does not receive, possess, or own seller’s rights, claims, and causes of action against third parties related to the allegations and causes of action raised in the matter GBB Drink Lab, Inc. vs. FSD Pharma, Inc. and FSD Biosciences, Inc., filed in the Southern District of Florida, Case No. 23-cv-60800, including, but not limited to, sellers’ causes of action for breach of contract and trade secret misappropriation, up to and until the effective date of the Asset Purchase Agreement.

____________________
Date:
GBB Drink Labs, Inc.

____________________
Date:
Jupiter Wellness, Inc.,

____________________
Date:
GBB Labs, Inc.

____________________
Date:
2V Consulting LLC

____________________
Date:
The Jarrett A Boon Revocable Trust Dated October 22, 2014

____________________
Date:
Gregory D. Blackman

___________________
Date:
Brothers Investment 7777