UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 23-cv-60800-MD

| | |
|---|---|
| GBB DRINK LAB, INC., | § § § |
| Plaintiff, | § § |
| v. | § § |
| FSD BIOSCIENCES, INC. and FSD PHARMA, INC., | § § § |
| Defendants. | § § |

**MOTION TO STRIKE AND/OR TO GRANT APPROPRIATE RELIEF**

Following the status conference held on December 16, 2025, this Court entered an order with clear instructions: "GBB shall file a supplemental brief by January 16, 2026" addressing two narrow issues. Order at 3 (¶ 4) (ECF No. 215). The Court also permitted FSD to file a response. *See id.* But the Court did *not* permit GBB to file a reply brief.

On February 13, 2026—one week after FSD filed its response—GBB filed an unauthorized reply along with three exhibits. *See* Reply (ECF No. 226). Because the Court never allowed this filing, FSD moves to disallow it either under Rule 12(f) or under the Court's inherent authority.

"Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 699 (S.D. Fla. 2013) (internal quotation marks omitted). "The primary purpose of a 12(f) motion to strike is to avoid the unnecessary expenditure of judicial resources and the parties' time and money addressing spurious issues." *Silva v. Swift*, 333 F.R.D. 245, 247 (N.D. Fla. 2019).

Rule 12(f) specifically refers to striking "pleadings," which include "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer

1

to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a)

Even so, courts have granted motions to strike other improper filings. *See, e.g.*, *Abrams-Jackson v. Avossa*, 282 F. Supp. 3d 1268, 1273 (S.D. Fla. 2017) (granting defendants' "motion to strike the mediation statement" improperly filed on the public docket). They have done so "pursuant to a federal court's inherent power and other Rules of Civil Procedure." *Silva v. Swift*, 333 F.R.D. 245, 248 n.2 (N.D. Fla. 2019) (collecting cases). In this case, because GBB has filed a "reply" that the Court never allowed, FSD moves to strike the improper filing.

Alternatively, even if this Court were to deny the motion to strike GBB's improper filing, FSD respectfully requests that the Court grant appropriate relief in these circumstances. No party may file a reply that raises "new arguments" or seeks to introduce new "evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence." *Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1181 (S.D. Fla. 2015), *aff'd*, 839 F.3d 1003 (11th Cir. 2016). Here, GBB has filed a new updated version of the same purported "amendment" to the Asset Purchase Agreement. *Compare* Exhibit A, Barlow Decl. (ECF No. 219-2), *with* Exhibit B, Reply (ECF No. 226-2). Instead of the unsigned version attached to Mr. Barlow's declaration, which GBB filed on January 16, 2026, the new version of the "amendment" has added electronic signatures created by DocuSign on February 11, 2026, and on February 12, 2026. *See* Exhibit B, Reply (ECF No. 226-2). Under well-settled precedent, this Court should not consider that new evidence. *See, e.g.*, *Sanchez v. Dixon*, No. 18-24192-CV, 2023 WL 5612499, at *5 n.11 (S.D. Fla. June 5, 2023).

\* \* \*

The Court should grant this motion, either to strike GBB's improper filing or to provide appropriate relief after GBB improperly sought to file new evidence.

### Certificate of Conferral Local Rule 7.1(a)(3)

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), the Defendants conferred with the Plaintiffs regarding the relief sought herein and they object to the requested relief.

February 17, 2026

                    Respectfully submitted,

                    */s/ Lindsey Lazopoulos Friedman*
Mark I. Pinkert (Florida Bar No. 1003102)
mpinkert@holtzmanvogel.com
Lindsey Lazopoulos Friedman (Fla. Bar No. 091792)
lfriedman@holtzmanvogel.com

Jeffrey S. Beelaert (admitted pro hac vice)
Don Z. Gray (admitted pro hac vice)
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83701-2720
Office: (208) 388-1200
jbeelaert@givenspursley.com
dongray@givenspursley.com

*Counsel for Defendants FSD Bioscience, Inc. and FSD Pharma, Inc.*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on February 17, 2026, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF and has been served via CM/ECF on all counsel of record.

                */s/ Lindsey Lazopoulos Friedman*
                Lindsey Lazopoulos Friedman