**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

GBB DRINK LAB, INC.,                                          CASE NO.: 23-CV-60800-AHS

    Plaintiff,

v.

FSD BIOSCIENCES, INC. and
FSD PHARMA, INC.,

    Defendants.

    and

FSD PHARMA, INC.,

    Third-Party Plaintiff/Counterclaim Plaintiff

v.

GBB DRINK LAB, INC.,
    Counter Defendant

_____/

## GBB'S RESPONSE IN OPPOSITION TO FSD'S MOTION TO STRIKE

GBB Drink Lab, Inc. ("GBB") files this Response in Opposition to Defendants FSD Biosciences, Inc. and FSD Pharma, Inc. ("FSD" or "Defendants") Motion to Strike [D.E. 227] GBB's Reply in Support of its Supplemental Brief Addressing Issues of Standing [D.E. 226] and in support thereof states:

FSD claims that GBB's "unauthorized reply" must be stricken "[b]ecause the Court never allowed this filing." Motion to Strike at 1. Rather than reference the *actual language* of this Court's ruling, FSD merely provides its own interpretation of such ruling as a basis for its baseless Motion to Strike. In doing so, FSD ignores the plain language of this Court's ruling announced at the

1

parties' December 16, 2025 status conference, and the subsequent written order memorializing same, wherein this Court explicitly stated:

> THE COURT: I agree. You guys have fully briefed the standing issue. I know what standing is. You guys have all put the standard there. I've already told you, you can't -- you don't waive it in federal court, so you don't have to address that issue. You don't have to tell me the law on standing in general. What you have to tell me is can you salvage this. Okay?
>
> MR. ZANN: Absolutely.
>
> THE COURT: So why don't -- so with that, you want until January what?
>
> MR. ZANN: I mean, again, not controlling the one variable which is Jupiter, who I'm going to seek to get a declaration from them as part of this, I'll call it supplemental briefing. I would ask for 30 days if the Court would be so inclined.
>
> THE COURT: Okay. So January 16th is a Friday. January 16th
>
> THE DEPUTY CLERK: That's after the trial.
>
> THE COURT: Yes, we recognize that that is an issue. I'm not going to trial if there's no standing. Okay. So January 16th will be the **brief on this issue**. How long do you want to **respond**?
>
> MR. BEELAERT: I mean --
>
> THE COURT: **Let's give you the time within the local rules, which is 14 days**. If you want more, you let them know and you let me know. You confer with them and then you ask me.
>
> MR. BEELAERT: That's fine, Your Honor.
>
> THE COURT: Okay. **So then we'll just say the response and reply will be within the time permitted by the local rules**. I will consider this an expedited issue. And we will get to it as fast as we can.

*See* Dec. 16, 2025 Hrg. Tr. At 65, located at D.E. 225 ("December 16 Hearing Transcript") (emphasis added). Further, the Court's written order following the December 17, 2025, hearing ordered the briefing schedule to be made pursuant to Local Rule 7.1(c). *See* D.E. 215 ¶4. Local Rule 7.1(c) plainly allows for the filing of reply briefs: "[t]he movant may, within seven (7) days

2

after service of an opposing memorandum of law, file and serve a reply memorandum in support of the motion, which reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." *See* L.R. 7.1(c).

Based on the plain language of this Court's rulings at the December 16 hearing, and the Court's December 17, 2025, Order memorializing its ruling, the Court clearly contemplated a full briefing schedule pursuant to Local Rule 7.1(c). And, in accordance with the Court's rulings, that parties did just this: GBB filed its Brief Addressing Issues of Standing [D.E. 129], FSD filed its Response [D.E. 224], and GBB filed its Reply [D.E. 226] all pursuant to the "time permitted by the local rules." FSD has provided no compelling authority that would otherwise disavow this Court's clear ruling and order or the timing set forth in the local rules of the Southern District of Florida. Further, not only is FSD's interpretation incorrect, but it also goes against this Court's expressed desire to address the standing briefings as an "expedited issue" so that the Court can "get to it as fast as we can." December 16 Hr. Tr. At 65. Instead of helping the Court achieve this end, FSD has further bogged down this Court with its baseless Motion to Strike. Thus, FSD's Motion to Strike must be denied.

As an additional basis for striking, FSD claims that GBB's Reply must be stricken because GBB attached "three exhibits" to its Reply. *See* Motion to Strike at 1. GBB filed three exhibits to its Reply, Exhibits A, B, and C. FSD's Motion, while it references all three exhibits, substantively only discusses Exhibit B. Out of an abundance of caution, GBB will address all three exhibits.

Exhibit A is the unreported opinion for *Walker Digital, LLC v. Expedia, Inc*., No. 2013-1523, 2014 U.S. App., at *15–16 (Fed. Cir. Dec. 30, 2014), which was cited in GBB's initial Brief [D.E. 219 at 7], and merely exhibited to the Reply for the Court's ease of review. Exhibit C is a

3

served copy of the April 15, 2025, Subpoena duces tecum served by FSD upon Jupiter Wellness. FSD is undoubtedly aware of and has a record of its own subpoena. The subpoena was served by FSD, and not filed on the record, and thus GBB exhibited it for the Court's review. The same subpoena was discussed at the December 16, 2025, hearing in support of the very standing arguments GBB discusses in its Initial Supplemental Brief, and thus FSD cannot feign surprise at its reference.

Finally, Exhibit B is a copy of the executed Jupiter APA Amendment. In support of its Brief Addressing Issues of Standing, GBB filed the executed Declarations of Jarrett Boon and Scott Barlow as exhibits to support GBB's arguments concerning the intentions of GBB and Jupiter Wellness to carve out GBB's existing lawsuit against FSD from the Jupiter APA. *See* D.E. 219, Ex. 1, the Declaration of Jarrett Boon ("Boon Declaration") and Ex. 2 ("Barlow Declaration"). Attached to the Barrlow Declaration at Exhibit A is an unexecuted copy of the Jupiter APA Amendment, which was referenced multiple times throughout GBB's Brief. *See* D.E. 219 at 4-5. Further, Mr. Barlow explicitly declared that:

> A proposed amendment to the Jupiter APA is attached hereto as Exhibit A, reflecting the exclusion of the FSD Lawsuit and its claims for breach of contract and trade secret misappropriation against FSD from the Jupiter APA. Such amendment will be executed pursuant to the requirements of the Jupiter APA, and the executed amendment will be filed by GBB upon execution of the parties to the Jupiter APA.

*See* Barlow Declaration at Ex. A, ¶10. In line with this declared intent, GBB did exactly this. GBB obtained the fully executed Jupiter APA Amendment on or about February 12, 2026, and filed same as an exhibit to its Reply. There was no change to the substance or language of the Jupiter APA Amendment, the only change is that the executed version was filed with the reply. FSD was fully aware of the form and substance of the Jupiter APA Amendment, as same was filed with GBB's Initial Brief, and FSD was fully aware of GBB's intent to file the executed version of same. The

4

executed Jupiter APA Amendment was fully contemplated and acknowledged in GBB's Initial Brief and falls within the appropriate confidence of the Reply. Thus, FSD's Motion to Strike must be stricken in its entirety.

## CONCLUSION

**WHEREFORE**, GBB Drink Lab, Inc. respectfully requests this Court deny FSD's Motion to Strike in its entirety, and enter such other further relief as the Court deems just and proper.

Dated: February 18, 2026

Respectfully submitted,
By: */s/ Meagan C. Nicholson*
LAWREN A. ZANN
Fla. Bar No. 42997
Email: lawren.zann@gmlaw.com
Email: gabby.mangar@gmlaw.com
MEAGAN C. NICHOLSON
Fla. Bar No. 1018351
Email: meagan.nicholson@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027
Nathan M. Gallinat (*Pro Hac Vice*)
Email: nathan.gallinat@gmlaw.com
Email: marlee.grayson@gmlaw.com
8585 East Hartford Dr., Suite 700
Scottsdale, Arizona 85255
Tel.: (480) 779-1401
*Attorneys for GBB Drink Lab, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of February, 2026, a copy of the foregoing document was served via email to all attorneys of record.

By: */s/ Meagan C. Nicholson*
Meagan C. Nicholson