UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60800-CIV-DAMIAN/Strauss

**GBB DRINK LAB, INC.,**

    Plaintiff,

v.

**FSD BIOSCIENCES, INC.,** and
**FSD PHARMA, INC.,**

    Defendants.
_____/

**FSD PHARMA, INC.,**

    Third-Party Plaintiff,

v.

**JOSEPH ROMANO,**

    Third-Party Defendant,

_____/

**ORDER ON FSD DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [ECF NOS. 130, 139]**

**THIS CAUSE** is before the Court on Defendants, FSD Pharma, Inc., and FSD

Biosciences, Inc.'s (collectively, "FSD"), Motion for Summary Judgment, filed on July 21,

2025 [ECF Nos. 130 and 139 (Sealed Motion)], and the parties' Supplemental Briefs on the

issues of standing and mootness, filed January 16, 2026 [ECF No. 219], February 6, 2026

[ECF No. 224], and February 13, 2026 [ECF No. 226] (together, the "Supplemental Briefs").

THE COURT has considered the Motion for Summary Judgment and the Response

and Reply thereto [ECF Nos. 176, 186], as well as the Supplemental Briefs, the pertinent

portions of the record, and relevant authorities and is otherwise fully advised. The Court also heard argument from the parties who appeared for a Motion Hearing on December 16, 2025. For the reasons set forth below, this Court finds that FSD's Motion for Summary Judgment is due to be denied.

## I. BACKGROUND

### A. GBB's Negotiations With The FSD Defendants.

Plaintiff, GBB Drink Lab, Inc. ("GBB"), alleges it spent roughly ten years and more than $1 million to research and develop "the world's first formulated drink that aids in rapid blood alcohol detoxification, utilizing a proprietary formula that accelerates the process of converting alcohol to sugar in the body." [ECF No. 19 (Amended Complaint) ¶ 8]. In approximately June 2022, GBB entered into negotiations with the FSD Defendants regarding FSD's possible purchase of GBB's assets. On July 5, 2022, GBB and FSD entered into a nondisclosure agreement ("NDA") pursuant to which FSD agreed to keep GBB's proprietary trade secret information confidential and not to reverse engineer, disassemble, or decompile GBB's drink formula.

The parties never consummated a deal, but FSD did eventually develop and market its own beverage that, like GBB's drink, rapidly detoxifies blood alcohol.

### B. GBB's Lawsuit Against The FSD Defendants.

GBB filed this lawsuit against the FSD Defendants on May 1, 2023 [ECF No. 1], and later filed an Amended Complaint on June 9, 2023. [ECF No. 19 (Amended Complaint)]. In the Amended Complaint, GBB alleges FSD violated non-disclosure agreements and misappropriated trade secrets regarding the specialized beverage product formulated by GBB. *See* generally Am. Comp. GBB asserts three causes of action against FSD: (1) Breach of the

NDA; (2) misappropriation of trade secrets under federal law; and (3) misappropriation of trade secrets under Florida law. *Id.*

### C. GBB Sells Its Assets To Jupiter Wellness Group.

In July 2023, GBB sold all of its assets to Jupiter Wellness, Inc., in an Asset Purchase Agreement. [ECF No. 140-5 (Jupiter APA, § 2.1(a))]. As part of that transaction, Jupiter Wellness purchased from GBB "all rights, claims and causes of action against third parties arising either before or after the Closing Date." *Id.* § 2.1(a)(xx). The purchased assets also expressly include all "claims and causes of action with respect to such Intellectual Property, whether accruing before, on, or after the date hereof, including all rights to damages, restitution, and injunctive and other legal or equitable relief for past, present and future infringement, misappropriation, or other violation thereof." *Id.*, Schedule 1 at 43.

### D. FSD's Counterclaim And Third Party Claim.

In early January 2024, GBB served responses to FSD's interrogatories and requests for admissions, in which GBB identified Joseph Romano, FSD's former Director and former counsel, as a third party who disclosed confidential information to GBB in violation of Romano's fiduciary duties to FSD. [ECF No. 144-5, p.2-3]. Shortly thereafter, on January 22, 2024, FSD filed its Answer and Affirmative Defenses to the Amended Complaint. [ECF No. 52]. At the same time, FSD Pharma included a Third-Party Complaint against Romano, in addition to a counterclaim against GBB, alleging Romano breached his fiduciary duty to FSD by disclosing or fabricating FSD's confidential information and providing it to GBB. *See, generally,* Third Party Complaint. In the Counterclaim, FSD alleges GBB aided and abetted Romano's breaches of fiduciary duties. *See* Counterclaim. Specifically, FSD alleges "Romano willfully and intentionally disclosed confidential and proprietary knowledge and information,

which he learned in his capacity as a Director and counsel to FSD, and intentionally shared or fabricated that information with GBB in an effort to harm FSD's interests in breach of the duties he owed FSD." Third Party Comp. ¶ 56.

### E. The Parties' Motions For Summary Judgment.

On July 21, 2025, GBB filed a Motion for Partial Summary Judgment, in which GBB argued that there is no genuine issue of material facts as to whether FSD breached the NDA with GBB by sending a sample of GBB's products to unauthorized third parties and by keeping samples of GBB's products. [ECF Nos. 116 and 132 (sealed)]. On the same date, Third-party Defendant Romano filed a Motion for Summary Judgment as to FSD's claims against him. [ECF Nos. 122 and 143 (sealed)]. And, also on the same date, FSD filed a Motion for Summary Judgment as to all of GBB's claims against FSD, arguing that GBB lacks standing to assert its claims against FSD because GBB sold its assets, including this lawsuit, to Jupiter Wellness, that GBB has not suffered any cognizable damages, and that there is no evidence that FSD misappropriated or used any of GBB's confidential or proprietary information. [ECF Nos. 130 and 139 (sealed)].

On December 16, 2025, this Court held a Status Conference and Motion Hearing during which the parties presented argument regarding their Motions for Summary Judgment. *See* ECF No. 214. Following the December 16, 2025 Hearing, this Court entered an Order granting Third-Party Defendant Romano's Motion for Summary Judgment and denying GBB's Motion for Partial Summary Judgment. [ECF No. 215]. In that Order, this Court also reserved ruling on FSD's Motion for Summary Judgment pending consideration of supplemental briefing from the parties. *Id*.  As set forth in that Order, this Court informed the parties of its finding that "the plain language of the [Jupiter APA] indicates that GBB

currently lacks standing to proceed with the claims asserted in the Amended Complaint, as the APA indicates that GBB sold its assets, including the claims asserted in the lawsuit, to Jupiter Wellness." *Id.* ¶ 4. This Court directed the parties to file supplemental briefs addressing the issue of "(1) whether GBB can and has re-established standing despite its sale of assets, including the claims in this lawsuit, to a non-party; and (2) whether GBB can reclaim standing, as it had when the case was filed, after having lost it during the litigation pursuant to the APA." *Id.*

### F. The Parties' Supplemental Briefs.

Pursuant to this Court's Order, the parties submitted Supplemental Briefs. On January 16, 2026, GBB submitted its brief in which it argues that it never lost standing and, therefore, its claims are not moot because it was the intention of GBB and Jupiter Wellness all along to carve out this lawsuit and GBB's existing claims against FSD from the Jupiter APA. *See* generally ECF No. 219 (GBB Supp. Br.). GBB also argues that even if it did lose standing as the result of the Jupiter APA, it can and has reclaimed standing because the parties to the Jupiter APA have prepared an Amendment to the Jupiter APA pursuant to which the parties to the Agreement agree that the Jupiter APA does not include the instant lawsuit. *Id.* In support, GBB submitted declarations from the CEO of GBB, Jarrett Boon, and legal counsel for Jupiter Wellness's successor, Bonk, Inc., Scott Barlow. ECF Nos. 219-1 ("Boon Dec."), 219-2 ("Barlow Dec."). And, GBB submitted an unexecuted document that purports to be an amendment to the Jupiter APA. [ECF No. 219-2, Ex. A].

In response, FSD submitted its Supplemental Brief on February 6, 2026. [ECF No. 224]. FSD argues that GBB lacks standing as the result of the Jupiter APA, that GBB cannot modify the unambiguous terms of the Jupiter APA by way of subsequent declarations, and

that the Court cannot rely on the unsigned amendment as a basis for modifying the original Jupiter APA or to reclaim standing. *Id*.

GBB filed a Reply on February 13, 2026. [ECF No. 226]. In the Reply, GBB essentially reiterates its earlier arguments and directs the Court to cases in which courts found that parties who lost standing were able to regain standing based on changes of circumstances before judgment. *Id*. Importantly, GBB attached to its Reply an executed version of the amendment to the Jupiter APA which indicates that the amendment was fully executed on February 12, 2026. [ECF No. 226-2]. GBB also indicates that Jupiter Wellness, through its successor, Bonk, Inc., filed a separate lawsuit on February 13, 2026, in the Southern District of Florida directed at the alleged post-APA continuing violations of the trademark and confidentiality interests at issue in the instant case. *Id*. (citing *Bonk, Inc. v. FSD Pharma, Inc. d/b/a Quantum Biopharma Ltd., et al*, Case No. 26-CV-60412). GBB also contends that FSD cannot interpret the parties' contract contrary to the parties' intentions expressed in the earlier referenced declarations.

FSD filed a Motion to Strike GBB's Reply on the grounds that the Reply is unauthorized. [ECF No. 227]. GBB responds that the undersigned indicated at the hearing on the Motions for Summary Judgment that responses and replies in connection with the Supplemental Briefs could be filed in accordance with the Local Rules of this Court. [ECF No. 228].

## II. LEGAL STANDARD

The Supplemental Briefs were filed as supplements to FSD's Motion for Summary Judgment in which FSD argues, as relevant here, that GBB no longer has standing to pursue its claims against FSD because it sold its rights to pursue the claims when it sold its assets to

Jupiter Wellness through the Jupiter APA. Therefore, the relevant legal standard is the standard applicable to review of motions for summary judgment.

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* In reviewing a motion for summary judgment, the Court is "required to view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting *Skop v. City of Atlanta*, 485 F.3d 1130, 1143 (11th Cir. 2007)). Importantly, "at the summary judgment stage the judge's function is not himself [or herself] to weigh the evidence and determine the truth of the matter," but only "to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

"An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x

839, 841 (11th Cir. 2008) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotation marks omitted)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party.'" *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. Jul. 25, 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Further, "[f]or factual issues to be considered genuine, they must have a real basis in the record. For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citation omitted).

## III. DISCUSSION

### A.  GBB Lost Standing In July 2023 To Proceed With Its Claims Against FSD.

At this stage, it appears that the facts relevant to the issues of standing and mootness are no longer in dispute. That is, there is no dispute that at the time GBB filed the instant lawsuit in May 2023, including the filing of the Amended Complaint in June 2023, GBB had standing, as the owner of the intellectual property and alleged confidential information at issue, to pursue its claims against FSD. There is also no dispute that in July 2023, after the Amended Complaint was filed, GBB entered into the Jupiter APA, in which it sold all of its assets to Jupiter Wellness. As this Court previously explained, "the plain language of the [Jupiter APA] indicates that GBB [lacked] standing to proceed with the claims asserted in the Amended Complaint, as the APA indicates that GBB sold its assets, including the claims asserted in the lawsuit, to Jupiter Wellness." [ECF No. 215 ¶ 4]. To be clear, the undersigned continues to find that Section 2.1(a)(xx) of the Jupiter APA, the provision that provides for the transfer of GBB's legal rights and claims to Jupiter Wellness, is unambiguous.

GBB initially attempted to modify the terms of the Jupiter APA by way of the Boon and Barlow Declarations by explaining what the parties' intent was when they entered into the Jupiter APA. However, it is a matter of basic contract law that "courts must give effect to the contract as written and cannot engage in interpretation or construction as the plain language is the best evidence of the parties' intent." *Talbott v. First Bank Fla., FSB*, 59 So. 3d 243, 245 (Fla. 4th DCA 2011). The determination of whether a contract provision is ambiguous is a question of law, and, if the facts are not in dispute, the ambiguity can be resolved as a matter of law as well. *Strama v. Union Fid. Life Ins. Co.*, 793 So. 2d 1129, 1132 (Fla. 1st DCA 2001). However, when the facts bearing on intent are in dispute, an issue of fact exists as to the parties' intent, which cannot be resolved on summary judgment. *Id.* at 1132; *see also Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1214–15 (M.D. Fla. 2007) ("Where the terms of the written instrument are disputed and reasonably susceptible to more than one construction, an issue of fact is presented as to the parties' intent which cannot properly be resolved by summary judgment.").

Where, as here, the contractual provision at issue is unambiguous, this Court will not consider the parties' extrinsic explanations of their intentions in order to interpret the contractual provision in a way that differs from its plain language. Thus, this Court finds GBB's attempts to modify the plain language of the Jupiter APA by way of declarations unavailing. Therefore, this Court remains satisfied that GBB transferred its rights to pursue the causes of action in the instant suit to Jupiter Wellness by way of the Jupiter APA, and, as such, as a matter of law, GBB no longer had standing to pursue the claims in this suit when

9

FSD filed its Motion for Summary Judgment. Put differently, GBB's claims were moot at that time.[1]

### B. GBB Regained Standing By Way Of The Executed Amendment To The APA.

In its Response to GBB's Supplemental Brief, FSD argues that GBB cannot cure the mootness or its loss of standing through the Boon and Barlow Declarations, nor through the *unexecuted* amendment to the Jupiter APA and indication that GBB's successor *intended* to file a separate lawsuit against FSD. And, for the reasons set forth above, the undersigned agrees.

However, GBB has now submitted the executed version of the Amendment to the Jupiter APA—which it filed after FSD filed its Response. *See* ECF No. 226-2. The Amendment expressly and unambiguously provides that the parties have amended the specific provision of the original APA that applies to the transfer of GBB's rights to pursue the claims in this lawsuit. *Id.* Specifically, Section 2.1 of the Jupiter APA has now been amended to include a subsection (b) which provides for the exclusion of certain assets from the transfer, as follows:

> (iii) seller does not sell, transfer, or assign, and buyer does not receive, possess, or own seller's rights, claims, and causes of action against third parties related to the allegations and causes of action raised in the matter GBB Drink Lab, Inc. vs. FSD Pharma, Inc. and FSD Biosciences, Inc., filed in the Southern District of Florida, Case No. 23-cv-60800, including, but not limited to, sellers' causes

---

[1] "Article III of the Constitution limits the jurisdiction of the courts to actual cases and controversies." *S.D. v. St. Johns Cnty. Sch. Dist.*, 632 F. Supp. 2d 1085, 1099 (M.D. Fla. 2009) (Schlesinger, J.). While standing regards the interests at the time of filing[,] mootness exists through the case's pendency. *Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 187–89 (2000). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit ... deprive the court of the ability to give the plaintiff ... meaningful relief, then the case is moot." *Troiano v. Supervisor of Elections in Palm Beach Cnty.*, 382 F.3d 1276, 1282 (11th Cir. 2004).

of action for breach of contract and trade secret misappropriation, up to and until the effective date of the Asset Purchase Agreement.

[ECF No. 226-2 at 2].

On this record, the executed Amendment is sufficient to restore GBB's standing to proceed. As the parties agree, a case becomes moot only when the plaintiff no longer has a "legally cognizable interest in the outcome." *S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1133–34 (9th Cir. 2004). Although the plaintiff's assignment of the rights and causes of action at issue in a proceeding can render the case defective during that interval, temporary loss of standing can be cured if the rights at issue are reacquired before judgment. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005). Here, the executed Amendment makes clear that GBB again owns the causes of action asserted in this case and therefore retains or has regained a direct stake in the outcome. As such, the controversy between these parties remains live, and effective relief remains available. Accordingly, the Court concludes that GBB has regained standing and that its claims are not moot such that, to the extent based on standing and mootness, FSD's Motion is due to be denied.

### C. Genuine Issues Of Material Fact Preclude Summary Judgment As To The Remaining Issues Raised In The Motion.

In its Motion, FSD also argues that it is entitled to summary judgment because there is no evidence of damages sustained by GBB in connection with the claims asserted in the lawsuit and because there is no evidence that FSD misappropriate confidential information or trade secrets. *See* generally Mot. GBB responds that there is ample evidence of damages and of violations of the NDA and misappropriation in the summary judgment record. As discussed on the record at the Motion Hearing, the undersigned agrees that GBB has come forward with specific evidence directed at the issues raised in FSD's Motion. While FSD

challenges he strength of that evidence, at this stage, when the evidence is viewed in the light most favorable to GBB, the nonmovant, there is sufficient evidence in the summary judgment record that goes directly to the issues of GBB's damages and to whether FSD did misappropriate confidential and/or trade secret information to create genuine issues of material fact such that summary judgment is not appropriate or warranted.

## IV.     CONCLUSION

For the reasons set forth above, this Court finds that GBB has standing to proceed with its claims against FSD and that there are sufficient factual disputes regarding the issues raised in the Motion such that summary judgment is not available or warranted.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that FSD's Motion for Summary Judgment **[ECF Nos. 130 and 139]** is **DENIED**. It is further

**ORDERED AND ADJUDGED** that FSD's Motion to Strike **[ECF No. 227]** is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 24th day of March, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**