**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No. 23-cv-60800-MD

GBB DRINK LAB, INC.,                                    §
                                                        §
              Plaintiff,                                §
      v.                                                §
                                                        §
FSD BIOSCIENCES, INC. and                               §
FSD PHARMA, INC.,                                       §
                                                        §
              Defendants.                               §

_____

### MOTION TO STAY TRIAL DEADLINES

Defendants respectfully request the Court stay the current pending trial deadlines in this matter based on the Parties' Joint Request for Referral to a Magistrate for Mediation. A brief stay allows the parties to focus resources and time on preparation for mediation and conserve resources otherwise spent on trial preparation. Defendants request that the Court stay the current trial deadlines and trial date pending mediation, or that the Court set a reasonable deadline within which to schedule and complete mediation, such as September 15, 2026. This motion is made in good faith as a practical request in light of the current procedural posture of this case (which includes a briefing schedule by the Eleventh Circuit for the pending Petition for Writ of Mandamus) and the request is supported by the law.

### PROCEDURAL BACKGROUND

On May 8, 2026, following a pretrial conference, the Court set this matter for the two-week trial period beginning on July 27, 2026, with a calendar call on July 22, 2026, and pretrial motions due July 1 and jury instructions due on July 15, 2026. D.E. No. 243, 244.

On June 16, 2026, Defendants filed a Notice of Filing a Petition for Writ of Mandamus in the Eleventh Circuit. D.E. No. 246.

1

On June 23, 2026, the Parties filed a joint request with the Court to refer the Parties to a United States Magistrate for the purposes of mediation or a settlement conference to be scheduled within a reasonable amount of time. D.E. No. 248.

On June 26, 2026, the Eleventh Circuit ordered Plaintiff to respond to the petition by Monday, July 13, 2026, and invited the District Court to address the petition by the same deadline. (*See* D. E. 10, Case No. 26-12088 (11th Cir.)).

## LEGAL STANDARD

District courts retain broad discretion in deciding how best to manage the cases before them and to set and enforce scheduling deadlines, and to stay proceedings to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).

A party seeking a stay must show good cause and reasonableness. *Positano Place at Naples IV Condo. Ass'n v. Empire Indem. Ins. Co.*, Case No.: 2:21-cv-186, 2022 U.S. Dist. LEXIS 42863, *8-9 (M.D. Fla. March 10, 2022); *Belloso v. Asplundh Tree Expert Co.*, No. 6:18-cv-460-Orl-40TBS, 2018 U.S. Dist. LEXIS 157936, 2018 WL 4407088, at *4 (M.D. Fla. Sept. 17, 2018).   In deciding whether a stay is suitable, courts examine several factors including "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." *Shire Dev. LLC v. Mylan Pharm. Inc.*, No. 8:12-CV-1190-T-36AEP, 2014 U.S. Dist. LEXIS 199047, 2014 WL 12621213, *1 (M.D. Fla. July 25, 2014) (citation omitted); *See Waterford Condo. Ass'n of Collier Cty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38NPM, 2019 U.S. Dist. LEXIS 138930, 2019 WL 3852731, at *9 (M.D. Fla. Aug. 16, 2019) ("[A] stay would preserve judicial resources because appraisal might resolve the parties' dispute.").

"While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein "resolution of a preliminary motion may dispose of the entire

2

action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) (quoting *Association Fe Y Allegria v. Republic of Ecuador*, 1999 U.S. Dist. LEXIS 4815, 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999)); *see also Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact).

In *Chico v. Dunbar Armored, Inc.*, the Court considered the defendant's request to stay discovery pending the outcome of a settlement conference. The Court noted that in the absence of a dispositive motion, courts have also granted motions to stay in consideration of the following factors: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Chico v. Dunbar Armored, Inc.*, Case Number 17-22701-WILLIAMS, 2017 U.S. Dist. LEXIS 166035, *4–5 (S.D. Fla. Oct. 6, 2017) (citing *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)).

Further, the Court stated that "[o]ne of the circumstances that have sometimes satisfied the aforementioned factors is the possibility of avoiding unnecessary expenses while the parties engage in mediation or settlement discussions that might conserve the parties' resources and promote judicial economy." *Id.* (citing *ArrivalStar, S.A. v. Blue Sky Network, LLC*, 2012 U.S. Dist. LEXIS 22316, 2012 WL 588806, at *2 (N.D. Cal. Feb. 22, 2012) ("The Court concludes that Blue Sky has shown good cause to justify a stay of discovery pending mediation. The Court finds that staying discovery pending mediation will conserve the resources of the parties and will not impose an inequity on any party."); *see also Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances and granting a stay to permit mediation (or to require it) will often be appropriate.").

3

<u>**ARGUMENT IN SUPPORT OF BRIEF STAY OF DEADLINES**</u>

Defendants request that the Court stay the current trial deadlines and trial date pending mediation, or that the Court set a reasonable deadline within which to schedule and complete mediation, such as September 15, 2026, and stay deadlines until a date certain. A brief stay allows the parties to focus resources and time on preparation for mediation and conserve judicial resources, including the time of jurors.

1. <u>**A stay will simplify the issues and streamline the trial.**</u>

A stay that permits robust preparation and participation in a court-ordered mediation/settlement conference may simplify the issues by resolving the case and thereby absolving the need for trial. *See Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2018 U.S. Dist. LEXIS 230831, 2018 WL 3730868, at *6–7 (S.D. Fla. Apr. 27, 2018) (noting that courts have granted motions to stay discovery while parties engage in mediation because doing so might conserve the parties' resources and promote judicial economy).

In *Abouem v. Ally Fin., Inc.*, Case No. 21-cv-04645, 2022 U.S. Dist. LEXIS 119016, *8 (N.D. Ga. March 11, 2022), the Court considered the harm of a stay balanced against "the possibility that the [stay] will eliminate the need for the discovery itself" where the defendant sought a stay pending mediation or ruling on a dispositive motion. Where resolution of the case may result from the mediation or dispositive motion, there is a clear possibility of simplification of the issues in the case. *Id.*; *SP Frederica, LLC v. Glynn Cty.*, No. 2:15-CV-73, 2015 U.S. Dist. LEXIS 119310, 2015 WL 5242830, at *7 (S.D. Ga. Sept. 8, 2015); *Tomco2 Equip. Co. v. Se. Agri-Sys.*, 542 F. Supp. 2d 1303, 1308–10 (N.D. Ga. 2008). In *Abouem*, the court noted that courts within the Eleventh Circuit "routinely" find good cause to stay discovery when there is a pending motion to dismiss; by deduction, there is good cause to stay where the stay may result in the resolution of the case entirely. *Abouem*, 2022 U.S. Dist. LEXIS 119016, at *8. And mediation may help streamline the case for trial as the parties will have spent time preparing for and participating in mediation and crystallized the issues left for the jury to decide.

4

**2.**   **A stay will reduce the burden of litigation on the parties and the court.**

A stay will reduce the burden of litigation on the parties, the court and the community. A jury trial will require members of the community to be subjected to hours of jury selection, and if chosen, a lengthy trial. This risks a disruption to the normal lives of average citizens. This significant harm is more significant than the use of resources during the discovery phase of a case; a jury trial is significantly more of a burden for the Court, the litigants *and the community* than simple discovery obligations or a hearing. A trial is more than "mere litigation expense," a lengthy trial is an imposition on Defendants' fellow citizens, and the Court who will be forced to bear the time and costs of a jury trial.

An unnecessary trial requires the Court to spend time and resources on this matter at the expense of other cases that have stronger justiciable issues and do not have the possible dispositive resolution of a mediation. The Court's time is better served focused on other matters, while these potentially dispositive issues are pending in this case. "District courts have inherent, discretionary authority to issue stays in many circumstances and granting a stay to permit mediation (or to require it) will often be appropriate." *See Advanced Bodycare*, 524 F.3d at 1241; *Berk v. Equifax, Inc.*, No. 1:20-CV-1279-TWT-CCB, 2020 U.S. Dist. LEXIS 255830, 2020 WL 10051499, at *2 (N.D. Ga. Aug. 27, 2020) (noting that a stay was "the best use of resources for all parties given the fact that the pending motion to enforce the settlement agreement, if granted, would entirely resolve the case and eliminate the need for any responsive pleadings or discovery.") (internal quotation marks removed).

Without a stay, Defendants will incur costs and face prejudice—namely a trial (and all of the required preparation). A trial will require significant preparation time by the parties and counsel, and it will require the parties to testify under oath and otherwise subject themselves to

binding statements in a proceeding in which the Court may not even have jurisdiction. *See* Petition for Writ of Mandamus (D.E. 246). In addition, the matter of *Bonk v. FSD Biosciences, et al*, Case No. 26-cv-60412-DAMIAN, is also pending and concerns the exact same fact pattern and allegations. Current counsel for Defendants has not had a prior opportunity to mediate this matter. The mediation may also alleviate the need for a trial and/or resolve the pending *Bonk* matter, thereby conserving the resources of the parties and the Court in not only this case but the parallel case as well

Certainly if a brief stay of discovery is appropriate to allow for mediation, a stay of trial— a more consequential and dispositive part of a case—is also appropriately stayed for mediation. *Chico*, 2017 U.S. Dist. LEXIS 166035, at *9 (citing *Curwen v. Dynan*, 2012 U.S. Dist. LEXIS 51699, 2012 WL 1237643, at *2 (W.D. Wash. Apr. 12, 2012) ("The Court concludes that the Firm has shown good cause to justify a stay of discovery pending mediation. A short stay of discovery pending mediation could conserve the resources of the parties and will not impose an inequity on any party.").

If the Court does not issue a stay, Defendants will be faced with incurring a significant amount of resources and time, possibly unnecessarily. The issue "is not whether Defendant has control of the necessary resources, but whether it should be required to expend those resources at this juncture." *Abouem*, 2022 U.S. Dist. LEXIS 119016, at *10. Here, where the parties both request mediation and have not had an opportunity to engage in a fulsome, court-ordered settlement conference, the expenditure of resources for the dual preparation of trial and mediation is not necessary.

This factor weighs in favor of a stay, with a cabined period of time in which to conduct mediation and reset trial deadlines.

3. **A brief stay will not unduly prejudice the Plaintiff.**

The potential harm to Plaintiff—if any—is minimal. Defendants are seeking a finite period of time for the stay and are suggesting a meaningful participation in mediation. Costs and time spent preparing for and participating in mediation will help the possibility of success of mediation, and if unsuccessful will be useful for preparing for trial. Because the parties will engage in mediation, the Plaintiff will still move their cause forward towards resolution. There is no prejudice to Plaintiff where the parties will continue to engage with each other, and where the stay is not indefinite.

There is little to gain for any of the parties to rush to trial where mediation may permit resolution without the need for parties to testify, spend several days, if not weeks, away from jobs and families, and where there is a dispositive pending procedural question. That use of resources and time is not a justifiable opposition to a finite stay. *See Chico*, 2017 U.S. Dist. LEXIS 166035, at *3 (finding that any prejudice cause by a discovery stay would be significantly reduced by the brevity of the requested stay and the costs and fees the parties could save in the event of settlement).

This factor weighs in favor of a stay, particularly where the Plaintiff's interests are protected by a definite period of time and a referral to mediation.

4. **A stay allows greater clarity regarding the viability and briefing schedule of the pending Petition for Writ of Mandamus.**

In addition, a stay provides the opportunity for appellate litigation to proceed. On June 26, 2026, the Eleventh Circuit ordered the Plaintiffs to respond by July 13, 2026, and invited the District Court to respond if it chooses. (*See* D. E. 10, Case No. 26-12088 (11th Cir.)). This Court could avoid wasting judicial resources on a trial for a dispute that may be resolved either through mediation or a ruling from the Eleventh Circuit. The factors weigh in favor of a brief stay of trial deadlines. Defendants contend that a stay is prudent given the procedural posture but notes that a

Petition for Writ of Mandamus does not deprive the Court of its authority and jurisdiction to address the case. *Marks v. Bank of Am.*, Case No. 24-cv-60543-DAMIAN, 2025 U.S. Dist. LEXIS 68041, *7 (S.D. Fla. Jan. 2, 2025).

## CONCLUSION AND CONFERRAL PER RULE 7.1(a)(3)

This Motion is made in good faith and not for the purposes of delay. The requested relief will not unduly prejudice or burden the Plaintiffs or the Court, and instead permits a conservation of resources, time and costs. It is only the second request from this counsel for the Defendants for a relief of trial deadlines, and the previous request was made jointly. The Petition for Wirt of Mandamus was filed on June 16, 2026, less than ten days ago, and on the same day as the filing of the Petition, Defendants conferred with Plaintiffs regarding the procedural posture of the case, referral to mediation, and a stay. Specifically, Counsel for Defendants conferred with counsel for Plaintiff via telephone and email. Plaintiff joins in the request for a referral to the magistrate for mediation (as evidenced in D.E. No. 248) but objects to a stay of the proceedings. *See Nunez v. United States*, Case No. 17-cr-20440-MARTINEZ, 2018 U.S. Dist. LEXIS 202451, *8 (S.D. Fla. Noc. 27, 2018) (Where Defendant waited over a month to file for a stay after filing a petition for a writ, the Court found the delay in seeking the stay weighed in favor of denying the motion for stay. Here, there is no such delay as Defendants conferred with Plaintiffs regarding a stay on the same day as filing the petition for writ and the basis for the stay is the prospective case-resolution via mediation).

"District courts have unquestionable authority to control their own dockets." *Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (quotation omitted). That "authority includes broad discretion in deciding how best to manage the cases before them." *Id.* This Court has the authority to manage this case, as well as to manage it in conjunction with the pending *Bonk v. FSD Biosciences, et al*, 26-cv-60412-DAMIAN matter. The two matters necessarily impact one another but are on vastly different docket-schedules; this disparity risks irreparable harm to the Defendants and is not in the best interest of the public. Accordingly,

8

Defendants respectfully request that the Court refer the Parties for Mediation and stay the deadlines pending the completion of mediation or a date certain.

June 26, 2026

Respectfully submitted,

*/s/ Lindsey Lazopoulos Friedman*
Lindsey Lazopoulos Friedman
 Lindsey Lazopoulos Friedman (Fla. Bar No. 091792)
 lfriedman@holtzmanvogel.com

HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
2333 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
(305) 379-1601

 Jeffrey S. Beelaert (admitted pro hac vice)
 GIVENS PURSLEY LLP
 601 West Bannock Street
 P.O. Box 2720
 Boise, Idaho 83701-2720
 Office: (208) 388-1200
 jbeelaert@givenspursley.com

 *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2026, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF and has been served via CM/ECF on all counsel of record.

*/s/ Lindsey Lazopoulos Friedman*
Lindsey Lazopoulos Friedman